UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CESAR A. BARTUREN, et al.,
                Plaintiffs,   :   **AFFIDAVIT IN OPPOSITION**

  -against-                            :   07 CV 8127 (Stanton, J.)

WILD EDIBLES, INC., et al.,       :
                Defendants.
-----------------------------------------------------------X

STATE OF NEW YORK}
                      S.S.
COUNTY OF NASSAU}

    Richard Martin, being duly sworn, does hereby depose and say:

**Introduction**

1. I am a named Defendant herein and an officer of Wild Edibles, Inc. ("Wild")

2. I make this affidavit to set forth the various fatal deficiencies (both factual and legal) in the Plaintiffs' application for a preliminary injunction. In summary, neither this motion nor this action should continue in this Court as: (a) the subject motion should be denied as a retaliation claim under the Fair Labor Standards Act ("FLSA") cannot be brought until after a claim has been made to a court or the United States Department of Labor, while the Plaintiffs herein seek to premise their putative FLSA retaliation claim upon a solitary letter[1]; (b) the subject action should be dismissed or stayed, as the NLRB, having already assumed jurisdiction over this dispute, should be permitted to initially resolve the underlying representational issues; (c) the requested interim relief

---

[1] The Plaintiffs herein previously claimed retaliation under the National Labor Relations Act. This claim, as well as Wild's claim of secondary boycott and related coercive action by the International Workers of the World ("IWW") are under investigation by the National Labor Relations Board ("NLRB").

411631-1

is not available as no irreparable harm would be avoided by the requested interim relief; and (d) the only allegations of retaliation asserted by persons with purportedly first hand knowledge are based upon union organizing activity, having virtually nothing to do with the FLSA.

3. Plaintiffs have commenced this action and motion and seek to use this Court in a sanctionable effort to further the union organizing campaign of the IWW and provide unwarranted job security to all Wild employees.

4. This subterfuge is poorly conceived and readily apparent, as set forth in detail below. Even the supporting affidavits, one of which was witnessed by an NLRB Board Agent, reveal their intent to be used as a basis for a claim before the NLRB, not this Court.

**Background**

5   Wild is a purveyor of food products. As stated by Mr. Borges in his affidavit, some of the food products are delivered by a crew of drivers who routinely drive across state lines (probably rendering them exempt from the application of the FLSA).

6   In or about late August of 2007, I became aware of the IWW' organizing campaign. While the presence or absence of a labor union has little bearing upon Wild, I do not believe representation by the IWW is best for Wild's employees. By way of example, Wild will be unable to reward better employees for their merit (as is currently done) and all employees will be compelled to pay dues to the IWW.

411631-1

7      I have not, however, terminated any employees due to either their concerted activity or any particular claim within the organizing campaign. Similarly, I will not tolerate discrimination against any of Wild's employees based upon race, ethnicity, etc.

**The Plaintiffs Herein**

8.      There are 16 named Plaintiffs. Eight remain in Wild's employ. One, Julio Antonio, has never been in Wild's employ. I do not know anyone by this name. One, Raymundo Molina was discharged before I became aware of the IWW, after he was late 20 out of 30 days in one month. Mr. Borges was not fired. He quit. He subsequently sought reinstatement, but I did not see the benefit in hiring him to await his next resignation. One, Julio Cesar Moreno Gonzalez was discharged after he failed to appear for work and failed to advise us he would not be appearing for work (commonly called "no call, no show"). Messrs. Cuyate and Ferrosqullo separated from employment with Wild months or years before any organizing commenced. Finally, Mr. Corona resigned just this past Friday, for no apparent reason.

**Conclusion**

9.      Based upon the above, I respectfully submit that Wild has not retaliated against any employee for either union sympathies or asserting a claim under the FLSA.

10.     Furthermore, I do not believe that this Court's time should be taken every time Wild needs to terminate the employment of someone who is caught stealing from the company (whether time, money or product), fighting with or

411631-1

discriminating against other employees, failing to appear for work, etc. In fact, should such a discharge be necessary, should the employee feel aggrieved, he or she may then commence an action based upon retaliation, one remedy for which may be reinstatement.

11. In sum, the law already prohibits retaliation against someone for the filing of an FLSA claim. Consequently, the requested relief is unwarranted, unnecessary and unlawful.

12. In an abundance of caution, to assure total clarity, no employee of Wild, has been or will be discharged or threatened with discharge due to their union sympathies or participation in the Subject Action.

Wherefore, it is respectfully requested that the Subject Motion be denied in its entirety, the Subject Complaint be dismissed in its entirety, or in the alternative stayed pending the NLRB's determination, and that these Defendants be awarded such other and further relief as this Court deems just and proper.

Richard Martin

Sworn to before me
this 20th day of September, 2007

_____
NOTARY PUBLIC
THOMAS J. BIANCO
Notary Public, State of New York
No. 4894771
Qualified in Queens County
Commission Expires April 20, 2011

Wild/aff.41163

411631-1