UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────X
CESAR A. BARTUREN, JASON BORGES,           :
RAUL LARA MOLINA, RAYMUNDO LARA MOLINA,
MIGUEL EDUARDO TABARA, MARCO ANTONIO       :
CORONA, JUAN CARLOS MOLINA, JULIO CESAR            07-CV-8127 (LLS)
MORENO GONZALEZ, PEDRO HERNANDEZ           :
HERNANDEZ, JULIO ANTONIO, JULIO CARBONEL,
EUSEBIO SANTOS FERROSQULLO, LIMO           :
MARTINEZ, JUAN JOSE PENA FARFAN,
JOSE FERNANDEZ, AND JORGE LEGIS CUYATE     :
CARMONA on behalf of themselves and all
other employees similarly situated as class :
and collective representatives,

                                           :
         Plaintiffs,
                                           :
WILD EDIBLES, INC., 535 THIRD AVENUE
LLC, D/B/A WILD EDIBLES, RICHARD MARTIN,   :
AND JONATHAN MEYER,

                                           :
         Defendants.
                                           :
─────────────────────────────────X


**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO THE REQUEST FOR A PRELIMINARY INJUNCTION AND A
TEMPORARY RESTRAINING ORDER**

September 19, 2007

                             Thomas J. Bianco, Esq.
                             Richard M. Howard, Esq.
                             Carmelo Grimaldi, Esq. (CG4272)
                             Meltzer, Lippe, Goldstein & Breitstone, LLP
                             190 Willis Avenue
                             Mineola, NY  11501
                             (516) 747-0300

411761-1


## TABLE OF CONTENTS

|   | PAGE NO. |
|---|---|
| **TABLE OF AUTHORITIES**............................................. | ii |
| **PRELIMINARY STATEMENT**.............................. | 1 |
| **POINT I** | |
| **AS PLAINTIFFS PREVIOUSLY FAILED TO FILE A FORMAL FLSA COMPLAINT WITH THE USDOL AND/OR A COURT, THEIR RETALIATION CLAIM MUST BE DISMISSED**................... | 3 |
| **POINT II** | |
| **PLAINTIFFS HAVE FAILED TO SATISFY THE REQUISTE CRITERIA FOR THE ISSUANCE OF A PRELIMINARY INJUCTION UNDER ANY CIRCUMSTANCES**................... | 7 |
| **POINT III** | |
| **THIS ACTION SHOULD BE STAYED GIVEN THAT PLAINTIFFS' DISPUTE WITH DEFENDANT PRIMARILY INVOLVES ALLEGED CONCERTED ACTIVITY ON BEHALF OF A UNION WHICH FALLS WITHIN THE NLRB'S PRIMARY JURISDICTION**................. | 9 |
| **CONCLUSION**.................................................... | 12 |

## TABLE OF AUTHORITIES

| | PAGE NO. |
|---|---|
| Am. Postal Workers Union v. U.S. Postal Serv., 766 F.2d 715, 722 (2d Cir.1985) | 7 |
| Aneja v. Triborough Bridge & Tunnel Auth., 35 Fed.Appx. 19 (2d Cir.2002) | 5 |
| Bennett v. Lucier, 2007 WL 1989624, *1-2 (2d Cir. 2007) | 7,8 |
| Brock v. Casey Truck Sales, Inc. 839 F.2d 872 (2d Cir.1988) | 3 |
| Caci v. Wiz of Lake Grove, Inc. 267 F.Supp.2d 297 (E.D.N.Y. 2003) | 5 |
| Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc., 690 F. 2d 489 (5th Cir. 1983) | 10 |
| Cruz v. Coach, 202 F.3d 560 (2d Cir.2000) | 4 |
| Hotel & Restaurant Employees Union Local 217 v. J.P. Morgan Hotel, 996 F.2d 561 (2d Cir. 1993) | 11 |
| Johnson v.. Palma, 931 F.2d 203, 207 (2d Cir.1991) | 4 |
| Kelly v. City of Mount Vernon, 344 F.Supp.2d 395, (S.D.N.Y. 2004) | 5 |
| Lai v. Eastpoint Intern., Inc. 2000 WL 1234595, *5 (S.D.N.Y. 2000) | 3 |
| Lambert v. Genesee Hosp., 10 F.3d 46, 55 (2d Cir.1993), *cert. denied*, 511 U.S. 1052 (1994) | 4 |
| LaRouche v. Kezer, 20 F.3d 68   (2d Cir.1994) | 7 |

