UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CESAR BARTUREN, et al.,
              Plaintiffs,            **ANSWER**
                                          **Docket No. 07 CV 8127**
      -against-                          (Stanton, J.)

WILD EDIBLES, INC., et al.,
              Defendants.
-------------------------------------------------------X

        The Defendants, by their attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP, as and for their Answer in this action, set forth the following:

1. Neither admit nor deny the allegations of Paragraph 1 of the Subject Complaint, as they are not allegations of fact, but rather constitute a legal conclusion.

2. Neither admit nor deny the allegations of Paragraph 2 of the Subject Complaint, as they are not allegations of fact, but rather constitute a prayer for relief.

3. Deny the allegations of Paragraph 3 of the Subject Complaint

4. Neither admit nor deny the allegations of Paragraphs 4 and 5 of the Subject Complaint, as they are not allegations of fact, but rather constitute a legal conclusion.

5. Deny the allegations of Paragraph 6 of the Subject Complaint.

6. Admit the allegations of Paragraph 7 of the Subject Complaint.

7. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Subject Complaint.

8. Neither admit nor deny the allegations of Paragraph 9 of the Subject Complaint, as they are not allegations of fact, but rather constitute a legal conclusion.

9. With respect to the allegations of Paragraphs 10 and 11, of the Subject Complaint, Defendants neither admit nor deny said allegations and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

10. Neither admit nor deny the allegations of Paragraph 12 of the Subject Complaint, as they are not allegations of fact, but rather constitute a prayer for relief.

11. Deny the allegations of Paragraph 13 of the Subject Complaint, except to admit that Wild Edibles, Inc. operates a warehouse at 21-52 Borden Avenue, Long Island City, New York.

12. Admit the allegations of Paragraph 14 of the Subject Complaint.

13. Deny the allegations of Paragraph 15 of the Subject Complaint, except to admit that Richard Martin is the Chief Executive Officer of Wild Edibles, Inc. and has the powers and duties of a person typically holding said position.

14. Deny the allegations of Paragraph 16 of the Subject Complaint.

15. Neither admit nor deny the allegations of Paragraph 17 of the Subject Complaint, as they are not allegations of fact, but rather constitute a definitional phrase.

16. Deny the allegations of Paragraph 18 of the Subject Complaint, except to admit that Wild Edibles, Inc. reaches annual gross sales in excess of $500,000.00

17. Neither admit nor deny the allegations of Paragraph 19 of the Subject Complaint, as they are not allegations of fact, but rather constitute a legal conclusion.

18. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Subject Complaint.

19. Neither admit nor deny the allegations of Paragraphs 21 and 22 of the Subject Complaint, as they are not allegations of fact, but rather constitute prayers for relief.

20. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Subject Complaint.

21. Deny the allegations of Paragraph 24 of the Subject Complaint.

22. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 25 – 27 of the Subject Complaint.

23. Deny the allegations of Paragraphs 28 - 30 of the Subject Complaint.

24. Neither admit nor deny the allegations of Paragraphs 31 and 32 of the Subject Complaint, as they are not allegations of fact, but rather constitute prayers for relief.

25. With respect to the allegations of Paragraph 33, of the Subject Complaint, Defendants Neither admit nor deny said allegations and instead respectfully

refer the Court to the document(s) in question (i.e., payroll records), the terms of which speak for themselves.

26. Deny the allegations of Paragraphs 34 - 41 of the Subject Complaint.

27. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Subject Complaint.

28. Deny the allegations of Paragraphs 43 - 49 of the Subject Complaint.

29. With respect to the allegations of Paragraphs 50, 62, 68, 70 and 78 of the Subject Complaint, Defendants repeat and reallege each and every response set forth herein to each paragraph set forth therein as though now set forth and repeated at length.

30. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Subject Complaint.

31. Neither admit nor deny the allegations of Paragraphs 52 - 54 of the Subject Complaint, as they are not allegations of fact, but rather constitute a legal conclusion.

32. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 55 and 56 of the Subject Complaint.

33. Deny the allegations of Paragraphs 57 - 61 of the Subject Complaint.

34. Neither admit nor deny the allegations of Paragraphs 63 and 64 of the Subject Complaint, as they are not allegations of fact, but rather constitute a legal conclusion.

35. Deny the allegations of Paragraph 65 of the Subject Complaint.

36. Neither admit nor deny the allegations of Paragraph 66 of the Subject Complaint, as they are not allegations of fact, but rather constitute a legal conclusion.

