**MEMORANDUM ENDORSEMENT**

<u>Cesar A. Barturen, et al. v. Wild Edibles, Inc., et al.</u>, 07 Civ. 8127 (LLS)

  Defendants move for a stay or dismissal of this action pursuant to the claimed primary jurisdiction of the National Labor Relations Board ("NLRB"). The motion is denied.

  None of the cases defendants cite in support of their contention that this case falls within the primary jurisdiction of the NLRB involved claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, <u>et</u> <u>seq.</u> Those cases have no application to this action, in which plaintiffs complain that defendants violated the FLSA and New York State law by failing to pay them overtime and other wages and retaliating against them for demanding those wages and filing this suit. By the express terms of the FLSA such claims "may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction", 29 U.S.C. § 216(b); and the federal district courts have jurisdiction to enjoin (<u>id.</u> § 217) discharges or other discriminating acts "against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter", <u>id.</u> § 215(a)(3).

  None of that is affected by the two charges pending before the NLRB: the first filed by the Industrial Workers of the World – Industrial Union 460-640 ("IWW") asserting that defendants retaliated and discriminated against some of their employees for joining the IWW in violation of §§ 8(a)(1) and (3) of the National Labor Relations Act ("NLRA"),[1] and the second filed by defendants alleging that the IWW engaged in secondary boycotts in violation of NLRA § 8(b)(4)(ii)(B).[2] In the NLRB proceeding there are no charges that defendants violated the FLSA and in this action there is no claim of unlawful retaliation for joining a union, no claim of improper secondary boycott activity, and the IWW is not a party.

  Thus, although the factual incidents underlying this case and the NLRB proceeding are in part the same, the

---

[1]  29 U.S.C. §§ 158(a)(1) and (3).
[2]  29 U.S.C. § 158(b)(4)(ii)(B).

- 2 -

statutes under which the claims arise and the legal rules applicable in each tribunal are different, and there is no prevailing purpose to be served by staying either proceeding in deference to the other.

Defendants' motion for a stay or dismissal of this action is denied.

So ordered.

Dated:   November 20, 2007
         New York, New York

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.