```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
                                        |
CESAR A. BARTUREN, JASON BORGES,        |
RAUL LARA MOLINA, RAYMUNDO LARA         |
MOLINA, MIGUEL EDUARDO TAVARA,          |
MARCO ANTONIO CORONA, JUAN CARLOS       |
MOLINA, JULIO CESAR MORENO GONZALEZ,    |
PEDRO HERNANDEZ HERNANDEZ, JULIO        |
ANTONIO, JULIO CARBONEL, EUSEBIO        |
SANTOS FERROSQULLO, LINO MARTINEZ,      |
JUAN JOSE PENA FARFAN, JOSE             |
FERNANDEZ, and JORGE LEGIS CUYATE       |
individually and on behalf of           |
others similarly situated,              |
                                        |
                Plaintiffs,             |    07 Civ. 8127 (LLS)
                                        |
     - against -                        |    **OPINION, ORDER, AND**
                                        |    **INJUNCTION**
WILD EDIBLES, INC., 535 THIRD AVENUE    |
LLC d/b/a WILD EDIBLES, RICHARD         |
MARTIN, and JONATHAN MEYER,             |
                                        |
                Defendants.             |
                                        |
---------------------------------------x
```

Plaintiffs, who are current or former employees[1] of defendant Wild Edibles, Inc. ("Wild"), complain that Wild[2] failed to pay them overtime and spread-of-hours wages and retaliated against several named plaintiffs for complaining about Wild's failure to pay those wages, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the New York Labor Law § 190 et seq. ("Labor Law"), the New York "spread-of-

---

[1]  Wild says that it never employed named plaintiff Julio Antonio but does not dispute that the other fifteen named plaintiffs are its current or former employees. Martin Aff. ¶ 8, Sept. 20, 2007.

[2]  Defendants are collectively referred to as "Wild."

hours" regulation, N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4, and New York contract law.

Plaintiffs move to convert into a preliminary injunction the temporary retraining order forbidding retaliation against them or Wild employees for bringing this action or asserting a claim under the FLSA.

Wild seeks an evidentiary hearing on that motion and cross-moves to dismiss plaintiffs' claims that Wild retaliated against them in violation of the FLSA, 29 U.S.C. § 215(a)(3), and Labor Law § 215.1.

Unless otherwise noted, the following facts are undisputed.

BACKGROUND

The August 20, 2007 Demonstration

Wild is a wholesale and retail fish purveyor with approximately fifty-five employees.  Wild maintains a warehouse facility, main office, and refrigeration unit for seafood storage and processing at 21-51 Borden Avenue in Long Island City and three retail stores.  Its warehouse employees start work at about two o'clock each morning to prepare, pick, and pack seafood orders which are then delivered by Wild's drivers to restaurants, hotels and gourmet groceries.

Last summer a union representative of the Industrial Workers of the World - Industrial Union 460-640 ("IWW"), Billy J. Randel, began a drive to recruit new members and organize Wild's warehouse facility. From June until September 2007, Randel and other IWW union representatives regularly stood outside of the warehouse facility, approached Wild employees, and spoke with them about their working conditions. Several of those employees stated to Randel that Wild was not paying them overtime wages.

On August 11, 2007 the IWW held a meeting attended by plaintiff Raymundo Lara Molina to discuss plans for demanding that Wild pay them overtime wages. On August 17, Wild fired Raymundo Molina. The parties dispute the basis of that action: plaintiffs claim it was in retaliation for organizing Wild employees to demand payment of overtime wages, Compl. ¶ 45; Wild claims it was because Molina "was late 20 out of 30 days in one month." Martin Aff. ¶ 8, Sept. 20, 2007.

From about 2:00 a.m. until 8:00 a.m. on August 20, 2007, a group of Wild employees, its former employee Raymundo Molina, and several IWW representatives staged a demonstration at the warehouse facility to demand payment of overtime wages and the reinstatement of Raymundo Molina, and to notify Wild that several employees had joined the IWW. The group included plaintiffs Jason Borges, Julio Cesar Moreno Gonzalez, Marco

Antonio Corona, Raul Lara Molina, Lino Alberto Martinez, and Jose Antonio Fernandez Tavara.  The group marched in front of the warehouse facility, chanted their demands, carried and displayed signs, and held up an IWW banner.

