UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Cesar A. Barturen, Jason Borges,
Raul Lara Molina, Raymundo Lara Molina,
Miguel Eduardo Tabara, Marco Antonio
Corona, Juan Carlos Molina, Julio Cesar
Moreno Gonzalez, Pedro Hernandez
Hernandez, Julio Antonio, Julio Carbonel,
Eusebio Santos Ferrosqullo, Limo
Martinez, Juan Jose Pena Farfan,
Jose Fernandez, and Jorge Legis Cuyate
Carmona on behalf of themselves and all
other employees similarly situated as class
and collective representatives,

07-CV-8127 (LLS)

        Plaintiffs,

-against-

Wild Edibles, Inc., 535 Third Avenue
LLC, d/b/a Wild Edibles, Richard Martin,
and Jonathan Meyer,

        Defendants.

---

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES

        MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP
        Attorneys for Defendants

        By: Richard M. Howard, Esq.
           190 Willis Avenue
           Mineola, New York 11501
           (516) 747-0300

420791-1

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**......................................................................ii, iii

**PRELIMINARY STATEMENT**..................................................................1

**STATEMENT OF FACT**..........................................................................2

    A. The Injunction Neither Resulted From a Determination of the
       Merits, nor Materially Altered the Parties' Positions............................2

    B. Plaintiffs' Application Provides Insufficient, and Vague
       Information and Seeks Fees for Non-recompensable Services...................4

**POINT I**
**PLAINTIFFS ARE NOT ENTITLED TO AN AWARD**
**OF ATTORNEY'S FEES**..........................................................................6

**POINT II**
**EVEN IF ATTORNEY'S FEES COULD BE AWARDED**
**BASED UPON THE INJUNCTION, PLAINTIFFS'**
**APPLICATION IS FATALLY DEFECTIVE**....................................................8

**CONCLUSION**....................................................................................10

# TABLE OF AUTHORITIES

**Cases**

Aiello v. Town of Brookhaven,
2005 WL 1397202 (E.D.N.Y. June 13, 2005) .................................................................. 9

Amato v. City of Saratoga Springs,
991 F.Supp.62 (N.D.N.Y 1998) ....................................................................................... 8

Christopher P. v. Marcus,
915 F.2d 794 (2d Cir.1990) .............................................................................................. 6

Dailey v. Societe Generale,
915 F.Supp 1315 (S.D.N.Y. 1996) ................................................................................... 8

Degrafinreid v. Ricks
2004 WL 944517, (S.D.N.Y. May 4, 2004) .................................................................... 7

DeVito v. Hempstead China Shop, Inc.,
831 F.Supp. 1037, (E.D.N.Y.1993) ................................................................................. 9

Duke v. County of Nassau,
2003 WL 23315463, (E.D.N.Y. Apr.14, 2003) ............................................................... 8

Entral Group Intern., L.L.C. v. New York One Cafe Inc.,
2007 WL 869587, (E.D.N.Y. March 20, 2007) .............................................................. 9

F.H. Krear & Co. v. Nineteen Named Trustees,
810 F.2d 1250 (2d Cir. 1987) .......................................................................................... 8

Garcia v. Yonkers School Dist.,
499 F.Supp.2d 421 (S.D.N.Y. 2007) ............................................................................... 6

Haley v. Pataki,
106 F.3d 478 (2d Cir. 1997) ............................................................................................ 6

Katzenberg v. Lazzari,
2007 WL 2973586 (E.D.N.Y. October 9, 2007) ............................................................. 8

Lunday v. City of Albany,
42 F.3d 131 (2d Cir.1994) ............................................................................................... 9

Mr. X v. New York State Educ. Dep't,

20 F.Supp.2d 561 (S.D.N.Y.1998) ........................................................................................... 9
Orshan v. Macchiarola,
629 F.Supp. 1014 (E.D.N.Y.1986) ......................................................................................... 8

Perez v. Jasper Trading, Inc.
___ F. Supp 2d. ___, 2007 WL 4441062 (E.D.N.Y. December 17, 2007) ............................. 8

