# David B. Rankin
### Attorney at Law

ORIGINAL

350 Broadway, Suite 700  
New York, NY 10013

David@DBRankinLaw.com  
Phone: 212-226-4507  
Fax: 212-658-9480

**VIA ECF ONLY**

January 2, 2007

Hon. Louis L. Stanton  
Daniel Patrick Moynihan  
United States Courthouse  
500 Pearl St., Room 2250  
New York, NY 10007

RE:   Barturen et. al. v. Wild Edibles et. al.  
           07 CIV 8127

Dear Honorable Judge Stanton:

Please accept this letter application for attorneys' fees on behalf of both my office and Levy Ratner, P.C., pursuant to F.R.C.P. Rule 54 (d)(1) and 29 U.S.C. § 216(b). The basis for this application is this Court's December 18, 2007 Opinion, Order, and Injunction requiring the Defendants provide counsel with three days notice before an adverse employment action is taken against any named or potential plaintiff.

The standard for determining if a party is entitled to an award of attorneys' fees in the Second Circuit as a prevailing party is set out in Vacchio v. Ashcroft, 404 F.3d 663, 674 (2d Cir. 2005) interpreting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 US 598 (2001) and is as follows, "Buckhannon states that status as a prevailing party is conferred whenever there is a court ordered change in the legal relationship between the plaintiff and the defendant or a material alteration of the legal relationship of the parties" (internal citations omitted) See also, Pres. Coalition of Erie Co. v. Fed. Trans. Admin., 356 F.3d 444, 452 (2d Cir. 2004). Vacchio 404 F.3d at 674 goes on to cite Select Milk Producers, Inc. v. Veneman, 304 F. Supp. 2d 45, 52 (D.D.C. 2004) showing that "the preliminary injunction [Milk Producers] in this case did create a material alteration in the legal relationship between the parties as required in Buckhannon..." Showing preliminary injunctions are appropriately the subject to prevailing party applications for attorneys' fees and if a change in the legal relationship is found, then an award of attorneys' fees is proper.

Clearly, the legal relationships between the parties have been altered by the Order of

Hon. Judge Stanton
January 2, 2008
Page 2 of 2

December 18, 2007. The Order states, "[a]ll such persons are further restrained and enjoined from taking adverse employment action against, or terminating the employment of, any plaintiff or other employee without providing plaintiffs' counsel with three days' prior notice, except that defendants may suspend an employee with notice one day thereafter to plaintiffs' counsel when suspension is urgently necessary as a matter of health, safety or to avoid threatened violence." Prior to the application for a preliminary injunction and temporary restraining order the defendants were free to subject employees to adverse employment actions without notice to counsel and a three days waiting period. Therefore, the legal relationships between the parties have been altered in the plaintiffs' favor and they are entitled to attorneys' fees as a prevailing party.

Attached to this letter application is the summary of work activity for both the Law Office of David B. Rankin and Levi Ratner, P.C..

Thank you for your consideration.

Best regards,

David B. Rankin

DBR/mmt
Attachments
cc:    Levi Ratner, P.C.
       Meltzer, Lippe, Goldstein & Breitstone (VIA ECF ONLY)

## MEMORANDUM ENDORSEMENT

<u>Cesar A. Barturen, et al. v. Wild Edibles, Inc., et al.</u>, 07 Civ. 8127 (LLS)

Plaintiffs' counsel moves for attorneys' fees pursuant to Fed. R. Civ. P. 54 and the fee-shifting provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on the basis of this Court's Opinion, Order, and Injunction dated December 18, 2007, which granted plaintiffs' application for a preliminary injunction. The motion is denied.

Only a "prevailing party" may recover attorneys' fees under FLSA § 216(b). See <u>Soler v. G & U, Inc.</u>, 801 F. Supp. 1056, 1059 (S.D.N.Y. 1992). To be considered a "prevailing party", a plaintiff must (1) "'receive at least some relief on the merits of his claim'", <u>Sole v. Wyner</u>, 127 S.Ct. 2188, 2194 (2007), quoting <u>Hewitt v. Helms</u>, 482 U.S. 755, 760, 107 S.Ct. 2672, 2675 (1987), and (2) achieve some "material alteration of the legal relationship of the parties", <u>Sole</u>, 127 S.Ct. at 2194 (citations and quotations omitted).

Here, the injunction rests on the finding that plaintiffs' claims "present a fair ground of litigation", (Opinion, Order, and Injunction 10), and as this Court stated, it is not based on any determination of the merits: "In light of the disputes on almost every point of plaintiffs' factual assertions, it is not feasible to say that either side has a probability of success on the merits", (id.). See <u>Haley v. Pataki</u>, 106 F.3d 478, 483 (2d Cir. 1997)("When a party receives a stay or preliminary injunction but never obtains a final judgment, attorney's fees are proper if the court's action in granting the preliminary injunction is governed by its assessment of the merits. Fees are not warranted, however, if the court has not based its decision to award interim relief on the merits." (citations omitted)); <u>Vacchio v. Ashcroft</u>, 404 F.3d 663, 673 (2d Cir. 2005)(reaffirming <u>Haley</u>).

Attorneys' fees are also improper because the injunction, which restrains defendants from retaliating against any plaintiff "for bringing this action or for complaining that defendants failed to pay them wages in violation of the Fair Labor Standards Act", (Opinion, Order, and Injunction 17), merely functions "to preserve

- 1 -

- 2 -

the status quo", (id. 12), and does not materially alter the legal relationship between the parties. Even without the injunction, defendants must comply with the extant provision of FLSA § 215(a)(3), which prohibits retaliation against any plaintiff because such plaintiff "has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the FLSA.

The injunction's requirement that defendants provide plaintiffs' counsel with three days' notice before taking an adverse employment action against any named or potential plaintiff is a de minimis modification of the status quo. It does not create the material alteration of the legal relationship between the parties' necessary to justify an award of attorneys' fees.

The motion is denied.

So ordered.

Dated:   January 14, 2008
         New York, New York

                              _____
                              LOUIS L. STANTON
                              U.S.D.J.

- 2 -