**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Cesar A. Barturen, Raymundo Lara Molina, Miguel Eduardo Tabara, Marco Antonio Corona, Juan Carlos Molina, Julio Cesar Moreno Gonzalez, Pedro Hernandez Hernandez, Julio Antonio, Julio Carbonel, Eusebio Santos Ferrosqullo, Jason Borges, Limo Martinez, Juan Jose Pena Farfan, Jose Fernandez, and Jorge Legis Cuyate Carmona on behalf of themselves and all other employees similarly situated as class and collective representatives, | 07 Civ. 8127 (LLS) |

07 Civ. 8127 (LLS)

**DECLARATION OF
DAVID B. RANKIN
IN SUPPORT OF
PLAINTIFFS' MOTION
FOR CONTEMPT**

Plaintiffs,

- against -

Wild Edibles, Inc., 535 Third Avenue
LLC, d/b/a Wild Edibles, Richard
Martin, and Jonathan Meyer,

Defendants.

I, David B. Rankin, declare, pursuant to 28 U.S.C. § 1746, as follows:

1.  I am an attorney for the above Plaintiffs in this matter. I submit this Declaration in support of the Plaintiffs' Motion to find the Defendants in Contempt of Court for failing to abide by this Court's December 18, 2008 order.

2.  On Monday, December 17, 2007 named Plaintiff, Pedro Hernandez, left work early because he was not feeling well. Wild Edibles, Inc. ("Wild Edibles") Manager Roberto, gave Mr. Hernandez permission to leave work. Affidavit of Pedro Hernandez at ¶ 6 ("Hernandez Aff."), attached as Exhibit 1.

3.    On December 18, 2007 Mr. Hernandez called Wild Edibles and left a message on an answering machine that he was unable to work due to illness. When Mr. Hernandez arrived at work the next day Wild Edibles manager Richie told him he was "permanently suspended." Hernandez Aff. ¶ 7-8, Ex.1.

4.    On December 19, 2007 my office received word from Daniel Gross, an organizer with Brandworkers International, and a friend of our clients, that Pedro Hernandez had been fired that morning. In an email sent to Defendants' counsel Mark Taylor of my office informed Defendants' counsel of the issue regarding Mr. Hernandez. That email is attached along with related emails as exhibit 2

5.    On Thursday December 20, I received an email from Defendant's council Richard M. Howard informing me that he did not know the circumstances of Mr. Hernadnez' separation from employment, but that it was his understanding that Mr. Hernandez had already been suspended <u>See</u> Exhibit 2 (page 2), email of Richard Howard sent December 20, 2007 at 1:56 PM.

6.    On the morning of Friday, December 20, 2007, my office received notice from Daniel Gross that the first named plaintiff, Cesar Barturen, had been fired.

7.    Sometime around noon on December 20, 2007 Defendants' counsel, Thomas Bianco, called me. Mr. Bianco informed me that Mr. Hernandez had been suspended by Wild Edibles on December 19, 2007. I informed him Mr. Hernandez was under the impression that he had been terminated.

8.    In that same conversation, Mr. Bianco informed me Mr. Barturen had been suspended until Monday, December 24, 2007 and that on that day Wild Edibles was going to terminate him.

9.    On Friday December 21, 2007 Mr. Bianco sent me an email informing me of the "intended termination of employment of Cesar Barturin." This e-mail is attached as Exhibit 3.

10.   Mr. Barturen was told he was fired following the discovery of a parking ticket for his truck. Affidavit of Cesar Barturen at ¶ 17, attached as Exhibit 4.

11.   On Saturday, December 29, 2007, Plaintiff Miguel Tavara was scheduled to work at 4:00 AM. Mr. Tavara overslept and called his supervisor, Juan Pablo, at 4:45 AM informing him he would be late. His supervisor told to come in to work and he arrived at 5:05. Supervisor Luis Pintado, at the direction of Wild Edibles Manager Roberto, told Tavara he could not work that day, even though he was dressed and ready to begin his job duties. Affidavit of Miguel Eduardo Tavara, ¶ 6-7, attached as Exhibit 5. This suspension without pay occurred without notice to Plaintiffs' counsel.