**PAGE NO.**

Local 812 GIPA v. Canada Dry Bottling Co. of New York,
23 EBC (BNA) 1130, 1999 WL 301692 (S.D.N.Y.) . . . . . . . . . . . . . . .   10

Manoharan v. Columbia Univ. College of Physicians and Surgeons,
842 F.2d 590 (2d Cir.1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

Mason Tenders District Council Welfare Fund v. ITRI Brick and Concrete Corp.,
1997 WL 678164 (S.D.N.Y.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

McDonnell Douglas Corp. v. Green,
411 U.S. 792, 802 (1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3,6

Messinger v. Building Contractors Association, Inc.,
703 F.Supp. 320, 323 (S.D.N.Y. 1989) . . . . . . . . . . . . . . . . . . . . . .   11

Moore v. Consol. Edison Co. of New York, Inc.,
409 F.3d 506, 510 (2d Cir.2005) . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

National Communications Association, Inc. v. American Telephone
and Telegraph Company,
46 F.3d 220 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

Rao v. New York Health and Hospitals Corp.,
1990 WL 201662, 1990 U.S.Dist. LEXIS 16455
(S.D.N.Y. Dec. 6, 1990) (Leval, J.),*motion for
reargument denied,* 1991 WL 64455, 1991 U.S.Dist.
LEXIS 4865 (S.D.N.Y. April 12, 1991) . . . . . . . . . . . . . . . . . . . . . . .   8

Reeves v. Sanderson Plumbing Prods., Inc.,
120 S.Ct. 2097 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

Savage v. Gorski,
850 F.2d 64, 68 (2d Cir.1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

Shah v. Wilco Sys., Inc.,
126 F.Supp.2d 641 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . .   4

Thomas v. S.E.A.L. Security, Inc.
2007 WL 2446264, (S.D.N.Y.) (S.D.N.Y. August 30, 2007) . . . . . . . . . .   5

Weinstock v.. Columbia Univ.
2000 WL 1200161 (2d Cir. 2000. . . . . . . . . . . . . . . . . . . . . . . . . .   4

## **PRELIMINARY STATEMENT**

The Subject Action and Motion are blatant subterfuges, part and parcel to the union organizing campaign of the International Workers of the World ("IWW"). Plaintiffs' assertion that they were unlawfully retaliated and thus, entitled to injunctive relief is both factually and legally meritless. The Subject Action should be stayed or dismissed and the Subject Motion denied in its entirety, as: a) a retaliation claim under the Fair Labor Standards Act ("FLSA") cannot be brought until after a claim has been made to a court or the United States Department of Labor, while the Plaintiffs herein seek to premise their putative FLSA retaliation claim upon a solitary letter; (b) the National Labor Relations Board ("NLRB"), having already assumed jurisdiction over this dispute, should be permitted to initially resolve the underlying representational issues; (c) the requested interim relief is not available as no irreparable harm would be avoided by the requested interim relief; and (d) the only allegations of retaliation asserted by persons with purportedly first hand knowledge are based upon union organizing activity, having virtually nothing to do with the FLSA. Perhaps more importantly, as set forth in the opposing Affidavit of Richard Martin, no employee of Wild Edibles, Inc. ("Wild") has been discharged or threatened with discharge based upon either union sympathies or involvement in the Subject Action.

Initially, it should be noted that Plaintiffs have failed to secure a bond as provided for in the Court's endorsed "Order To Show Cause And Temporary Restraining Order" and Plaintiff's counsel has advised us that it does not intend to secure such a bond. Consequently, no temporary restraining order is in effect, yet no employee discharges have occurred.