37. Deny the allegations of Paragraph 67 of the Subject Complaint.

38. Deny the allegations of Paragraph 69 of the Subject Complaint.

39. Deny the allegations of Paragraphs 71 – 77 of the Subject Complaint.

40. Deny the allegations of Paragraph 79 – 81 of the Subject Complaint.

41. Neither admit nor deny the allegations of Paragraph 82 of the Subject Complaint, as they are not allegations of fact, but rather constitute a prayer for relief.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

42. Class Action status is not available where a claim for liquidated damages is made under the New York Labor Law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

43. Various Plaintiffs qualified for Motor Carrier, Administrative and Executive exemptions.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

44. Payment.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

45. Some or all of the claims made in the subject Complaint fail to set forth a claim for which relief may be granted.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

46. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

47. Plaintiffs and the putative class members are not similarly situated and, as such, should not be part of a collective action under the Fair Labor Standards Act ("FLSA") or a Class Action.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

48. As Plaintiffs are not adequate representatives of the putative class, neither a collective nor a class action is appropriate.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

49. The Complaint is barred, in whole or in part, pursuant to, *inter alia*, 29 U.S.C. § 258 (a) and 259 (a), as the Defendants have acted in good faith and in reliance upon applicable regulations, interpretations and opinion letters with regard to some or all of the acts or omissions alleged in the Complaint.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

50. The Complaint is barred, in whole or in part, because Plaintiffs failed to satisfy statutory and/or other prerequisites to proceed collectively under the FLSA.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

51. The Complaint is barred, in whole or in part, because expert witness fees and costs are not recoverable in actions pursued under the FLSA.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

52. Class certification is inappropriate as common questions of law and/or fact do not predominate among the putative class members and the Plaintiffs.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

53. Class certification is inappropriate, as it is not a superior method for adjudicating this controversy.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

54. Supplemental or Pendant jurisdiction should not be exercised over any of the claims alleged in the subject Complaint.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

55. Similarly, a collective or Rule 23 class action is inappropriate vis-à-vis the New York State Law claims, as Supplemental or Pendant jurisdiction should not be exercised over any of the claims alleged in the subject Complaint.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

56. New York Wage Orders apply the exemptions of the FLSA, barring, in whole or in part, the prosecution of this action.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

57. "Spread of Hours" applies solely to employees earning the minimum wage.

Wherefore, it is respectfully requested that the Subject Complaint be dismissed in its entirety and that these Defendants be awarded such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
October 16, 2007

Meltzer, Lippe, Goldstein & Breitstone, LLP

By_____
Richard M. Howard (RMH-2932)
Attorneys for Defendants
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300

414177-1          7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
CESAR BARTUREN, ET AL.

                Plaintiff                 **AFFIDAVIT OF**
     against-                               **SERVICE**

WILD EDIBLES, INC, ET AL.                Docket No. 07 CV 8127
             Defendant.               (Stanton, J.)
_____X

STATE OF NEW YORK}
             } ss:
COUNTY OF NASSAU}

    Barbara Tsotsos, being duly sworn, deposes and says:

    That Deponent is not a party to this action, is over 18 years of age and resides at Merrick, New York.

    That on the 16th day of October, 2007 Deponent served an Answer upon:

                    David B. Rankin
                 350 Broadway, Suite 700
                  New York, NY 10013

by depositing a true copy of same enclosed in a post-paid, properly addressed wrapper, in a post-office/official depository under the exclusive care and custody of the United States Postal Service within the State of New York

                                                  _____
                                                  Barbara Tsotsos

Sworn to before me this
16th day of October, 2007

_____
Notary Public

MARYANN KATCHEN
NOTARY PUBLIC, STATE OF NEW YORK
NO. 4891017
QUALIFIED IN QUEENS COUNTY
CERTIFICATE FILED IN NASSAU COUNTY
COMMISSION EXPIRES 4/27/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
CESAR BARTUREN, et al.,
          Plaintiffs,

-against-

**Docket No. 07 CV 8127**
(Stanton, J.)

WILD EDIBLES, INC., et al.,
          Defendants.
----------------------------------------------------X

PURSUANT TO RULE 7.1 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND TO ENABLE JUDGES AND MAGISTRATE JUDGES OF THE COURT TO EVALUATE POSSIBLE DISQUALIFICATION OF RECUSAL, THE UNDERSIGNED COUNSEL FOR WILD EDIBLES, INC., (A NON-GOVERNMENTAL CORPORATE PARTY) CERTIFIES THAT THE FOLLOWING ARE PUBLICLY HELD CORPORATE PARENTS, AFFILIATES AND/OR SUBSIDIARIES OF SAID PARTY, OWNING 10% OF SAID PARTIES' STOCK.

**NONE**

Dated: Mineola, New York
       October 16, 2007

Meltzer, Lippe, Goldstein & Breitstone, LLP

By: _____
Richard M. Howard (RMH-2932)
Attorneys for Defendants
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300

414242-1