Wild's owner and chief executive officer, defendant Richard Martin, arrived at the warehouse facility at about 2:45 a.m. shortly after receiving a phone call from its night manager notifying him that there was a picket line in front of the warehouse.  Martin Aff. ¶ 20, Oct. 18, 2007.  Upon arriving, he immediately entered the warehouse building.  At about 5:30 a.m., Martin went outside the warehouse with Wild's general manager to see if the crowd of pickets and their signs blocked the drivers' access to the building.  Id. ¶ 21.  According to Martin, "The pickets moved towards us and began to surround us."  Id. ¶ 22.  With Martin encircled, IWW representative Randel directly expressed to Martin the employees' demands, including payment of overtime wages.  Randel Aff. ¶ 7, Sept. 15, 2007; Eduardo Tabara Aff. ¶ 6, Sept. 15, 2007.

Alleged Post-Demonstration Retaliation

Plaintiffs have submitted affidavits asserting that (1) Wild discharged Borges on August 20, 2007, Raul Molina on or about August 30, 2007, and Gonzalez in the last week of August

-4-

2007 or the first week of September 2007, in retaliation for complaining at the August 20, 2007 demonstration that Wild failed to pay them overtime wages,[3] and (2) Wild constructively discharged Corona on or about September 15, 2007 in retaliation for making the same complaint.[4]

Wild does not dispute that the employment of those plaintiffs ended on or about those dates. But, in its affidavits opposing plaintiffs' motion for a preliminary injunction, Wild denies ordering any retaliatory discharges. Martin swears: "We have taken no actions in retaliation. Everything we have done has been for bona fide business reasons consistent with our regular practices and procedures." Martin Aff. ¶ 6, Oct. 18, 2007. Martin agrees that "Julio Cesar Moreno Gonzalez was discharged", Martin Aff. ¶ 8, Sept. 20, 2007, but claims that was proper because "he failed to appear for work and failed to advise us he would not be appearing for work (commonly called 'no call, no show')." Id. Martin contends that Borges voluntarily quit, that Raul Molina resigned because of a no call-no show on August 29, 2007, and that Corona resigned because of a no call-no show on September 15, 2007. Martin Aff. ¶¶ 17-19, Oct. 18, 2007.

---

[3]  See Borges Aff. ¶¶ 5-9, Sept. 13, 2007; Raul Lara Molina Aff. ¶¶ 2 and 7, Oct. 14, 2007; Barturen Aff. ¶¶ 15-18, Sept. 15, 2007.

[4]  Corona Aff. ¶¶ 2 and 12, Oct. 14, 2007.

Proceedings in this Court

Plaintiffs' complaint filed September 17, 2007 alleges that Wild failed to pay them overtime and spread-of-hours wages in violation of the FLSA, the Labor Law, the New York "spread-of-hours" regulation, N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4, and New York contract law.

The complaint also asserts three claims of retaliatory discharge:  <u>first</u>, that Wild discharged several named plaintiffs in retaliation for the complaint at the August 20, 2007 demonstration that Wild failed to pay them overtime wages, as a violation of Labor Law § 215.1, which makes it unlawful for an employer to "discharge, penalize, or in any other manner discriminate against any employee because such employee has made a complaint to his employer, or to the commissioner or his authorized representative, that the employer has violated any provision" of the Labor Law, Compl. ¶¶ 42-49 and 70-77;  <u>second</u>, the same action as a violation of FLSA § 215(a)(3), which makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the FLSA, Compl. ¶ 75;  <u>third</u>, as a violation of both statutes, that Wild discharged Raymundo

Molina "shortly before the August 20, 2007 action upon learning of his leadership role organizing workers to demand union and overtime rights", id. ¶¶ 45, 75, and in retaliation for his and the others' assertion of their labor rights and complaints against Wild's unlawful labor practices.  Id. ¶¶ 71-75.