Pressman v. Estate of Steinvorth,
886 F.Supp. 365 (S.D.N.Y. 1995) ........................................................................................... 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Cesar A. Barturen, Jason Borges,
Raul Lara Molina, Raymundo Lara Molina,
Miguel Eduardo Tabara, Marco Antonio
Corona, Juan Carlos Molina, Julio Cesar
Moreno Gonzalez, Pedro Hernandez
Hernandez, Julio Antonio, Julio Carbonel,
Eusebio Santos Ferrosqullo, Limo
Martinez, Juan Jose Pena Farfan,
Jose Fernandez, and Jorge Legis Cuyate
Carmona on behalf of themselves and all
other employees similarly situated as class
and collective representatives,

07-CV-8127 (LLS)

        Plaintiffs,

-against-

Wild Edibles, Inc., 535 Third Avenue
LLC, d/b/a Wild Edibles, Richard Martin,
and Jonathan Meyer,

        Defendants.

---

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
### TO PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES

#### PRELIMINARY STATEMENT

Plaintiffs' application for attorney's fees is defective in a number of ways. Plaintiffs assert their purported right to said fees based upon the preliminary injunction (the "Injunction") granted by the Court. In order to present an opportunity for the award of attorney's fees, based solely upon a preliminary injunction: (a) Plaintiffs must have caused a material change in the Defendants' position; and (b) the injunction must result from the

Court's assessment of the merits. Here, neither applies. Aside from the absence of any material change in the parties' position resulting from the Injunction, the Injunction was not based upon the merits. It specifically did not find a likelihood of success on the merits, but rather a fair question going to the merits.

In addition, the Injunction is designed not to change any party's position, but to maintain the status quo. It mandates that the Defendants comply with the extant anti-retaliation provisions of the Fair Labor Standards Act. The Defendants were already so obligated by virtue of the statute itself. The addition of a telephone call is a *de minimus* change, at best.

Furthermore, the Plaintiffs have sought fees for two sets of counsel to perform the same services and for services not provided in support of the motion for the preliminary injunction. Such redundant fees or inapplicable fees may not be charged to the Defendants. In addition, Plaintiffs have failed to provide the necessary biographical information to determine the appropriate fee rate and have provided such vague descriptions of their time that it is impossible to determine the validity of the charge.[1]

## STATEMENT OF FACT

A. **The Injunction Neither Resulted From a Determination of the Merits, nor Materially Altered the Parties' Positions**

Plaintiffs received a temporary injunction not based upon any determination of the merits of the action, but based entirely upon a fair question going to the merits and a balance of the equities in their favor. As the Court stated:

---

[1] The fact that shines through the time sheets submitted is that the instant action stems entirely from the union organizing efforts of the IWW and its apparent agent, Brandworkers International. Time is ascribed to Plaintiffs' counsels' communication therewith; time having no apparent connection to a preliminary injunction motion.

420791-1                                         2

> In light of the disputes on almost every point of plaintiffs' factual assertions, ***it is not feasible to say that either side has a probability of success on the merits.*** It is clear, however, that those assertions present a fair ground of litigation. (Emphasis added.)

This Court never determined those factual issues and simply acted to maintain the status quo, stating:

> On the contrary, the direct contradictions must be resolved by trial, and it is the function of the preliminary injunction to preserve the status quo until whatever discovery is necessary has been accomplished and trial can be held.

The Injunction itself states:

> IT IS HEREBY ORDERED that: defendants, their agents; and employees, and all persons acting in concert with then, are restrained and enjoined from taking any adverse employment action against, or terminating the employment of, any plaintiff or other employee for bringing this action or for complaining that defendants failed to pay them wages in violation of the Fair Labor Standards Act or the New York Labor Law; and that
>
> All such persons are further restrained and enjoined from taking any adverse employment action against, or terminating the employment of, any plaintiff or other employee without providing plaintiffs' counsel with three days prior notice, except that defendants may suspend an employee with notice one day thereafter to plaintiffs' counsel when suspension is urgently necessary as a matter of health, safety or to avoid violence.