12.   To my knowledge only named Plaintiffs have suffered adverse employment actions since this Injunction was issued.

13.   At a February 22, 2008 Judicial conference in front of Judge Stanton, Defendant's counsel Richard Howard admitted that negative employment actions had been taken by Defendants without the required notice to Plaintiff's counsel. Mr. Howard attempted to take responsibility for the failure to provide notice.

14.   No prior application has been made for the relief sought herein.

15.   I declare under penalty of perjury the foregoing is true and correct.

New York, New York

April 24, 2008

David B. Rankin

**EXHIBIT 1**

### AFFIDAVIT OF PEDRO HERNANDEZ HERNANDEZ

I, Pedro Hernandez Hernandez, promise to tell the truth and this is what I testify:

1. My name is Pedro Hernandez Hernandez and I live at 96-04 42 Avenue, Corona, NY, 11368.

2. I worked for Wild Edibles for about a year and four months.

3. I cleaned the fish and prepared the deliveries.

4. I worked Monday through Saturday. I worked from approximately 2 a.m. until 11 a.m. or noon.

5. I never had any discipline problems before my participation in the case.

6. On Monday, December 17, 2007, I left early. I left at 10 and told Roberto, the manager, that I did not feel well and that I would call if I could not work the next day. Roberto made a gesture with his hand and I understood that he gave me permission to leave work.

7. On December 18, 2007, my back and head hurt. I called Wild Edibles at 12:45 in the morning and left a message on the answering machine that said that I could not work Monday because I was sick. I missed a day of work, December 18, 2007, because I was sick.

8. I returned to work on December 19. Carlos Molina heard Richard Martin tell Richie that I no longer worked for Wild Edibles. Carlos Molina translated for Richie, the manager, and told me that I was suspended permanently and that I no longer worked for Wild Edibles. I spoke with Richard Martin and a woman that speaks Spanish, Catalina. Catalina told me to return Monday, December 24. Catalina told me that she had never received a message on the answering machine.

9. I returned on December 21 just to pick up my check and Catalina told me that Richard Martin said that I could return Monday, December 24, 2007.

10. I worked on December 24, 2007.

11. I did not work on December 25 because it was Christmas and when I came to work on December 26 at 4 a.m., Richie, the manager, told me that I did not work for Wild Edibles. He did not give me a reason for the termination. It was the last day that I went to work.

### AFFIDAVIT OF PEDRO HERNANDEZ HERNANDEZ

STATE OF NEW YORK      )
                       : SS:
COUNTY OF NEW YORK    )

Yo, Pedro Hernandez Hernandez, prometo decir la verdad, y esto es lo que testifico:

1. Mi nombre es Pedro Hernandez Hernandez y vivo en 96-04 42 Ave. Corona, NY 11368.

2. Trabajé por Wild Edibles por más or menos un año y cuatro meses.

3. Yo limpeaba el pescado y preparaba los deliveries.

4. Trabajaba de lunes hasta sabado. Trabajaba aproximamente, de 2 de la mañana hasta las 11 de la mañana o a mediodía.

5. Antes de participar en este caso, no tenía ningún problema de la disciplina.

6. El lunes, el 17 de diciembre, me fui temprano. Salí a las diez y decía a Roberto, el manager, que no sentía bien y que llamaría si no pudo trabajar el próximo día. Roberto hizo un gesto con su mano que yo entendí que me dio permiso a salir del trabajo.

7. El 18 de diciembre, me dolía la espalda y la cabeza. Llamé a Wild Edibles por la madrugada, al cuarto para la una, y dejé un mensaje en la contestadora que dijó que no pudo trabajar al lunes porque estaba enfermo. Falté un día del trabajo, el 18 de diciembre, porque estaba enfermo.