Second, Plaintiff's Motion is replete with factual errors regarding Wild's treatment of its employees. Wild has not retaliated against its personnel in violation of the federal Fair Labor

Standards Act ("FLSA"), New York State Labor Law ("NYSLL") Section 215 or any other statute. Furthermore, Plaintiffs' FLSA retaliation claim is wholly improper given that neither Plaintiffs nor their attorney ever informed Wild that they had previously filed a FLSA claim with any court or with the United States Department of Labor ("USDOL") i.e., the federal agency mandated to investigate and pursue FLSA claims. This is a fatal flaw to Plaintiffs' retaliation claim and its specious attempt to secure injunctive relief in this Court.

Plaintiffs herein seek to premise their putative FLSA retaliation claim upon a solitary letter from their attorney to Richard Martin of Wild.[1]/ Under longstanding Second Circuit precedent discussed below, such a letter is insufficient to establish a FLSA retaliation claim.

Additionally, Wild was previously falsely "charged" with retaliating against a number of its employees in violation of the National Labor Relations Act (not the FLSA). This claim, as well as Wild's claim of secondary boycott and related coercive action by the IWW, is under investigation by the NLRB. Accordingly, this action should be dismissed or stayed as the NLRB, having already assumed jurisdiction over this dispute, should be permitted to initially resolve the underlying representational issues.

Further, the requested interim relief is not available as no irreparable harm would be avoided by the requested interim relief; and the only allegations of retaliation asserted by persons with purportedly first hand knowledge are based upon union organizing activity, having virtually nothing to do with the FLSA.

Thus, for the reasons set forth below, the Defendants urge the Court to dismiss or stay this action and deny Plaintiffs' Motion in its entirety.

---

1/   See Exhibit 1 of Plaintiff's Motion.

411761-1                                                                      2

## POINT I

## AS PLAINTIFFS PREVIOUSLY FAILED TO FILE A FORMAL FLSA COMPLAINT WITH THE USDOL AND/OR A COURT, THEIR RETALIATION CLAIM MUST BE DISMISSED

Section 215(a)(3) of the FLSA prohibits "any person" from discharging or in any other manner discriminating against "any employee" who files a complaint or institutes a proceeding under or related to the FLSA. 29 U.S.C. Section 215(a)(3). Similarly, NYLL Section 215 provides, in pertinent part that "no employer ... shall discharge, penalize, or in any other manner discriminate against any employee because such employee has caused to be instituted a proceeding under [its provisions]. ".

There is no substantive difference between the FLSA and the NYLL retaliation provisions. *See e.g.*, Lai v. Eastpoint Intern., Inc. 2000 WL 1234595, *5 (S.D.N.Y. 2000). Utilizing the same type of analysis under both statutes for this action, Plaintiffs' retaliation claim must be dismissed (and thus, can not form the basis of any injunctive relief.) Plaintiffs' have failed to satisfy several critical elements for a cognizable retaliation claim including their undisputed failure to have first "instituted a proceeding" under either 29 U.S.C. Section 215(a)(3) or NYLL Section 215 prior to the filing of this action.

Courts analyzing retaliation claims under the FLSA apply the three-step burden-shifting framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1972). *See* Brock v. Casey Truck Sales, Inc., 839 F.2d 872, 876 (2d Cir.1988). Therefore, a plaintiff alleging retaliation under these statutes must first establish a prima facie case of retaliation by showing (1) participation in protected activity known to the defendant; (2) an employment action

411761-1                                    3

disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action. *See* Cruz v. Coach, 202 F.3d 560, 566 (2d Cir.2000). "The term 'protected activity' refers to action taken to protest or oppose statutorily prohibited discrimination." *Id*. A causal connection may be established either "indirectly by showing that the protected activity was closely followed in time by the adverse action," Manoharan v. Columbia Univ. College of Physicians and Surgeons, 842 F.2d 590, 593 (2d Cir.1988), or " 'through other evidence such as disparate treatment of fellow employees who engaged in similar conduct, or directly through evidence of retaliatory animus directed against a plaintiff by the defendant," Johnson v.. Palma, 931 F.2d 203, 207 (2d Cir.1991).