On September 17, 2007 the Court entered a temporary restraining order forbidding any retaliation against any employee for bringing this action or for asserting a FLSA claim, and requiring that plaintiffs' counsel be given prior notice of any proposed adverse employment action against any plaintiff. These restraints were continued, with slight elaboration, at a hearing on September 20, 2007 and have remained in effect since then.

## DISCUSSION

### A. Motion for a Preliminary Injunction

Plaintiffs move to convert into a preliminary injunction the temporary restraining order currently in place "against the defendants, their agents, and employees and all persons acting in concert with them, enjoining them from taking any adverse employment action or terminating the employment of any plaintiff or other employee, any other present employee, for the bringing

of this action or for asserting a claim under the Fair Labor Standards Act . . . ."  Prelim. Inj. Hr'g Tr. 19-20, Sept. 20, 2007.

To prevail on a motion for a preliminary injunction, the movant must demonstrate "a threat of irreparable injury and either (1) a probability of success on the merits or (2) sufficiently serious questions going to the merits of the claims to make them a fair ground of litigation, and a balance of hardships tipping decidedly in favor of the moving party."  Time Warner Cable of New York City v. Bloomberg L.P., 118 F.3d 917, 923 (2d Cir. 1997)(citing Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979)).

1.  Threat of Irreparable Injury

The risk that other employees may be deterred from protecting their rights under federal law or from providing testimony for plaintiffs prosecuting federal claims may constitute irreparable injury.  See Holt v. Continental Group, Inc., 708 F.2d 87, 91 (2d Cir. 1983), cert. denied, 465 U.S. 1030, 104 S.Ct. 1294 and 465 U.S. 1038, 104 S.Ct. 1316 (1984)("A retaliatory discharge carries with it the distinct risk that other employees may be deterred from protecting their rights under the Act or from providing testimony for the plaintiff in

her effort to protect her own rights.  These risks may be found to constitute irreparable injury.").

Even if the terminations mentioned above were voluntary or not retaliatory (as Wild claims), Wild has not refuted the evidence showing that they have intimidated Wild employees who are not parties in this action and deterred them from asserting their rights under the FLSA, and have caused named plaintiffs to consider dropping their claims in this case.  IWW union representative Randel states:  "Many workers I have spoken with are terrified of asserting their rights because they fear they will be fired."  Randel Aff. ¶ 13.[5]  Plaintiff Jose Antonio Fernandez Tavara states:  "There were also co-workers that were not a part of the case because they were scared."  Fernandez Tavara Aff. ¶ 23, Oct. 15, 2007.  Plaintiff Miguel Eduardo Tavara, who is still employed by Wild, swears:  "I am afraid that I am going to loosed [sic] my job and also that they will fire my brother.  On several occasions I have thought about dropping the case and so has my brother."  Eduardo Tabara Aff. ¶ 9, Sept. 15, 2007.

---

[5]   Hearsay evidence may be considered in deciding a motion for a preliminary injunction.  See Federal Savings & Loan Ins. Corp. v. Dixon, 835 F.2d 554, 558 (5th Cir. 1987); accord Prince of Peace Enterprises, Inc. v. Top Quality Food Market, LLC, No. 07 civ. 00349 (RJH), 2007 WL 704171, *5 n.5 (S.D.N.Y. Mar. 7, 2007); Zeneca Inc. v. Eli Lilly and Co., No. 99 civ. 1452 (JGK), 1999 WL 509471, *2 (S.D.N.Y. Jul. 19, 1999); SEC v. Musella, 578 F. Supp. 425, 427-29 (S.D.N.Y. 1984).

Based on that unrefuted evidence, plaintiffs have demonstrated a threat of irreparable injury.

### 2. Fair Ground of Litigation

In light of the disputes on almost every point of plaintiffs' factual assertions, it is not feasible to say that either side has a probability of success on the merits. It is clear, however, that those assertions present a fair ground of litigation.