The Defendants herein were not able to lawfully discharge any employee for complaining that they did not receive a lawfully required overtime wage (in violation of the

New York Labor Law or the Fair Labor Standards Act) before the Injunction ever issued. The Defendants' position has not changed as a result of the Injunction, except for the *de minimus* need to make a single telephone call.

### B. Plaintiffs' Application Provides Insufficient, and Vague Information and Seeks Fees for Non-recompensable Services.

No biographical information whatsoever is provided by Plaintiffs' counsel upon which to determine an appropriate rate per hour.[2] Similarly, many of the tasks set forth are either clearly not compensable as having nothing to do with the Injunction or too vaguely stated to permit compensation. In addition, Plaintiffs seek compensation for the Levy Ratner firm "getting up to speed." Solely by way of example, Plaintiffs' counsel seeks fees for the following:

1. Not Related to the Injunction

    A.  Over 25% of the time sought is involved in settlement discussions;

    B.  Much of the time sought apparently relates to the investigation and preparation of the Complaint (By way of example 2.75 hours "Researching FLSA exemptions", 9.75 hours "Researching FLSA" "Drafting Complaint" and "Reading Red Grill Documents", Some portion of 9.5 hours attributable to "FLSA Research" and "Drafting and Editing the Complaint"),

    C.  Almost 25% of the Levy Ratner's firm appears devoted to the drafting of a contempt motion.

---

2/  This in no way should be taken as an admission of liability for any such fees. It is an argument in the alternative.

420791-1                                                            4

2. <u>Vague</u>

   Solely by way of example, Plaintiffs seek compensation for: "Research on Complaints for Intern'"; "Reading Communication btwn WE and BWI"; "EM w/ BWI"; Call from T. Bianco; "Client/BW/media phone calls & emails"; "LR meeting prep & call"; "LR meeting"; "Client meeting", etc.

3. <u>Fees for New Attorneys Familiarizing Themselves with the File</u>

   The Levy Ratner attorneys seek fees for substantial time engaged in a file review to familiarize themselves with the case. Soley by way of example: "review complaint"; "review papers"; "Review hearing transcript", etc. In addition, time is charged for their initial and subsequent meetings with Mr. Rankin to familiarize themselves with the case.

   As set forth below, counsel may not seek fees for a preliminary injunction prior to a final determination absent both a material change in the party's position and the granted injunction having been based upon a determination of a likelihood of success on the merits. Consequently, no fees are assignable to the Injunction. In any event, as set forth below, Counsel must provide sufficient biographical data to justify a desired rate per hour and cannot recover fees for vague recitations of time, time unconnected to the Injunction or for, "getting up to speed."

420791-1                                    5

# POINT I

## PLAINTIFFS ARE NOT ENTITLED TO AN AWARD OF ATTORNEY'S FEES

As stated in *Garcia v. Yonkers School Dist.* 499 F.Supp.2d 421, 425 (S.D.N.Y.,2007):

> When a party receives a preliminary injunction but never obtains a final judgment, "attorney's fees are proper if the court's action in granting the preliminary injunction is governed by its assessments of the merits." *Id.* Attorney's fees are not appropriate in situations where the court "has not based its decision to award interim relief on the merits." *Id.* ( citing *Christopher P. v. Marcus,* 915 F.2d 794, 805 (2d Cir.1990)).

The Court in *Garcia* cited to *Haley v. Pataki,* 106 F.3d 478, 483 (2d Cir.1997) and noted its continued viability, stating, "Though *Haley* pre-dates the Supreme Court's *Buckhannon* decision, the Second Circuit has reaffirmed the principles of *Haley* even in the post-*Buckhannon* landscape. *See, e.g., Vacchio,* 404 F.3d at 673."

In *Haley,* fees were awarded, but the injunction was specifically issued based upon the establishment of a likelihood of success on the merits. The Court in Haley specified that the question of whether the injunction was based upon a determination of the merits must be definitively resolved in the movant's favor to justify a fee award. If any question remains, it should be resolved by denial of the motion. The Court in Haley stated:

> ... a decision to award attorney's fees requires an analysis of whether the party's relief, whether by injunction or stay, resulted from a determination of the merits. *See id.* at 75. When a party receives a stay or preliminary injunction but never obtains a final judgment, attorney's fees are proper if the court's action in granting the preliminary injunction is governed by its assessment of the merits. *Id.* ...