8. Regresé a trabajar al 19 de diciembre. Carlos Molina escuchó a Richard Martin le dijó a Richie que yo no trabajo más por Wild Edibles. Carlos Molina tradució por Richie, el manager, y me dijó que yo estaba suspendida permanentemente y que yo no más trabajar por Wild Edibles. Platique con Richard Martin y una señora que habla Español, Catalina. Catalina servió como traductora para Richard Martin. Catalina me dijó a regresar el lunes, el 24 de diciembre. Catalina me dijó que nunca había recebido ningún mensaje en la contestadora.

9. Regresé el 21 de diciembre solamente para cobrar mi cheque y Catalina me decía que Richard Martin le dijó que yo podría regresar el lunes, el 24 de diciembre de 2007.

10. Trabajé en el 24 de diciembre de 2007.

11. No trabajé el 25 de diciembre porque era la navidad y cuando llegué al trabajo el 26 de diciembre a las cuatro de la mañana, Richie, el manager, me dijó que yo

no trabajo por Wild Edibles. No me dío un razón por el despedido.  Era la ultimo
día que fui a trabajar.

_Pedro Hernandez_
Pedro Hernandez Hernandez

Sworn to before me this
___ day of Jan., 2008

Bruce A. Yerman
Notary Public, State of New York
No. 02YE5051510
Qualified in Nassau County
Commission Expires 2/20/2009

Community Medical
Center at Elmhurst
ID card
274-56-93
dob 07/02/1950
Also Mexican
birth cert.

translated oath
English - Spanish
- Beth Baltimore

**AFFIDAVIT OF BETH BALTIMORE**

| | |
|---|---|
| **STATE OF NEW YORK** | ) |
| | : |
| **COUNTY OF KINGS** | ) |

Beth Baltimore, being sworn, says:

I have volunteered to translate for David Rankin, Attorney at Law.  I am fluent in Spanish and English. I have read the foregoing Spanish language document and the accompanying English language document, The Affidavit of Pedro Hernandez Hernandez.  The English document is a complete and accurate translation of the Spanish document.

Beth Baltimore

Sworn to before me this
_10_ day of _Jan._, 2008

Notary Public

PAULETTE M. THIELMAN
Notary Public, State of New York
No. 01TH5082638
Qualified in Kings County
Commission Expires July 28, 2009

**EXHIBIT 2**



David Rankin <davidbrankin@gmail.com>

# Pedro Hernandez

1 message

**Mark Taylor <marktaylorlaw@gmail.com>**                    **Wed, Dec 19, 2007 at 10:22 AM**
To: "Richard M. Howard" <rhoward@meltzerlippe.com>, "Thomas J. Bianco" <tbianco@meltzerlippe.com>, David
Rankin <davidbrankin@gmail.com>

Gentlemen,

I have received word that one of our clients, Pedro Hernandez, has been either suspended or fired from his
employment with Wild Edibles.  I would appreciate it if you could look into this matter and let us know what is
going on.

-Mark Taylor
Law Office of David B. Rankin



David Rankin <davidbrankin@gmail.com>

# (no subject)
5 messages

**Richard M. Howard <rhoward@meltzerlippe.com>**                    Thu, Dec 20, 2007 at 12:14 PM
To: Mark Taylor <marktaylorlaw@gmail.com>, David Rankin <davidbrankin@gmail.com>
Cc: "Thomas J. Bianco" <tbianco@meltzerlippe.com>

Gentlemen:  I am advised that one or more of your clients has/have approached other employees to join the
lawsuit, advising them that the employer has offered 200k.  If this is accurate, the release of information we said
would stay within the room is counterproductive.  (Obviously, I have no problem with the release to your client, it
is his subsequent release that is counterproductive.)  Certainly, he has a right to advise fellow employees about
the litigation, his release of settlement negotiation information, however, will make further negotiation more
difficult.