After the plaintiff makes out a *prima facie* case, the burden shifts to the defendant to articulate a "legitimate, non-discriminatory reason for the employment action." Weinstock v.. Columbia Univ. ,___F.3d___ , 2000 WL 1200161 (2d Cir. 2000). If the defendant meets this burden, the plaintiff must produce evidence that the reasons the defendant advanced were pretextual; more specifically, the plaintiff must produce "sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by the defendant were false, and that more likely than not discrimination was the real reason for the employment action." Weinstock, ___F.3d at___, 2000 WL 1200161 (quotation omitted); *see also* Reeves v. Sanderson Plumbing Prods., Inc., 120 S.Ct. 2097, 2106 (2000).

The FLSA "limits the cause of action to retaliation for filing formal complaints, instituting a proceeding, or testifying, but does not encompass complaints made to a supervisor." Lambert v. Genesee Hosp., 10 F.3d 46, 55 (2d Cir.1993), *cert. denied,* 511 U.S. 1052 (1994); *accord* Shah v. Wilco Sys., Inc., 126 F.Supp.2d 641, 651-52 (S.D.N.Y.2000) ( "employment decisions taken in response to complaints to a supervisor, or discussions with co-workers, are not

411761-1                                    4

actionable under the FLSA") Because there is no evidence that Plaintiffs and/or their attorney filed a formal complaint for violations of the FLSA before the filing of this action, the retaliation claims fail as a matter of law. *See*, Thomas v. S.E.A.L. Security, Inc. 2007 WL 2446264, *15 (S.D.N.Y.) (S.D.N.Y. August 30, 2007) and Aneja v. Triborough Bridge & Tunnel Auth., 35 Fed.Appx. 19, 22 (2d Cir.2002). In Kelly v. City of Mount Vernon, 344 F.Supp.2d 395, 405-406 (S.D.N.Y. 2004) this Court considered a similar retaliation case and held, in pertinent part:

> "Plaintiff never filed a formal complaint for violations of the FLSA; neither did he attempt to institute a formal proceeding to recover this back overtime until he filed the instant lawsuit (which was after all the retaliatory acts alleged at ¶¶ 20 to 24 of the complaint were committed). Therefore, he cannot recover for FLSA retaliation. In any event, I am hard-pressed to see that Plaintiff was doing anything other than attempting to manufacture a retaliation claim by asserting a facially-time barred claim for overtime wages. Such behavior should not be rewarded.

Here, no formal FLSA USDOL or Court complaint exists. Thus, there can be no viable FLSA retaliation claim. Similarly Plaintiffs' NYLL Section 215 retaliation claims should also be dismissed for the same reason.[2]/ *See* Caci v. Wiz of Lake Grove, Inc. 267 F.Supp.2d 297, (E.D.N.Y. 2003) wherein the District Court stated, in pertinent part:

> Pursuant to *Lambert,* Caci's purported complaints to Hewitt and Scaffidi are insufficient to support a claim under the FLSA. *See id.* Moreover, given the Second Circuit's construction of the statute, it appears that Caci's purported informal contact to the "state labor board" does not constitute protected activity under the FLSA. *See id.; see also Lamont v. Frank Soup Bowl, Inc., 2001 WL 521815, at *6 (S.D.N.Y. May 16, 2001).* Accordingly, this claim must be dismissed.

---

[2]/    Any attempt by Plaintiffs to distinguish their NYLL Section 215 retaliation claims vis-à-vis their FLSA retaliation claims given that Plaintiffs' attorney allegedly complained to the New York State Attorney General about Wild's alleged New York State Labor Law violations is utterly ridiculous. Such a letter was served immediately prior to the filing of this lawsuit and thus, can not form the basis of a retaliation claim. Moreover, given that all alleged retaliatory acts occurred before the filing of the letter with the Attorney General, it is impossible for Wild to have retaliated against the Plaintiffs.