Plaintiffs claim that Wild discharged Lino Alberto Martinez on September 26 and Jose Antonio Fernandez Tavara on October 8, 2007 in retaliation for filing the complaint in this action about one month earlier on September 17, 2007.[6] Wild categorically denies retaliating against any employee,[7] and claims that "Lino Martinez quit his job when he punched out in the middle of his shift",[8] and Jose Antonio Fernandez Tavara "relinquished his position" because of a no call-no show on October 8, 2007.[9] Plaintiffs claim that Wild discharged Gonzalez, Borges and Raul Molina for complaining at the August

---

[6] See Martinez Aff. ¶¶ 2 and 14, Sept. 27, 2007; Eduardo Tavara Aff., Oct 5, 2007; Fernandez Tavara Aff. ¶¶ 30-31.
[7] Martin Aff. ¶ 4, Oct. 18, 2007.
[8] Id. ¶ 11.
[9] Id. ¶ 14; see also Rice Aff. ¶ 9, Oct. 18, 2007; Carbonel Aff. ¶¶ 3-6, Oct. 18, 2007.

20, 2007 demonstration that Wild failed to pay them overtime wages.[10]  Wild admits that it discharged Gonzalez,[11] but claims that action was proper because of a no call-no show, and it claims that Borges and Raul Molina quit voluntarily.[12]

These and similar issues present fair grounds for litigation.

### 3.  Balance of Hardships

The balance of hardships tips decidedly in plaintiffs' favor.  The requested preliminary injunction enjoining Wild "from taking any adverse employment action or terminating the employment of any plaintiff or other employee, any other present employee, for the bringing of this action or for asserting a claim under the Fair Labor Standards Act", Prelim. Inj. Hr'g Tr. 19-20, Sept. 20, 2007, inflicts no hardship on Wild, other than that already imposed by the familiar provision of FLSA § 215(a)(3), which makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the FLSA.  On the other

---

[10]  See Borges Aff.;  Raul Lara Molina Aff.;  Eduardo Tabara Aff. ¶ 7, Sept. 15, 2007;  Barturen Aff. ¶¶ 15-18.
[11]  Martin Aff. ¶ 8, Sept. 20, 2007.
[12]  Martin Aff. ¶¶ 17-19, Oct. 18, 2007.

hand, the denial of the requested relief would leave plaintiffs exposed to the perceived risk of losing their livelihoods at the hands of an employer that has concededly fired other employees, under ambiguous circumstances, and with full knowledge of the statutes forbidding retaliation.

### B. Request for an Evidentiary Hearing

In a letter to the Court dated November 13, 2007, Wild requested an evidentiary hearing on plaintiffs' motion for a preliminary injunction. Howard Ltr. at 1. Wild argues that "the parties' sworn recitations of the events in question directly contradict each other, mandating that Plaintiffs' motion may not be granted absent an evidentiary hearing." Id.

On the contrary, the direct contradictions must be resolved by trial, and it is the function of the preliminary injunction to preserve the status quo until whatever discovery is necessary has been accomplished and trial can be held.

### C. Motion to Dismiss

In its papers opposing the request for a preliminary injunction, Wild moves for dismissal of the retaliation claims

-12-

pleaded in the complaint. Defs.' Mem. of Law in Opp'n to the Req. for a Prelim. Inj. and a TRO at 3-6, Sept. 19, 2007. Wild argues: "Because there is no evidence that Plaintiffs and/or their attorney filed a formal complaint for violations of the FLSA before the filing of this action, the retaliation claims fail as a matter of law." Id. at 5 (citations omitted).

Treating the motion as one made pursuant to Fed. R. Civ. P. 12(b)(6), it is granted to the extent of dismissing the claims that Wild violated FLSA § 215(a)(3) by discharging Borges, Gonzalez, Corona, Raul Molina, and Raymundo Molina. Compl. ¶¶ 42-49 and 70-77. That section makes it unlawful

> to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

FLSA § 215(a)(3). "The plain language of this provision limits the cause of action to retaliation for filing formal complaints, instituting a proceeding, or testifying, but does not encompass complaints made to a supervisor." Lambert v. Genesee Hosp., 10 F.3d 46, 55 (2d Cir. 1993)(citation omitted). There is no allegation in the complaint that plaintiffs filed a formal complaint, instituted a proceeding, or testified in a proceeding under or related to the FLSA before the alleged discharges of

those five plaintiffs.  Accordingly, those FLSA retaliation claims are dismissed, with leave to replead.