> Fees are not warranted, however, if the court has not based its decision to award interim relief on the merits. *Christopher P.*, 915 F.2d at 804-05 (plaintiffs who obtained a temporary restraining order are not a "prevailing party" where court did not base temporary restraining order on merits of the case).
>
> A determination of whether a court's action is governed by its assessment of the merits "requires close analysis of the decisional circumstances and reasoning underlying the grant of preliminary relief." *LaRouche*, 20 F.3d at 72 (internal quotation omitted). **If an injunction is not clearly based on the merits, a court should *not* resolve the uncertainty in favor of a finding that plaintiff prevailed.** *Id.* at 75. (Emphasis added.)

*Accord, Degrafinreid v. Ricks* 2004 WL 944517, *2 (S.D.N.Y.)

Furthermore, the Injunction does not materially alter the parties' position. The only additional obligation, not already imposed by statute, is a single telephone call. No employee who separated from employment was required to be reinstated. No "back pay" was awarded. One telephone call is not a material alteration of the parties' positions. Material connotes significant or important. One telephone call is neither. The Defendants do not need any party's approval to discharge an employee; they must merely make a single telephone call. As set forth in *Degrafinreid, ibid,* should Plaintiffs eventually prevail on the merits, this may be considered in determining their fees, but at this point this *de minimus* requirement does not meet the definition of a material change in the parties' positions and hence no award is proper at this time.

## POINT II

## EVEN IF ATTORNEY'S FEES COULD BE AWARDED BASED UPON THE INJUNCTION, PLAINTIFFS' APPLICATION IS FATALLY DEFECTIVE

It is well settled that a Court should eliminate from attorney's fees applications unnecessary, duplicative or redundant time. In *Perez v. Jasper Trading, Inc.* 2007 WL 4441062, 10 (E.D.N.Y.) the Court stated, "In addition, the court may exclude hours from the lodestar calculation that it finds to be excessive, duplicative, or unnecessary. *Duke v. County of Nassau,* 2003 WL 23315463, at *1 (E.D.N.Y. Apr.14, 2003), *citing Hensley,* 461 U.S. at 434, *Luciano,* 109 F.3d at 116."

Similarly, Courts refuse to award fees based upon vague entries that do not provide sufficient information. In *Katzenberg v. Lazzari* WL 2973586, 7 -8 (E.D.N.Y.,2007) the Court stated:

> Courts have reduced fee awards where the billing entries were overly vague. *See, e.g., F.H. Krear & Co. v. Nineteen Named Trustees,* 810 F.2d at 1265 (rejecting entries for "Rev. Docs" and "Clients re testimony"); *Amato v. City of Saratoga Springs,* 991 F.Supp. at 65-66 (reducing award for vagueness due to entries such as "review discovery response," "prepare deposition questions," and "review research"); *Dailey v. Societe Generale, 915 F.Supp. at 1328 (sta*ting that entries such as " 'telephone call,' 'consultation,' and 'review of documents' are not sufficiently specific so as to enable the Court to determine whether the hours billed were duplicative or excessive"); *Pressman v. Estate of Steinvorth, 886 F.Supp. 365, 367-68 (S.D.N.Y.1995)* (denying compensation for entries such as "telephone conversation," "prepare correspondence," or "review of file" where no associated legal matter was specified); *Orshan v. Macchiarola,* 629 F.Supp. 1014, 1019-20 (E.D.N.Y.1986) (reducing fees for such entries as "prepare correspondence" and "review correspondence").