In any event, happy holidays, Merry Christmas, etc.  Rich

Richard M. Howard, Esq.
Meltzer, Lippe, Goldstein & Breitstone, LLP
Long Island's Business Law Firm
(516) 747-0300 x224

This electronic message transmission contains information which is intended only for the use of the individual or entity to which it is
addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader
of this message is not the intended recipient, you are hereby notified that any dissemination or distribution of this communication to
other than the intended recipient is strictly prohibited. If you have received this communication in error, please notify us immediately by
calling (516) 747-0300 or by electronic mail to
HYPERLINK "BLOCKED::mailto:info@meltzerlippe.com). "info@meltzerlippe.com. Thank you.

**David Rankin <davidbrankin@gmail.com>**                    Thu, Dec 20, 2007 at 1:49 PM
To: "Richard M. Howard" <rhoward@meltzerlippe.com>
Cc: Susan Cameron <scameron@lrbpc.com>, Allyson Belovin <abelovin@lrbpc.com>
Bcc: Daniel Gross <dgross@brandworkers.org>

Richard and Tom:

Thank you for the information.  We have another meeting with the workers this afternoon and they will be
reminded that this type of discussion is counterproductive.

I have not heard a follow-up on the Pedro Hernandez situation.  What information do you have regarding this?  I
now understand Pedro Hernandez has been terminated from Wild without notice and in violation of both the law
and this court's orders.   Please advise on how this situation came about and what we can do to resolve it in a
timely manner.

Best,
David

--
------

David B. Rankin
Attorney at Law
350 Broadway, Suite 700
New York, NY 10013

t:212-226-4507

f:212-658-9480

This message may contain privileged material. If you are not the intended recipient, please return it.
[Quoted text hidden]

---

**Richard M. Howard <rhoward@meltzerlippe.com>**                    Thu, Dec 20, 2007 at 1:56 PM
To: David Rankin <davidbrankin@gmail.com>

Tom is more informed regarding Hernandez, but I believe he was only suspended and remains employed.
[Quoted text hidden]

---

**David Rankin <davidbrankin@gmail.com>**                          Thu, Dec 20, 2007 at 1:58 PM
To: "Richard M. Howard" <rhoward@meltzerlippe.com>, "Thomas J. Bianco" <tbianco@meltzerlippe.com>, Susan
Cameron <scameron@lrbpc.com>, Allyson Belovin <abelovin@lrbpc.com>

I do not believe this is Mr. Hernandez's understanding.  If this is true, someone at the shop needs to contact him
and let him know when he is to return to work.

Best,
David
[Quoted text hidden]

---

**Richard M. Howard <rhoward@meltzerlippe.com>**                    Thu, Dec 20, 2007 at 2:57 PM
To: David Rankin <davidbrankin@gmail.com>, "Thomas J. Bianco" <tbianco@meltzerlippe.com>, Susan Cameron
<scameron@lrbpc.com>, Allyson Belovin <abelovin@lrbpc.com>

I will look into it.

-----Original Message-----
**From:** David Rankin [mailto:davidbrankin@gmail.com]
[Quoted text hidden]

[Quoted text hidden]

FYI:

I'm talking to Bianco about this currently.

David
[Quoted text hidden]

--
——

David B. Rankin
Attorney at Law
350 Broadway, Suite 700
New York, NY 10013

t:212-226-4507
f:212-658-9480

This message may contain privileged material. If you are not the intended recipient, please return it.

**EXHIBIT 3**



**David Rankin <davidbrankin@gmail.com>**

---

# Termination of Employee

2 messages

---

**Thomas J. Bianco <tbianco@meltzerlippe.com>**      **Fri, Dec 21, 2007 at 3:14 PM**
To: David Rankin <davidbrankin@gmail.com>

David, I am writing to advise you of the intended termination of employment of Cesar Barturin.

I have just been informed by Rich Martin of Wild Edibles that he intends to tell Cesar Barturin today that his employment is being terminated subject to the required notice to you as counsel and the three day period. Barturin is not scheduled to work either Saturday or Sunday. He should not report to work Monday either, but will be paid for the day.