411761-1                                                    5

Even if, Plaintiffs alleged verbal complaints to management about overtime (see e.g., paragraph 46 of the Complaint) – prior to the filing of the instant action - was sufficient to trigger the FLSA and NYLL retaliation statutes, such claims still do not satisfy the framework established by McDonnell, *supra*. Plaintiffs have not established a *prima facie* case of retaliation because they have failed to show: (1) participation in a FLSA protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action. In particular, Plaintiffs unsubstantiated conjecture that the discharge of several individuals somehow had anything to do with the alleged non-payment of overtime is absurd. This is especially true given that the gravaman of Plaintiffs dispute with Wild concerns its decision not to voluntarily and unlawfully recognize the IWW.[3] Stated another way, it is evident that the only alleged protected activity that is apparent is the concerted activity of Plaintiffs under the National Labor Relations Act ("NLRA") (not the FLSA and NYLL). Defendant equally denies that Plaintiffs were discriminated against under the NLRA and in any event, such claims are being handled by the NLRB.

For the all the foregoing reasons, no injunctive relief should be awarded to Plaintiffs with respect to their FLSA and NYLL Section 215 retaliation claims. In fact, given the absence of a formal USDOL and/or Court complaint, the retaliation claims should be dismissed in their entirety.

---

3/   While the IWW organizer asserts that he asked Mr. Martin if he would negotiate with him, he fails to recognize that no such negotiation could lawfully occur until a majority of the employees of Wild evidenced their desire to be represented by the IWW. No presentation of authorization cards, no petition and no election occurred and Plaintiffs do not allege otherwise.

## POINT II

### PLAINTIFFS HAVE FAILED TO SATISFY THE REQUISTE CRITERIA FOR THE ISSUANCE OF A PRELIMINARY INJUCTION UNDER ANY CIRCUMSTANCES

Assuming *arguendo*, Plaintiffs have satisfied the prerequisites of the FLSA and NYLL with respect to their retaliation claims, injunctive relief in this action is still, nonetheless not warranted. To obtain either a preliminary injunction or an injunction pending appeal, a party must show that he will suffer irreparable harm absent injunctive relief. *See* Moore v. Consol. Edison Co. of New York, Inc., 409 F.3d 506, 510 (2d Cir.2005) (providing standard for preliminary injunction); LaRouche v. Kezer, 20 F.3d 68, 72 (2d Cir.1994) (same for injunction pending appeal). In Bennett v. Lucier, 2007 WL 1989624, *1 -2 (2d Cir. 2007) (Copy enclosed herewith), the Second Circuit rejected plaintiffs attempt to enjoin discharges by an employer. In particular, the Court stated, in pertinent part:

> "Bennett claims that his retaliatory discharge will chill the speech of other TAs on union matters. A retaliatory discharge carries with it the distinct risk that other employees may be deterred from protecting their rights ... or from providing testimony for the plaintiff in [his] effort to protect [his] own rights. These risks *may* be found to constitute irreparable injury. *Holt v. Continental Group, Inc.*, 708 F.2d 87, 91 (2d Cir.1983) (emphasis added). But we have rejected the idea that there is irreparable injury sufficient to warrant a preliminary injunction in every retaliation case." *Id.* Rather, to obtain injunctive relief Bennett must show some evidence of actual chill that would be cured by the requested injunction. *Moore*, 409 F.3d at 512. This he has failed to do. . . . I n any event, on the present record, "we fail to understand how a chilling of the right to speak or associate could logically be thawed by the entry of an interim injunction, since the theoretical chilling of protected speech and union activities stems not from the interim discharge, but from the threat of permanent discharge, which is not vitiated by an interim injunction." *Am. Postal Workers Union v. U.S. Postal Serv.*, 766 F.2d 715, 722 (2d Cir.1985); *accord Savage v. Gorski*, 850 F.2d 64, 68 (2d Cir.1988); *see also Moore*, 409 F.3d

> at 512 n. 6 (reconciling *American Postal Workers* with the case-by-case approach adopted in *Holt* ) (internal quotes omitted)"

*See Also, Shady v. Tyson* 5 F.Supp.2d 102, *107 -108 (E.D.N.Y.,1998); *Savage v. Gorski,* 850 F.2d 64 (2d Cir.1988); *Rao v. New York Health and Hospitals Corp.,* 1990 WL 201662, 1990 U.S.Dist. LEXIS 16455 (S.D.N.Y. Dec. 6, 1990) (Leval, J.), *motion for reargument denied,* 1991 WL 64455, 1991 U.S.Dist. LEXIS 4865 (S.D.N.Y. April 12, 1991).