Because the New York law is different, Wild's motion is denied to the extent it seeks dismissal of the claims that the discharges of those five plaintiffs violated Labor Law § 215.1. Compl. ¶¶ 42-49 and 70-77.  That section provides:

> No employer or his agent, or the officer or agent of any corporation, shall discharge, penalize, or in any other manner discriminate against any employee because such employee has made a complaint to his employer, or to the commissioner or his authorized representative, that the employer has violated any provision of this chapter, or because such employee has caused to be instituted a proceeding under or related to this chapter, or because such employee has testified or is about to testify in an investigation or proceeding under this chapter. . . .

Labor Law § 215.1.  An employer violates Labor Law § 215.1 by retaliating against an employee for making an informal complaint to the employer that the employer has violated any provision of the Labor Law.  See Jacques v. Dimarzio, Inc., 200 F. Supp. 2d 151, 154-55, 162 (E.D.N.Y. 2002)(employee's claim that her employer violated Labor Law § 215.1 by discharging her in retaliation for orally complaining to supervisors about workplace health and safety conditions survived employer's motion for summary judgment).  The complaint alleges that Wild discharged Borges, Gonzalez, Corona, and Raul Molina in

retaliation for making the informal complaint at the August 20, 2007 demonstration that Wild failed to pay them overtime wages. Compl. ¶¶ 42-49 and 70-77.  It also alleges that Wild discharged those plaintiffs and "Raymundo Lara Molina with discriminatory intent and in retaliation for their complaint against Defendants' unlawful labor practices."  (Id. ¶ 72.)  Those allegations state claims for relief against violations of Labor Law § 215.1.

The dismissal of the FLSA retaliation claims pleaded in the complaint does not eliminate the basis for the preliminary injunction, which rests on the totality of the evidence, including the surviving claims that Wild failed to pay plaintiffs overtime wages in violation of the FLSA, claims that Wild violated FLSA § 215(a)(3) by discharging two plaintiffs after the filing of the complaint in retaliation for bringing this lawsuit, and the claims that all the discharges violated Labor Law § 215.1.  See People by Abrams v. Terry, 45 F.3d 17, 23 (2d Cir. 1995)("The preliminary injunction issued, however, rests not only on section 1985(3), but also on independent state law grounds.  Thus, even assuming section 1985(3) does not authorize an injunctive remedy, the injunction can be sustained on the basis of the independent state law claims." (citations omitted));  Labor Law § 215.2 ("An employee may bring a civil action in a court of competent jurisdiction against any employer

-15-

or persons alleged to have violated the provisions of this section. The court shall have jurisdiction to restrain violations of this section, within two years after such violation, and to order all appropriate relief, including rehiring or reinstatement of the employee . . . .").

CONCLUSION

For the reasons set forth above:

(1) plaintiffs' motion to convert the temporary restraining order into a preliminary injunction is granted;

(2) Wild's request for an evidentiary hearing on that motion is denied;

(3) Wild's motion to dismiss is granted, with leave to replead, with respect to the claims that Wild violated FLSA § 215(a)(3) by discharging Jason Borges, Julio Cesar Moreno Gonzalez, Marco Antonio Corona, Raul Lara Molina, and Raymundo Lara Molina; and

(4) Wild's motion to dismiss is denied with respect to the claims that Wild violated Labor Law § 215.1 by discharging those five plaintiffs.

PRELIMINARY INJUNCTION

IT IS HEREBY ORDERED that defendants, their agents and employees, and all persons acting in concert with them, are restrained and enjoined from taking any adverse employment action against, or terminating the employment of, any plaintiff or other employee for bringing this action or for complaining that defendants failed to pay them wages in violation of the Fair Labor Standards Act or the New York Labor Law; and that

All such persons are further restrained and enjoined from taking any adverse employment action against, or terminating the employment of, any plaintiff or other employee without providing plaintiffs' counsel with three days' prior notice, except that defendants may suspend an employee with notice one day thereafter to plaintiffs' counsel when suspension is urgently necessary as a matter of health, safety or to avoid threatened violence.

So ordered.

Dated: New York, NY
       December 18, 2007

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.