> Where the fee application contains numerous vague entries, courts routinely impose an across-the-board reduction. *See, e.g., Aiello v. Town of Brookhaven*, No. 94 CV 2622, 2005 WL 1397202, at *2-3 (E.D.N.Y. June 13, 2005) (applying 15% reduction to attorneys' fees where billing statements were "rife with vague entries"); *Mr. X v. New York State Educ. Dep't*, 20 F.Supp.2d 561, 564 (S.D.N.Y.1998) (reducing fee award by 20% to account for vague and duplicative time entries); *DeVito v. Hempstead China Shop, Inc.*, 831 F.Supp. 1037, 1045 (E.D.N.Y.1993) (reducing fee request by 40% due, in part, to insufficient descriptions of work performed), *rev'd and remanded on other grounds*, 38 F.3d 651 (2d Cir.1994). In this instance, based on the minimal number of vague entries, the Court recommends that the vague entries be reduced by 50%. ( *See* Table A *infra* ).

Equally unavailing is Plaintiffs' attempt to charge Defendants for the time taken by the Levy Ratner firm to familiarize itself with the case at bar. As stated in *Entral Group Intern., L.L.C. v. New York One Cafe Inc.* 2007 WL 869587, 10 (E.D.N.Y.):

> The court also has some concerns that the hours billed may not appropriately be charged to the defendant here. A number of the entries in the billing records reflect tasks undertaken as a result of the change in counsel once Alston took over from Coudert Brothers. These charges are certainly legitimate, but fees incurred because a change in counsel requires new counsel to "get up to speed" are not appropriately passed on to a defendant. Such fees are akin to those that arise when a new associate is brought into a matter to replace one who has left a firm, for instance, and which a firm therefore does not charge a client in an exercise of "billing judgment." *See generally Lunday v. City of Albany*, 42 F.3d 131, 131 (2d Cir.1994).

As previously set forth, the Plaintiffs herein have sought fees for tasks clearly unrelated to the Injunction, as well as for vaguely stated tasks that do not permit determination of whether they were performed for purposes of the Injunction. Similarly,

420791-1                                        9

Plaintiffs have sought fees for their familiarizing themselves with the action after the motion for the injunction was already commenced. Based upon the above, even if any fees were to be awarded, a substantial reduction would be necessary for the reasons set forth herein.

## CONCLUSION

Based upon all of the above, Plaintiffs are not entitled to any award of attorney's fees as the Injunction: (a) was not based upon a determination of the merits; and (b) did not materially alter the Defendants' position. If, however, this Court were disposed to award fees regardless of the above, the applications are fatally defective, in the absence of biographical affidavits and in the inclusion of unnecessary, unrelated and vague entries.

Wherefore, it is respectfully requested that Plaintiffs' application for attorney's fees be denied in its entirety and that the Defendants be awarded the costs and disbursements associated with this motion and such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
   January 4, 2008

            MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP
            Attorneys for Defendants

            By_____
             Richard M. Howard (RMH-2932)
             190 Willis Avenue
             Mineola, New York 11501
             (516) 747-0300

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
CESAR A. BARTUREN, et.al.          :

                              **AFFIDAVIT OF SERVICE**

           Plaintiffs,     :     07 Civ. 8127 (LLS)

  -against-                          :

WILD EDIBLES, INC., 535 Third Avenue
LLC, d/b/a Wild Edibles, Richard Martin,
and JONATHAN MEYER,

          Defendants.
_____X
STATE OF NEW YORK}
                 } ss:
COUNTY OF NASSAU}

    Carolyn A. Best, being duly sworn, deposes and says:

    That deponent is not a party to this action, is over 18 years of age and resides in Westbury, New York.

    That on the 4th day of January 2008, deponent served a **DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES** upon:

David B. Rankin, Esq.
350 Broadway, Suite 700
New York, NY 10013

Allyson Belovin, Esq.
Levy Ratner, P.C.
80 8th Avenue
New York, NY 10011

by ECF and also by depositing a true copy of same enclosed in a post-paid, properly addressed wrapper, in a post-office/official depository under the exclusive care and custody of the United States Postal Service within the State of New York

                                            _____
                                            Carolyn A. Best

Sworn to before me this
4th day of January, 2008

_____
NOTARY PUBLIC

CARMELO GRIMALDI
Notary Public, State of New York
No. 4965188
Qualified in Nassau County
Commission Expires April 16,