Barturin was found sleeping in his truck during his regular work time. He was also parked illegally at the time, resulting in a Parking Ticket for the company with a $115.00 fine. The issuing officer specifically commented on the ticket that the operator was "dozing".

All drivers are required to promptly submit any tickets they receive to the office so they can be timely addressed (i.e paid or challenged) to prevent additional fees being incurred or judgments being issued or levied on the company's vehicles. This incident took place on September 19, 2007 at approximately 10:00 a.m. in midtown Manhattan. But Barturin never provided a copy of the violation to the office nor advise anyone that the citation had been issued. The citation was discovered by the company only upon a plate-check review of all its vehicles.

I will forward you a copy of the citation as soon as I receive it.

*Thomas J. Bianco, Esq.*
*Meltzer, Lippe, Goldstein & Breitstone, LLP*
*190 Willis Avenue*
*Mineola, N.Y. 11501 (516) 747-0300 x178*

This electronic message transmission contains information which is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination or distribution of this communication to other than the intended recipient is strictly prohibited. If you have received this communication in error, please notify us immediately by calling (516) 747-0300 or by electronic mail to HYPERLINK "BLOCKED::mailto:info@meltzerlippe.com). "info@meltzerlippe.com. Thank you.

---

**David Rankin <davidbrankin@gmail.com>**      **Fri, Dec 21, 2007 at 3:32 PM**
To: Susan Cameron <scameron@lrbpc.com>, Allyson Belovin <abelovin@lrbpc.com>



**David Rankin <davidbrankin@gmail.com>**

# Cesar Barturin

5 messages

---

**David Rankin <davidbrankin@gmail.com>**                                     **Mon, Dec 24, 2007 at 4:51 PM**
To: "Thomas J. Bianco" <tbianco@meltzerlippe.com>, "Richard M. Howard" <rhoward@meltzerlippe.com>, Allyson
Belovin <abelovin@lrbpc.com>, Susan Cameron <scameron@lrbpc.com>, Mark Taylor
<marktaylorlaw@gmail.com>

Dear Mr. Bianco:

I write to let you know I cannot make any determination as to what action we will be taking regarding Mr.
Barturin's termination on Friday.  I understand that your position is that he was not terminated on Friday, but
suspended.  I do not think that is factually or legally correct.  I know we have discussed ways we can
constructively deal with this situation.  I appreciate your efforts.

As I am the only one in the office today, I think it would be prudent for us all to have a conference call on
Wednesday so we can fully flesh out what our relative positions on this are.  I propose an 11:30 am conference
call.  If it is necessary, I will arrange this.  I trust the matter can wait until then.  If not, please contact me on my
cell phone at 917-455-0609.

Best,
David

--
------

David B. Rankin
Attorney at Law
350 Broadway, Suite 700
New York, NY 10013

t:212-226-4507
f:212-658-9480

This message may contain privileged material. If you are not the intended recipient, please return it.

---

**Thomas J. Bianco <tbianco@meltzerlippe.com>**                                  **Wed, Dec 26, 2007 at 11:23 AM**
To: David Rankin <davidbrankin@gmail.com>

Good for me.

*Thomas J. Bianco, Esq.*
*Meltzer, Lippe, Goldstein & Breitstone, LLP*
*190 Willis Avenue*
*Mineola, N.Y. 11501 (516) 747-0300 x178*

This electronic message transmission contains information which is intended only for the use of the individual or entity to which it is addressed and
may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the
intended recipient, you are hereby notified that any dissemination or distribution of this communication to other than the intended recipient is strictly
prohibited. If you have received this communication in error, please notify us immediately by calling (516) 747-0300 or by electronic mail to
HYPERLINK "BLOCKED::mailto:info@meltzerlippe.com). "info@meltzerlippe.com. Thank you.