In the case at bar, Plaintiffs have provided nothing to suggest that they will suffer irreparable harm if their request for injunctive relief is not granted in this action. Simply stated, if an employee is unlawfully discharged, a Court can award both reinstatement and damages. Such potential relief is sufficient and nothing will be gained by the issuance of an injunction for the reasons cited above and in <u>Bennett</u>, *supra*.

Furthermore, assuming *arguendo*, this Court dismisses (or stays) this action because of the NLRB's jurisdiction over these claims, Plaintiffs will have ample protection under the NLRA. For example, if the NLRB concludes that Defendant violated the NLRA vis-à-vis the Plaintiffs, it can seek reinstatement and back pay for any employee who was unlawfully discharged.[4] Also, injunctive relief – where appropriate - is also provided for in the NLRA. Respectfully, the foregoing compels the denial of Plaintiffs' Motion for injunctive relief.

---

[4] As stated above, Defendant denies that it violated the NLRA with respect to the Plaintiffs and other personnel.

## POINT III

### THIS ACTION SHOULD BE STAYED GIVEN THAT PLAINTIFFS' DISPUTE WITH DEFENDANT PRIMARILY INVOLVES ALLEGED CONCERTED ACTIVITY ON BEHALF OF A UNION WHICH FALLS WITHIN THE NLRB'S PRIMARY JURISDICTION

As stated above, the Plaintiffs and their attorney are deeply involved with a charge of discrimination/retaliation filed with the NLRB. They have furnished supporting affidavits and other evidence. Moreover, representatives of a union (i.e., the IWW) have fully participated in Plaintiffs efforts to remedy these alleged violations of the NLRA including the seeking of reinstatement, back wages, back benefits, etc. Defendant however flatly denies that it violated the NLRA. In any event, it is obvious that the primary dispute between Plaintiffs and Defendant revolves around the NLRA, not the FLSA or the NYLL. As the NLRB has primary jurisdiction in determining the issue of whether Defendant unlawfully discriminated against (and/or retaliated against) its employees, the instant action should be dismissed (or stayed) pending the final resolution by the NLRB, *Trustees of Eastern States Health and Welfare Fund v. Crystal Art Corp.*, 2000 WL 1514593 (S.D.N.Y.)

Although no fixed formula has been established for determining whether an agency has primary jurisdiction over a dispute, four (4) factors have generally been the focus of such an analysis, National Communications Association, Inc. v. American Telephone and Telegraph Company, 46 F.3d 220 (2d Cir. 1995). The four (4) factors considered in determining whether an administrative agency has primary jurisdiction over a specific issue are:

(1) whether the question at issue is within the conventional experience of judges or whether it involves technical or policy considerations within the agency's particular field of expertise;

(2) whether the question at issue is particularly within the agency's discretion;

411761-1                                    9

>   (3)   whether there exists a substantial danger of inconsistent rulings; and
>
>   (4)   whether a prior application to the agency has been made.

In applying these factors to the instant matter, the NLRB must be permitted to exercise its primary jurisdiction.

In this action, and the unfair labor practice charge (previously filed with the NLRB), it is evident that Plaintiffs are seeking to protect their concerted activities and to obtain recognition for their union (i.e., IWW). They are also complaining that certain particular Plaintiffs were allegedly harmed by Defendant for engaging protected activities. This issue falls squarely within the NLRB's jurisdiction and its particular field of expertise. Consequently, the first and second factors in National are satisfied.

In addition, as these same issues are now simultaneously pending before this Court and the NLRB, the adjudication of these questions by the Court. Simultaneous proceedings pending in different forums, all addressing the issue of retaliation, present a substantial danger which can only be avoided by dismissing or alternatively, staying this action until the NLRB has issued its ruling. Therefore, the third National factor is satisfied.

As is set forth in Plaintiffs' Motion, the NLRB has received – and is investigating Plaintiffs' unfair labor practice charge. Consequently, the NLRB is familiar with the parties and issues involved in this matter and should be afforded primary jurisdiction. The Plaintiffs involvement with the NLRB satisfies the fourth prong set forth in National.