[Quoted text hidden]

---

The information in this e-mail message and any attachment(s) hereto is intended for the confidential use of the addressee(s) only. The information is subject to all applicable rights of privilege and confidentiality including the attorney-client privilege and/or attorney work-product. Recipients should not file copies of this e-mail with publicly accessible records. If you are not an addressee or an authorized agent responsible for delivering this e-mail to a designated addressee, you have received this e-mail in error, and any further review, dissemination, distribution, copying or forwarding of this e-mail and/or attachment(s) is strictly prohibited. If you received this e-mail in error, please notify us at (212) 627-8100 and permanently delete the e-mail and any attachment(s) immediately.  You should not retain, copy or use this e-mail or any attachment(s) for any purpose, nor disclose all or any part of the contents hereof to any other person.  Thank you.

Circular 230 Disclosure Notice:  To ensure compliance with Treasury Department rules governing tax practice, we inform you that any advice contained herein (including in any attachment) (1) was not written and is not intended to be used, and cannot be used, for the purpose of avoiding any federal tax penalty that may be imposed on the taxpayer, and (2) may not be used in connection with the promoting, marketing or recommending to another person any transaction or matter addressed herein.
[Quoted text hidden]

**EXHIBIT 4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CESAR A. BARTUREN, JASON BORGES, RAUL
LARA MOLINA, RAYMUNDO LARA MOLINA,
MIGUEL EDUARDO TAVARA, MARCO ANTONIO
CORONA, JUAN CARLOS MOLINA, JULIO CESAR
MORENO GONZALEZ, PEDRO HERNANDEZ
HERNANDEZ, JULIO ANTONIO, JULIO CARBONEL,
EUSEBIO SANTOS FERROSQULLO, LINO
MARTINEZ, JUAN JOSE PENA FARFAN, JOSE
FERNANDEZ, AND JORGE LEGIS CUYATE,
individually and on behalf of others similarly situated,

|  | **AFFIDAVIT OF** |
|--|--|
|  | **CESAR BARTUREN** |
|  | 07 Civ. 8127 (LLS) |

                                        Plaintiffs,

                    -against-

WILD EDIBLES, INC., 535 THIRD AVENUE LLC
d/b/a/ WILD EDIBLES, RICHARD MARTIN, and
JONATHAN MEYER,

                                        Defendants.
-------------------------------------------------------------------X

**STATE OF NEW YORK**          )
                                                  **S.S.**
**COUNTY OF NEW YORK**      )


1.      I reside at 32-26 48th Street, Apt. 1R, Long Island City, New York, 11103.


2.      I submit this affidavit in support of Plaintiffs' motion for an order holding the

Defendants in contempt.


3.      I began working for Defendant Wild Edibles, Inc. ("Wild Edibles") in or about

July of 1998.


4.      I have been using the money I earned at Wild Edibles, Inc. to support my wife,

Gladys Barturen and four children.  Cesar Barturen, Jr. is 24 years old and is training at the

police academy. Louis Barturen is 18 and a student at William Bryant High School. Katherine

Barturen is 15 and also a student at William Bryant High School. My youngest daughter, Kelly

Barturen is 14 and also goes to William Bryant High School.

5.      I am unsure how I will be able to support my family in the coming weeks and

months.

6.      I am the first named Plaintiff in the lawsuit <u>Barturen et. al. v. Wild Edibles, Inc.</u>,

07 Civ. 8127 (LLS).

7.      Since filing this lawsuit I have been subject to numerous acts of retaliation.

### December 20, 2007 Retaliatory Discharge

8.      On Thursday, December 20, 2007, I was fired by Richard Martin, the owner of

Wild Edibles, Inc.

9.      On Thursday, December 20, 2007, I was called into Defendant Richard Martin's

office.

10.     Mr. Martin took a piece of paper from the table and waved it in front of me saying

I had gotten a ticket.

11.     I had no knowledge of getting a ticket.

12.     The normal procedure for dealing with parking tickets is to hand them into the

office so the company can take care of them.

13.    It is not unusual for a driver employed by Wild Edibles, Inc. to receive parking tickets. Further, it is not unusual for drivers employed by Wild Edibles, Inc. to receive a parking ticket without their knowledge and therefore, not submitting the ticket to management since tickets are often not left on a driver's van.