In Local 812 GIPA v. Canada Dry Bottling Co. of New York, 23 Employee Benefits Cas. 1130, 1999 WL 301692 (S.D.N.Y.) the Court noted that the filing with the NLRB distinguished Local 812 GIPA from Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc., 690 F. 2d 489 (5th Cir. 1983) and Mason Tenders District Council Welfare Fund v. ITRI Brick and Concrete

Corp., 1997 WL 678164 (S.D.N.Y.) bringing this matter within the dicta of those two (2) decisions, each of which opined that had their matters been presented to the NLRB, the wisest course would have been to stay the action pending resolution at the NLRB. See also, Hotel & Restaurant Employees Union Local 217 v. J.P. Morgan Hotel, 996 F.2d 561, 565 (2d Cir. 1993) and Messinger v. Building Contractors Association, Inc., 703 F.Supp. 320, 323 (S.D.N.Y. 1989), wherein Judge Mukasey stayed proceedings pending resolution at the NLRB and stated:

> Allowing this lawsuit to proceed would duplicate effort and waste judicial resources, especially since any NLRB decision will have preclusive effect here.

Here, allowing this action to proceed would provide the identical duplicate effort and waste of resources. Here, the NLRB decision will have the same preclusive effect. It is unwise to proceed with this action only to have it referred to the NLRB at a later date after expensive and time consuming litigation in multiple forums. Therefore, the matter should be stayed pending final resolution by the NLRB.

411761-1                                11

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Request for a Preliminary Injunction and a Temporary Restraining Order in its entirety. Defendants further respectfully request that this action be dismissed and/or stayed given the National Labor Relations Board's primary jurisdiction in this action.

                                                Carmelo Grimaldi
                                                Meltzer, Lippe, Goldstein & Breitstone, LLP
                                                Attorneys for Defendants
                                                190 Willis Avenue
                                                Mineola, NY  11501
                                                (516) 747-0300

Dated:       Mineola, New York
               September 19, 2007

Westlaw.

Slip Copy                                                                                                          Page 2
Slip Copy, 2007 WL 1989624 (C.A.2 (N.Y.))

(Cite as: Slip Copy)

**Bennett v. Lucier**
C.A.2 (N.Y.),2007.
Only the Westlaw citation is currently available.This case was not selected for publication in the Federal Reporter.Not for Publication in West's Federal Reporter RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: " (SUMMARY ORDER)" , UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.Summary orders prior to January 1, 2007 are subject to additional limitations. See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Second Circuit Rule U.S.Ct. of App. 2nd Cir. s 0.23, 28 U.S.C.A. (Find CTA2 Rule 0.23)
United States Court of Appeals,Second Circuit.
Joseph F. BENNETT, Plaintiff-Appellant-Movant,
v.
Sheelah LUCIER, Virginia McQuade, Randy Ehrenberg and the Board of Education of the North Colonie Central School District, Defendants-Appellees-Respondents.
No. 07-1568-CV.

July 5, 2007.

Appeal from the United States District Court for the Northern District of New York (Sharpe, J.).

Thomas Marcelle (Phillip G. Steck, Cooper Erving & Savage LLP, on the brief), Albany, NY, for Appellant.
John F. Moore, Ryan & Smallacombe, PLLC, Albany, NY, for Appellees.

Present DENNIS JACOBS, Chief Judge, RICHARD C. WESLEY, JOHN R. GIBSON,[FN*] Circuit Judges.

> FN* The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

*1 UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be **AFFIRMED** and that plaintiff-appellant's motion for an injunction pending appeal be **DENIED.**

Plaintiff-appellant Joseph Bennett [i] appeals from an order of the United States District Court for the Northern District of New York (Sharpe, J.) denying his motion for preliminary injunctive relief, and [ii] moves in this Court for injunctive relief pending appeal. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Bennett worked at North Colonie Central School (" School" ) as the lacrosse coach and a teacher's aide (" TA" ), and was president of the School TA union. In November 2006, when the School initiated disciplinary proceedings against another TA (Peter Vottis), Bennett (as union president) solicited support and called a parent to investigate the charges. Two months later Bennett himself was charged with a variety of disciplinary infractions, charges he contends are retaliation for his union activity in the Vottis matter. Bennett was dismissed as coach, and is on paid leave from his position as a TA.