14.    To my knowledge, no one has ever been terminated for a parking ticket.

15.    Mr. Martin showed me the ticket and stated the ticket said someone was sleeping in the van.

16.    I have no knowledge of this ticket nor do I have any reason to know I was the one that was responsible for the van on the day the ticket was issued.

17.    Immediately after this Mr. Martin stated, "[y]ou're fired for this ticket."

18.    I replied, "[e]xcuse me, you just fired me for this ticket?

19.    Mr. Martin answered, "[y]es."

20.    At this time I left the office.

21.    On my way out of the warehouse, Richard Martin said to me in a mocking tone, "bye, bye."

22.    As I was walking outside, I could hear and see a Wild Edibles supervisor named Robert and Richard Martin laughing from inside the warehouse office.

23.    I left the property at 1:30 pm on December 20, 2007. I was never told anything other than I had been fired.

24.    On Friday, December 20, 2007 – the very same day I was fired - a Wild Edibles driver was arrested for driving with a suspended license and his van, loaded with Wild Edibles products, was impounded.

25.    To my knowledge, the driver was not fired. He was permitted to return to work as soon as he returned from the police.

26.    To my knowledge, I was never suspended before being fired.

### Other Acts of Management Retaliation

27.    Shortly after this lawsuit was filed I began to experience a change in the way the management behaved towards me.

28.    One of the ways management retaliated against me was that Wild Edibles manager Robert checked my timecards everyday to see if I was late. I have been extra careful to follow all work rules, including arriving on time to work, after filing this lawsuit because I know the employer wanted to fire me.

29.    After filing this lawsuit, I have been falsely accused of stealing products from Wild Edibles on more than one occasion.

30.    The delivery vans are loaded with large "totes," or bins, of fish. These totes generally weigh approximately 100 pounds.

31.    When a van is loaded a receipt is received from the warehouse indicating the amount and type of fish contained in the totes. The receipts are signed off on by the managers.

32.    On the week of September 10, 2007, I made my regularly scheduled delivery to the Wild Edibles retail store located at 535 3rd Avenue in Manhattan. The next day, the manager informed me they were missing a large shake fish weighing approximately 15 pounds from the prior day's delivery.

33.    Later that same week, the week of September 10, 2007, I made my regularly scheduled delivery to the Forge Market in the DUMBO section of Brooklyn.

34.    The manager at the Market informed me I delivered a tote with only 1 pound of scallops when I should have delivered a tote with 5 pounds of scallops.

35.    I then proceeded to search the van and could not find the scallops. Additionally, I called the warehouse and could not find any information about the scallops.

36.    I have never stolen from the company.

37.    I have never had any problem with the contents of the totes before I filed this lawsuit.

38.    I believe these incidents are causally related to my being a Plaintiff in this lawsuit because I never had a problem with the contents of my deliveries until this action was filed.

39.    Additionally, on at least one occasion during the week of October 8, 2007, I had a monitor working for Wild Edibles, Inc. drive with me in my delivery truck. I believe this was surveillance engaged in by Wild Edibles to create a pretext for discharging me.

40.    Prior to initiating this lawsuit, I always received assistance in loading and unloading a van. After initiating this lawsuit, I no longer received any assistance.

41.    The normal practice is for two employees to load the totes onto the vans.

42.    As soon as I began to complain about working conditions other employees stopped helping me load the 100 pound totes.  This has caused a hardship because it both took me a lot longer to do my job; it also took a toll on my body.

43.    One week before I was fired an employee was starting to help me load the van and Wild Edibles supervisor Robert directed that employee not to assist me.

44.    I believe the differences in the way I have been treated and my termination from Wild Edibles is a direct result of my involvement with this lawsuit.

I declare under penalty of perjury that the foregoing is true and correct.