In the action still pending before the district court Bennett seeks damages; in his motions for injunctive relief (both in this Court and the district court) he seeks reinstatement as a TA and lacrosse coach. The

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

School concedes (for present purposes) that Bennett's union-related advocacy was protected speech and that his punishment constituted an adverse employment action.

To obtain either a preliminary injunction or an injunction pending appeal, a party must show that he will suffer irreparable harm absent injunctive relief. See *Moore v. Consol. Edison Co. of New York, Inc.,* 409 F.3d 506, 510 (2d Cir.2005) (providing standard for preliminary injunction); *LaRouche v. Kezer,* 20 F.3d 68, 72 (2d Cir.1994) (same for injunction pending appeal). We review a district court's denial of a preliminary injunction for abuse of discretion. *Moore,* 409 F.3d at 511. " The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373 (1976). However, " we have not consistently presumed irreparable harm in cases involving allegations of the abridgement of First Amendment rights." *Bronx Household of Faith v. Bd. of Educ.,* 331 F.3d 342, 349 (2d Cir.2003). Where, as here, " a plaintiff alleges injury from [an action] that may only *potentially* affect speech, the plaintiff must establish a causal link between the injunction sought and the alleged injury, that is, the plaintiff must demonstrate that the injunction will prevent the feared deprivation of free speech rights ." *Id.* at 350 (emphasis added).

Bennett claims that his retaliatory discharge will chill the speech of other TAs on union matters. " A retaliatory discharge carries with it the distinct risk that other employees may be deterred from protecting their rights ... or from providing testimony for the plaintiff in [his] effort to protect [his] own rights. These risks *may* be found to constitute irreparable injury." *Holt v. Continental Group, Inc.,* 708 F.2d 87, 91 (2d Cir.1983) (emphasis added). But we have rejected the idea that " there is irreparable injury sufficient to warrant a preliminary injunction in every retaliation case." *Id.* Rather, to obtain injunctive relief Bennett must show some evidence of actual chill that would be cured by the requested injunction. *Moore,* 409 F.3d at 512. This he has failed to do.

*2 Bennett offers the following evidence of chill:
[i] School officials attempted to dissuade a fellow TA from testifying at Bennett's hearing, though she testified nevertheless.
[ii] The School's attorney called the father of a lacrosse player and " questioned [his] decision to get involved in the matter ."
[iii] The School contacted the supervisor of an outside contractor to complain about the contractor's involvement in the Vottis matter. The School's complaint resulted in the contractor being " reprimanded" by her employer.

These allegations are insufficient to establish a connection between the alleged chill and the injunctive relief that Bennett seeks. The fellow TA testified at Bennett's hearing in spite of Bennett's suspension, which refutes Bennett's claim that her speech has been chilled. Neither the parent nor the outside contractor is employed by the School, so neither can be chilled to silence by the threat of suspension, and Bennett's reinstatement would have no effect on them or what they have to say.

In any event, on the present record, " we fail to understand how a chilling of the right to speak or associate could logically be thawed by the entry of an interim injunction, since the theoretical chilling of protected speech and union activities stems not from the interim discharge, but from the threat of permanent discharge, which is not vitiated by an interim injunction." *Am. Postal Workers Union v. U.S. Postal Serv.,* 766 F.2d 715, 722 (2d Cir.1985); *accord Savage v. Gorski,* 850 F.2d 64, 68 (2d Cir.1988); *see also Moore,* 409 F.3d at 512 n. 6 (reconciling *American Postal Workers* with the case-by-case approach adopted in *Holt* ).

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED** and the motion for an injunction pending appeal is hereby **DENIED**.

C.A.2 (N.Y.),2007.
Bennett v. Lucier
Slip Copy, 2007 WL 1989624 (C.A.2 (N.Y.))

END OF DOCUMENT