Cesar Barturen

Sworn to before me this
23rd day of April          2008

Notary Public

**SARA E. DOMBROFF**
NOTARY PUBLIC, STATE OF NEW YORK
No. 02DO6136075
QUALIFIED IN NEW YORK COUNTY
MY COMMISSION EXPIRES OCT. 31, 2009

**EXHIBIT 5**

## AFFIDAVIT OF MIGUEL EDUARDO TAVARA

I, Miguel Eduardo Tavera, promise to tell the truth and this is what I testify:

1.      My name is Miguel Eduardo Tavara.

2.      I live at 97-17 Alstyne Avenue, 2nd Floor, Corona, NY 11368.

3.      I started to work for Wild Edibles in December of 2002.

4.      My job is to cut fish and prepare fish and oysters.

5.      On Saturdays I work from 4 a.m. until 10:30 a.m.

6.      On Saturday, December 29, 2007, I woke up late.  I called the Saturday supervisor, Juan Pablo, at 4:45 a.m. and said that I woke up late and asked if I should go to work or stay home.  Juan Pablo told me to come to work.

7.      I took a taxi and arrived at work at 5:05.  Roberto, the general manager, was there.  Roberto usually does not work Saturdays, but he came to see if everything was okay.

8.      I was changed and ready to work and Luis Pintado, a supervisor, told me that Roberto said that I should not work this Saturday and that I could go home.

9.      I worked December 31, 2007 and it was a regular day.  Nobody said anything to me.

## AFFIDAVIT OF MIGUEL EDUARDO TAVARA

STATE OF NEW YORK        )

                   : SS:

COUNTY OF NEW YORK  )

Yo, Miguel Eduardo Tavara, prometo decir la verdad, y esto es lo que testifico:

1. Soy Miguel Eduardo Tavara.

2. Vivo en 97-19 Alstyne Avenue, 2nd Floor, Corona, NY 11368.

3. Empezé a trabajar por Wild Edibles el diciembre de 2002.

4. Mi trabajo es cortar pescado y preparar el pescado y las ostras.

5. Los sábados trabajo de 4 de la mañana hasta las 10:30 de la mañana.

6. El sábado, 29 de diciembre de 2007, me levantó tarde. Llamé al encargado de los días sabados, Juan Pablo, a las cuarto para los cinco y dijé a el que me levanté tarde y le pregunté si podría ir a trabajar or me quedara en casa.  Juan Pablo me dijó que fuera a trabajar.

7. Tomé un taxi y llegué al trabajo a las 5:05. Estaba el manager general, Roberto. Usualmente, Roberto no trabaja los sábados, pero vino para ver si todo esta bien.

8. Estaba cambiado y listo a trabajar y Luis Pintado, un encargado, me dijó que Roberto dijó que yo no debó trabajar en esta día sábado y que podría ir para la casa.

9. Trabajé el 31 de diciemcre de 2007 y era un día regular.  Nadie me dijó nada.

_____
Miguel Eduardo Tavara

Sworn to before me this
7th day of Jan., 2008

_____

**Bruce A. Yerman**
Notary Public, State of New York
No. 02YE5651513
Qualified in Nassau County
Commission Expires 12/20/2009

Peru Consular ID
LNI 43057993

translated oath :
Beth Baltimore

**AFFIDAVIT OF BETH BALTIMORE**

**STATE OF NEW YORK**          )
                                                :
**COUNTY OF KINGS**            )

       Beth Baltimore, being sworn, says:

       I have volunteered to translate for David Rankin, Attorney at Law.  I am fluent in Spanish and English. I have read the foregoing Spanish language document and the accompanying English language document, The Affidavit of Miguel Eduardo Tavara. The English document is a complete and accurate translation of the Spanish document.

*Beth Bal*
_____
Beth Baltimore

Sworn to before me this
_10_ day of _Jan._.2008
*Paulette M. Thielman*
Notary Public

PAULETTE M. THIELMAN
Notary Public, State of New York
No. 01TH5082638
Qualified in Kings County
Commission Expires July 28, 2009