UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CESAR A. BARTUREN, JASON BORGES, RAUL
LARA MOLINA, RAYMUNDO LARA MOLINA,
MIGUEL EDUARDO TAVARA, MARCO ANTONIO
CORONA, JUAN CARLOS MOLINA, JULIO CESAR
MORENO     GONZALEZ,     PEDRO     HERNANDEZ
HERNANDEZ, JULIO ANTONIO, JULIO CARBONEL,
EUSEBIO     SANTOS     FERROSQULLO,      LINO
MARTINEZ, JUAN JOSE PENA FARFAN, JOSE
FERNANDEZ,     AND     JORGE     LEGIS     CUYATE,
individually and on behalf of others similarly situated,

07 Civ. 8127 (LLS)

Plaintiffs,

-against-

WILD EDIBLES, INC., 535 THIRD AVENUE LLC
D/B/A/ WILD EDIBLES, RICHARD MARTIN, AND
JONATHAN MEYER,

Defendants.
-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' MOTION FOR CERTIFICATION
TO PROCEED AS A COLLECTIVE ACTION**

Levy Ratner, P.C.
80 Eighth Avenue Floor 8
New York, NY 10011-5126
(212) 627-8100
(212) 627-8182 (fax)

On the Brief:
    Allyson L. Belovin
    Susan J. Cameron

{08009538}

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

FACTS ............................................................................................................... 2

ARGUMENT ........................................................................................................ 4

I.    CONDITIONAL CERTIFICATION WITH COURT
       AUTHORIZED NOTICE IS APPROPRIATE
       BECAUSE PLAINTIFFS ARE "SIMILARLY SITUATED"
       TO CURRENT AND FORMERS EMPLOYEES ................................................... 5

       A.    Courts Will Grant Conditional Certification
              Upon A Minimal Showing That Named Plaintiffs
              Are Similarly Situated To Other Employees. ............................... 5

       B.    Named Plaintiffs Are Similarly
              Situated to Potential Opt-In Plaintiffs. ....................................... 6

II     THE PROPOSED NOTICE AND STATUTE
       OF LIMITATIONS PERIOD ARE APPROPRIATE ........................................... 9

       A.    As Defendants Willfully Violated The FLSA, A
              3-Year Statute of Limitations Period Should Be Applied. ......................... 9

       B.    The Statute Of Limitations Should Be Equitably Tolled. ......................... 10

III.   COURT SHOULD APPROVE ATTACHED NOTICE
       AND ORDER PRODUCTION OF NAMES AND
       ADDRESSES OF POTENTIAL PLAINTIFFS ................................................. 11

       A.    Plaintiffs' Proposed Notice And Consent Are Appropriate ...................... 11

       B.    Defendants Should be Ordered to Provide The Names
              And Last Known Addresses of Potential Opt in
              Plaintiffs to Ensure Notice to All Potential Plaintiffs. ............................... 13

CONCLUSION ................................................................................................... 13

# TABLE OF AUTHORITIES

## CASES

*Anglada v. Linens 'N Things, Inc.*,
06 Civ. 12901, 2007 U.S. Dist. LEXIS 39105 (S.D.N.Y. April 26, 2007)................2, 5, 13

*Brock v. Superior Care, Inc.*,
840 F.2d 1054 (2d Cir. 1988)........................................................................................9

*Chowdhury v. Duane Reade, Inc.*,
06 Civ. 2295, 2007 U.S. Dist. LEXIS 73853 (S.D.N.Y. October 2, 2007) ...................7, 13

*Fasanelli v. Heartland Brewery, Inc.*,
516 F. Supp. 2d 317 (S.D.N.Y. 2007)...................................................................... *passim*

*Gjurovich v. Emmanuel's Marketplace, Inc.*,
282 F. Supp. 2d 91 (S.D.N.Y. 2003)...........................................................................8, 13

*Harrington v. Education Management Corp.*,
02 Civ. 0787, 2002 U.S. Dist. LEXIS 8823 (S.D.N.Y. May 17, 2002).........................5, 6

*Heagney v. European American Bank*,
122 F.R.D. 125 (E.D.N.Y. 1988) ...................................................................................7

*Hoffmann-La Roche*,
493 U.S. at 170...................................................................................................10, 11

*Iglesias-Mendoza v. La Belle Farm, Inc.*,
239 F.R.D. 363 (S.D.N.Y. 2007) .......................................................................... *passim*

*Jacobsen v. The Stop & Shop Supermarket Co.*,
02 Civ. 5915, 2003 U.S. Dist. LEXIS 7988 (S.D.N.Y. May 15, 2003).........................6, 8

*Lee v. ABC Carpet & Home*,
236 F.R.D. 193 (S.D.N.Y. 2006) .................................................................10, 11, 13

*McLaughlin v. Richland Shoe Co.*,
486 U.S. 128 (1988)........................................................................................................9

*Realite v. Ark Restaurants Corp.*,
7 F. Supp. 2d 303 (S.D.N.Y. 1998) .................................................................................7

*Zhao v. Benihana, Inc.*,
01 Civ. 1297, 2001 U.S. Dist. LEXIS 10678 (S.D.N.Y. July 5, 2004) ..............................6

## STATUTES

Fair Labor Standard Act, 29 U.S.C. §§ 201 et seq..................................................1, 13

29 U.S.C. § 216(b) .......................................................................................... *passim*

29 U.S.C. § 255(a) .................................................................................................9

29 U.S.C. § 256(b) ...............................................................................................10

29 C.F.R. § 516.4 ............................................................................................4, 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CESAR A. BARTUREN, JASON BORGES, RAUL
LARA MOLINA, RAYMUNDO LARA MOLINA,
MIGUEL EDUARDO TAVARA, MARCO ANTONIO
CORONA, JUAN CARLOS MOLINA, JULIO CESAR         07 Civ. 8127 (LLS)
MORENO    GONZALEZ,    PEDRO    HERNANDEZ
HERNANDEZ, JULIO ANTONIO, JULIO CARBONEL,
EUSEBIO    SANTOS    FERROSQULLO,    LINO
MARTINEZ, JUAN JOSE PENA FARFAN, JOSE
FERNANDEZ,   AND   JORGE   LEGIS   CUYATE,
individually and on behalf of others similarly situated,

                                            Plaintiffs,


                    -against-


WILD  EDIBLES,  INC.,  535  THIRD  AVENUE  LLC
D/B/A/ WILD EDIBLES, RICHARD MARTIN, AND
JONATHAN MEYER,

                                            Defendants.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT
## OF PLAINTIFFS' MOTION FOR CERTIFICATION
## TO PROCEED AS A COLLECTIVE ACTION

### PRELIMINARY STATEMENT

Plaintiffs bring this FLSA collective action and class action against Defendants Wild

Edibles, Inc., 535 Third Avenue LLC d/b/a Wild Edibles, Richard Martin and Jonathan Meyer

(collectively referred to as "Defendants") on behalf of similarly-situated current and former

employees of Defendant Wild Edibles, Inc. ("Wild Edibles"). Plaintiffs allege that Defendants

unlawfully refused to pay legally-mandated overtime compensation to employees in violation of

the Fair Labor Standard Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and analogous New York State

Law. By this motion Plaintiffs request that this lawsuit be conditionally certified to proceed as a

collective action pursuant to FLSA § 216(b) and that all individuals employed by Wild Edibles

within the last three (3) years be provided with court authorized notice and an opportunity to join this collective action. Plaintiffs also seek an order stating that the statute of limitations on potential opt-in FLSA claims be equitably tolled as of September 17, 2007, the date on which Plaintiffs filed the Complaint in this action.

Conditional certification of this lawsuit as a collective action, and accompanying court authorized notice to current and former Wild Edibles employees is appropriate in this case. The FLSA plainly authorizes plaintiffs to sue for unpaid overtime wages not only on their own behalf, but also on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). Thus, courts in this and other circuits have held that FLSA suits can be certified as collective actions pursuant to FLSA § 216(b) upon a minimal showing that the named plaintiffs are "similarly situated" to potential opt-in plaintiffs. See e.g., Fasanelli v. Heartland Brewery, Inc., 516 F.Supp.2d 317, 320-21 (S.D.N.Y. 2007); Anglada v. Linens 'N Things, Inc., 06 Civ. 12901, 2007 U.S. Dist. LEXIS 39105 (S.D.N.Y. April 26, 2007). As discussed in detail below, Plaintiffs have more than satisfied their burden of making this minimal showing. All current and former Wild Edibles employees were subject to Defendants' unlawful policy of failing and refusing to pay overtime compensation, and, in that important respect, are similarly situated to those individuals who may opt into the action.

## FACTS

Wild Edibles is a purveyor of food products that supplies fish and other seafood to Wild Edibles retail locations and to several independent restaurants throughout the New York Metropolitan area. See September 20, 2007 Affidavit of Richard Martin, previously submitted to this Court as ECF document No. 5, and attached hereto for the Court's convenience as Exhibit 1 ("Martin Aff.), ¶5. The products are processed at the Defendants' wholesale location at 21-51

Borden Avenue, Long Island City, New York (referred to herein as the "warehouse"). Defendants' retail sites are located at Grand Central Market, Lexington Avenue at 43rd Street, New York, New York; 535 Third Avenue, New York, New York; 56 Adams Street, Brooklyn, New York; East 45th Street & 2nd Avenue, New York, New York; and 77 Seventh Avenue, New York, New York (collectively referred to herein as "retail locations"). Wild Edibles is a business corporation organized under the laws of New York State, while Defendant 535 Third Avenue LLC, d/b/a/ Wild Edibles ("535 Third Avenue"), is a limited liability company organized under the laws of the State of New York. See Complaint ¶13-14. Individual Defendant Richard Martin is the Chief Executive Office and owner of Defendants Wild Edibles, and 535 Third Ave. See Complaint ¶15; Answer ¶13. Individual Defendant Jonathan Meyer is a former co-owner of Wild Edibles. See Complaint ¶16. Defendants employ approximately 40 employees in the warehouse, and an approximately 20 employees throughout the retail locations.

For the period relevant to this motion -- three years prior to the filing of the Complaint (referred to herein as the "statutory period") -- Defendants maintained a uniform pay structure whereby they paid each employee a weekly sum that remained constant, regardless of the number of hours s/he worked during the pay-period. See April 29, 2008 Affidavit of Cesar Barturen, submitted in support of this Motion ("Barturen Aff."), ¶¶ 4-8, 10; April 30, 2008 Affidavit of Juan Carlos Molina, submitted in support of this Motion ("Molina Aff."), ¶¶ 4, 6; April 29, 2008 Affidavit of William Lopez, submitted in support of this Motion ("Lopez Aff."), ¶¶ 4, 6;[1] April 29, 2008 Declaration of Susan J. Cameron, Esq., submitted in support of this

---

[1] The attached affidavits of Barturen, Molina and Lopez were translated from English to Spanish, as indicated by the included Certificate of Accuracy. The Spanish translations were signed by the Affiants. Both English and Spanish Affidavits are included.

Motion ("Cameron Decl."), ¶¶ 5-8.  While employees regularly worked in excess of 40 hours a week, they were never paid premium compensation for any of these overtime hours.  See Complaint ¶¶ 33-35, 40; Answer ¶ 25; Barturen Aff. ¶¶ 4-8, 10; Molina Aff. ¶¶ 4, 6; Lopez Aff. ¶¶ 4, 6; Cameron Decl. ¶¶ 5-8.

Defendants' unlawful endeavors extended to record keeping practices as well.  Throughout the statutory period Defendants failed to maintain any record of the hours employees worked.  Employees were only sporadically required to record their entry or their departure times, but were never provided with any record of the hours they worked. See Barturen Aff. ¶ 9; Molina Aff. ¶ 4; Lopez Aff. ¶ 5; Cameron Decl. ¶¶ 5-8.  To the contrary, employees' pay stubs consistently failed to reflect hours worked, including overtime hours.  See Complaint ¶ 38; Barturen Aff. ¶ 9; Molina Aff. ¶ 5; Lopez Aff. ¶ 5; Cameron Decl. ¶¶ 5-8.  Moreover, Defendants endeavored to keep the employees ignorant of their rights under the FLSA as evidenced by Defendants' failure to post legally mandated notices informing employees of their overtime rights.  See 29 C.F.R. § 516.4 (2007).  See also Complaint ¶ 39; Barturen Aff. ¶ 11; Molina Aff. ¶ 7; Lopez Aff. ¶ 7.

Each of the named Plaintiffs is either a current or former Wild Edibles employee who was, or is currently, employed as a Warehouse Food Processor, Local Delivery Driver, or Retail Worker.  See Complaint ¶¶ 6-7.  Each named Plaintiff -- like all other employees -- was subject to the Defendants' unlawful compensation scheme.  See Barturen Aff. ¶¶ 4-8, 10; Molina Aff. ¶¶ 4, 6; Lopez Aff. ¶¶ 4, 6.

## **ARGUMENT**

The Court should conditionally certify this lawsuit to proceed as a collective action and should authorize notice, as proposed by Plaintiffs, to be distributed to all individuals who worked

for Wild Edibles at any time during the relevant period, September 17, 2004, three years prior to the filing of this action, to the present. Conditional certification and the accompanying notice and consent are appropriate because the initial pleadings and attached declarations demonstrate that the named Plaintiffs and the potential opt-in Plaintiffs are "similarly situated" in that they were all subject to the Defendants' unlawful policy of denying legally mandated overtime compensation.

**POINT I.**

**CONDITIONAL CERTIFICATION WITH COURT AUTHORIZED NOTICE IS APPROPRIATE BECAUSE PLAINTIFFS ARE "SIMILARLY SITUATED" TO CURRENT AND FORMERS EMPLOYEES**

A.    **Courts Will Grant Conditional Certification Upon A Minimal Showing That Named Plaintiffs Are Similarly Situated To Other Employees.**

Courts in the Second Circuit (and elsewhere) use a two-stage process to determine whether to certify a collective action under FLSA §216(b). See e.g. Fasanelli, 516 F.Supp at 321; Anglada, 2007 U.S. Dist. Lexis at *8. At the first stage of that process -- the "notice stage", which is at issue on this motion -- the Court makes a determination of whether a collective action should be conditionally certified for the purpose of sending notice of the action to potential class members. See e.g. Id. At the notice stage "courts utilize a lenient evidentiary standard in assessing whether the Plaintiff[s] ha[ve] presented sufficient evidence to demonstrate that a prospective class of member plaintiffs is similarly situated to the named Plaintiff[s]." Id. at *11. It is not until the second stage, after the conclusion of discovery, often in response to a motion to decertify, that the court uses a stricter standard for determining whether plaintiffs are similarly

situated.[2]  See e.g. Id. at n3; Harrington v. Education Management Corp., 02 Civ. 0787, 2002

U.S. Dist. LEXIS 8823, *5 (S.D.N.Y. May 17, 2002).

It is well established that plaintiffs meet their initial, notice stage burden by making "a

modest factual showing that [they] and the other putative class members were victims of a

common policy or plan that violated the law." Jacobsen v. The Stop & Shop Supermarket Co.,

02 Civ. 5915, 2003 U.S. Dist. LEXIS 7988 (S.D.N.Y. May 15, 2003) (internal quotations

omitted); Harrington, 2002 U.S. Dist. LEXIS at *304 (Named plaintiffs "may meet this burden

by making a modest factual showing sufficient to demonstrate that [they] and potential plaintiffs

together were victims of a common policy or plan that violated the law."); Zhao v. Benihana,

Inc., 01 Civ. 1297, 2001 U.S. Dist. LEXIS 10678 (S.D.N.Y. July 5, 2004).   If this lenient

standard is met, the district court "conditionally" certifies the class and facilitates the process by

which putative class members are given notice and the opportunity to opt-in, with the case

proceeding as a representative action throughout the course of discovery.   At the notice stage,

given the lenient standard applied, and the minimal evidentiary burden that plaintiffs carry, "the

court…typically grants conditional certification." Iglesias-Mendoza, 239 F.R.D. at 367.

**B.      Named Plaintiffs Are Similarly
         Situated to Potential Opt-In Plaintiffs.**

The initial pleadings, and the affidavits and declaration accompanying this motion,

establish that Defendants subjected employees to an unlawful compensation scheme whereby

---

[2] At this 'second stage' analysis, the court, having the benefit of discovery, "examines the record
and again makes a factual finding regarding the similarly situated requirement."   Iglesias-
Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 367 (S.D.N.Y. 2007).  If the opt-in plaintiffs
are determined not to be similarly situated after all discovery has been completed, the court
decertifies the class, and the opt-in plaintiffs' claims are dismissed without prejudice. See Id.

they consistently required employees to work more than 40 hours per week, but uniformly denied those employees premium overtime compensation to which they are statutorily entitled.

All named Plaintiffs and Plaintiffs who have opted in were paid a consistent amount each week, without regard to the number of hours worked, including those hours worked in excess of 40 in a week. See Complaint, ¶¶ 33-35; Barturen Aff. ¶¶ 4-8, 10; Molina Aff. ¶¶ 4, 6; Lopez Aff. ¶¶ 4, 6; Cameron Decl. ¶¶ 5-8. Indeed, Defendants do not deny paying the Plaintiffs a flat rate, regardless of hours worked. See Answer ¶ 25. It is equally clear that prospective opt-in Plaintiffs were compensated in precisely the same manner. See Barturen Aff. ¶¶ 9-10; Molina Aff. ¶¶ 5-6; Lopez Aff. ¶¶ 5-6; Cameron Decl. ¶ 5. Thus, Plaintiffs have demonstrated a "factual nexus" between their claims and those of potential opt-in Plaintiffs in that they were all "victims of a common policy or plan that violated law." Fasanelli, 516 F.Supp.2d at 321. Accordingly, named Plaintiffs and potential opt-in Plaintiffs are similarly situated such that conditional certification of the lawsuit as a collective action is appropriate under FLSA §216(b).

That the named Plaintiffs and potential opt-in Plaintiffs may hold different job titles or perform different job functions does not render collective action certification improper. Specific job duties of individual Plaintiffs and potential opt-in Plaintiffs are irrelevant at the notice stage since "the proper inquiry in a § 216(b) determination is whether plaintiffs are similarly situated *with respect to their allegations that the law has been violated*…and not whether plaintiffs' job responsibilities are identical in every possible respect." Chowdhury v. Duane Reade, Inc., 06 Civ. 2295, 2007 U.S. Dist. LEXIS 73853, *15 (S.D.N.Y. October 2, 2007) (emphasis in original, internal citations omitted.) Indeed, courts have granted conditional certification for FLSA actions, finding that plaintiffs were similarly situated to potential op-in plaintiffs, where different positions and different daily job duties were at issue. See e.g. Iglesias-Mendoza., 239 F.R.D. at

368; Realite v. Ark Restaurants Corp., 7 F.Supp. 2d 303, 307 (S.D.N.Y. 1998); Heagney v. European American Bank, 122 F.R.D. 125, 127 (E.D.N.Y. 1988). Therefore, as employees in all job classifications were subject to the Defendants' unlawful payment scheme, certification of the lawsuit as a collective action is proper notwithstanding different job titles or job functions between and among named and opt-in Plaintiffs.

Similarly, Defendants' affirmative defense that certain Plaintiffs are exempt from the FLSA does not effect the propriety of certifying this lawsuit as a collective action pursuant to § 216(b).[3]  Courts have found named plaintiffs and potential opt-in plaintiffs to be similarly situated for the purposes of conditional certification, notwithstanding alleged exemptions, where plaintiffs demonstrate that they were victims of a common compensation policy or plan. See e.g. Jacobsen, 2003 U.S. Dist. Lexis at *9-12; Gjurovich v. Emmanuel's Marketplace, Inc., 282 F.Supp. 2d 91, 98 (S.D.N.Y. 2003).

Of course, granting conditional certification and facilitating § 216(b) notice to all similarly situated employees, regardless of alleged exemptions or differing job functions, effectuates the broad remedial purposes of the FLSA, i.e., "to achieve judicial efficiency by settling the claims of similarly situated employees at the same time [and]. . . allow[ing] plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." Fasanelli, 516 F.Supp.2d at 323 (citing Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989)).  Denying conditional certification here based on alleged exemptions of differing job

---

[3] Defendants raise as a Second Affirmative Defense that "[v]arious Plaintiffs qualified for Motor Carrier, administrative and Executive exemption." See Answer, ¶ 43.

functions would force Plaintiffs to re-file this action as multiple separate actions, which would contravene the policy of judicial efficiency implied in § 216(b).

For all of the above reasons, it is clear that the conditional certification of this lawsuit as a collective action, and the authorization of notice to all similarly situated potential opt-in Plaintiffs, is appropriate under FLSA § 216(b).

## POINT II.

### THE PROPOSED NOTICE AND STATUTE OF LIMITATIONS PERIOD ARE APPROPRIATE

**A.    As Defendants Willfully Violated The FLSA,
A 3-Year Statute of Limitations Period Should Be Applied.**

For years, Defendants uniformly denied employees the premium overtime compensation to which they were statutorily entitled.  It is clear that this policy constitutes a knowing and willful violation of the FLSA such that application of a three-year statute of limitations period is appropriate.

While the statute of limitations under the FLSA is generally two (2) years, a three (3) year statute of limitations period will apply where a defendant's violation was "willful." See 29 U.S.C. § 255(a).  A defendant's violation is willful if he either knew his conduct violated the FLSA or showed reckless disregard for whether his actions complied with the Act.  See McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988); Brock v. Superior Care, Inc., 840 F.2d 1054, 1062 (2d Cir. 1988).  The Complaint, Answer and Affidavits supporting this motion demonstrate the willfulness of Defendants' conduct.  Defendants never reflected hours worked, including overtime hours, on any employee pay stubs (See Barturen Aff. ¶ 9; Molina Aff. ¶ 5; Lopez Aff. ¶ 5; Cameron Decl. ¶¶ 5-8); Defendants paid a flat weekly salary to employees who were clearly intended under the FLSA to be compensated on an hourly basis (See Barturen Aff.

¶¶ 4-8, 10; Molina Aff. ¶¶ 4, 6; Lopez Aff. ¶¶ 4, 6; Cameron Decl. ¶¶ 5-8); Defendants failed to keep proper records of employee hours worked (See Complaint, ¶¶ 33-35, 40); and Defendants never posted notice of employee rights under the FLSA (See Complaint ¶ 39; Barturen Aff. ¶ 11; Molina Aff. ¶ 7; Lopez Aff. ¶ 7).  In fact, there is not an iota of evidence to suggest that the Defendant made any attempt to comply with the FLSA.  It is, therefore, hard to imagine that this prolonged and pervasive scheme to deny employees their rights under the FLSA can be deemed anything other than willful.  Rather, this is exactly the type of conduct which demands the application of the three (3) year statute of limitations.

While Defendants deny that their violations of the FLSA were willful (Answer, ¶ 26), that denial should not defeat application of the three (3) year statute of limitations for the purpose of conditional certification and notice to potential opt-in Plaintiffs.  Sending notice to the largest possible opt-in Plaintiff class serves the broad interests of judicial efficiency implied in a FLSA collective action and articulated by the Supreme Court in Hoffmann.  See Hoffmann-La Roche, 493 U.S. at 170.  After discovery, when both the Court and the parties are in a better position to assess the appropriate statute of limitations period, no further notice need be mandated, and no potential opt-in Plaintiffs will have forsaken the opportunity to promptly assert their claims.

**B.      The Statute Of Limitations Should Be Equitably Tolled.**

Under the FLSA, the statute of limitations for each individual party plaintiff is not tolled until he or she files written consent to join the action, or until the court issues an equitable tolling order.  See 29 U.S.C. § 256(b).  Equitable tolling is appropriate under the FLSA where similarly-situated plaintiffs, through no fault of their own, have been unable to opt-in to the lawsuit.  See Lee v. ABC Carpet & Home, 236 F.R.D. 193, 200 (S.D.N.Y. 2006).  Here, as Defendants failed to post the legally mandated notices informing prospective plaintiffs of their rights under the

FLSA (Barturen Aff. ¶ 11; Molina Aff. ¶ 7; Lopez Aff. ¶ 7; 29), Plaintiffs were unable, through

no fault of their own, to assert those rights.  Accordingly, the statute of limitations should be

equitably tolled from the date the Complaint was filed, September 17, 2007.  See Iglesias-

Mendoza, 239 F.R.D. at 367 (Court held that at the conditional certification notice stage, the

court would accept Plaintiffs' allegations that Defendants failed to post notice, and equitably

tolled the statute of limitations for opt-in Plaintiffs.); 29 C.F.R. § 516.4.

## POINT III.

### COURT SHOULD APPROVE ATTACHED NOTICE AND ORDER
### PRODUCTION OF NAMES AND ADDRESSES OF POTENTIAL PLAINTIFFS

Because the substantial benefits of FLSA collective actions "depend on employees

receiving accurate and timely notice concerning the pendency of the collective action," the FLSA

grants the court authority to manage the process of joining such employees in the action,

including the power to authorize notice and monitor preparation and distribution of the notice.

Hoffmann-La Roche, 493 U.S. at 170.  "Court authorization of notice serves the legitimate goal

of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of

the action."  Id. at 172; Lee, 236 F.R.D. at 201.

**A.    Plaintiffs' Proposed Notice And Consent Are Appropriate.**

The proposed Notice of Pendency of Overtime Action and accompanying Consent to Join

as a Party Plaintiff, attached hereto as Plaintiffs' Exhibits 2 and 3 respectively, should be adopted

as the Court-authorized notice and consent.  A significant complement of potential opt-in

Plaintiffs speak Spanish as a first language.  See Barturen Aff. ¶ 12; Molina Aff. ¶ 8; Lopez Aff.

¶ 8; Cameron Decl. ¶ 9.  Accordingly, to effectuate the purpose of this notice - to give potential

opt-in Plaintiffs the opportunity to assert their claims under the FLSA - this notice and consent should be sent in both Spanish and English. See Exh. 2 and 3.

Moreover, it has been the experience of Plaintiffs' counsel that many Wild Edibles employees, the intended recipients of this notice and consent, have erratic housing arrangements resulting in frequent changes of address. See Cameron Decl. ¶ 4. Accordingly, Plaintiffs proposes mailing the Court authorized bilingual notice to all similarly situated Wild Edibles employees at their last known address, with a 60-day opt-in period. With a two-month opt-in period, more notices will reach their intended recipients as time for mail forwarding and address corrections is allowed.

However, Plaintiffs do anticipate that a significant number of notice and consents sent to the last known addresses of potential opt-in Plaintiffs will be returned as undeliverable. To increase the likelihood that potential opt-in Plaintiffs receive adequate notice of this lawsuit, and are afforded an opportunity to opt-in to the pending FLSA action, Plaintiffs respectfully request that the Court order supplemental notice provisions, in addition to standard mail notice. First, Plaintiffs request that the Court order Defendants to post the Court approved notice and consent in a prominent location in all Wild Edibles Warehouse and Retail locations. In addition, Plaintiffs respectfully request that the Court order Defendants to distribute the notice and consent along with employee paychecks within two weeks of the mailing of the Court approved notice and consent.

Plaintiffs respectfully request that the Court approve Plaintiffs' attached notice and consent, as well as Plaintiffs' proposed notice plan.

**B.**    **Defendants Should be Ordered to Provide The
Names And Last Known Addresses of Potential Opt
in Plaintiffs to Ensure Notice to All Potential Plaintiffs.**

To facilitate the sending of the notice and consent forms, Plaintiffs also move the Court

to direct the Defendants to provide, in electronic format, the names and last known addresses of

all potential opt-in plaintiffs.  Potential opt-in Plaintiffs include all Wild Edibles employees

employed by Defendants from September 17, 2004 -- three (3) years prior to the filing of the

Complaint.  Courts within the Second Circuit "routinely grant plaintiffs' motions to compel

production of the names and addresses of potentially similarly situated employees who may wish

to 'opt-in' to a collective action." Anglada, 2007 U.S. Dist. Lexis at *22.  See also Iglesias-

Mendoza, 239 F.R.D. at 370; Fasanelli, 516 F.Supp. 2d at 324; Chowdhury, 2007 U.S. Dist.

Lexis at *7; Lee, 236 F.R.D. at 205; Gjurovich, 282 F.Supp. 2d at 100.  Plaintiffs, therefore, ask

that the Court order the Defendants to produce the names and addresses no later than two weeks

after entry of the Order conditionally certifying this collective action.

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that this Court issue an

Order:

(1) conditionally certifying this lawsuit as a collective action pursuant to the
FLSA, 29 U.S.C. § 216(b), with the class to include all Wild Edibles
employees employed by Defendants from September 17, 2004, three (3)
years prior to the filing of the Complaint, until the present;

(2) directing Defendants to produce the names and last known addresses of all
Wild Edibles employees employed by Defendants from September 17, 2004
until the present;

(3) approving the proposed Notice of Pendancy of Overtime Action and
accompanying Consent to Join as a Party Plaintiff attached hereto as Exhibits
2 and 3 respectively, authorizing Plaintiffs to send said notice and consent;

{08009538}
170-000-00001

13

(4) directing Defendants to post the Court approved notice and consent in a prominent location in all Wild Edibles Warehouse and Retail locations and to distribute the notice and consent along with employee paychecks within two weeks of the mailing of the Court approved notice and consent;

(5) equitably tolling the statute of limitations from the date the Complaint was filed, September 17, 2007, for all potential opt-in Plaintiffs; and

(6) granting such other and further relief as is warranted.

Dated: May 1, 2008
       New York, New York

LEVY RATNER, P.C.

By:    Allyson L. Belovin (AB3702)
       LEVY RATNER, P.C.
       80 Eighth Avenue Floor 8
       New York, New York 10011
       (212) 627-8100
       (212) 627-8182 (fax)

       David B. Rankin
       Attorney At Law
       350 Broadway
       Suite 700
       New York, NY  10013
       (212) 226-4507
       (212) 658-9480 (fax)

{08009538}
170-000-00001

Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CESAR A. BARTUREN, et al.,

                  Plaintiffs,    :     **AFFIDAVIT IN OPPOSITION**

    -against-                :     07 CV 8127 (Stanton, J.)

WILD EDIBLES, INC., et al.,       :

                  Defendants.
-----------------------------------------------------------------X

STATE OF NEW YORK}

             S.S.

COUNTY OF NASSAU}

      Richard Martin, being duly sworn, does hereby depose and say:

**Introduction**

1.    I am a named Defendant herein and an officer of Wild Edibles, Inc. ("Wild")

2.    I make this affidavit to set forth the various fatal deficiencies (both factual and legal) in the Plaintiffs' application for a preliminary injunction.  In summary, neither this motion nor this action should continue in this Court as: (a) the subject motion should be denied as a retaliation claim under the Fair Labor Standards Act ("FLSA") cannot be brought until after a claim has been made to a court or the United States Department of Labor, while the Plaintiffs herein seek to premise their putative FLSA retaliation claim upon a solitary letter[1]; (b) the subject action should be dismissed or stayed, as the NLRB, having already assumed jurisdiction over this dispute, should be permitted to initially resolve the underlying representational issues; (c) the requested interim relief

---

[1]    The Plaintiffs herein previously claimed retaliation under the National Labor Relations Act.  This claim, as well as Wild's claim of secondary boycott and related coercive action by the International Workers of the World ("IWW") are under investigation by the National Labor Relations Board ("NLRB").

is not available as no irreparable harm would be avoided by the requested interim relief; and (d) the only allegations of retaliation asserted by persons with purportedly first hand knowledge are based upon union organizing activity, having virtually nothing to do with the FLSA.

3.     Plaintiffs have commenced this action and motion and seek to use this Court in a sanctionable effort to further the union organizing campaign of the IWW and provide unwarranted job security to all Wild employees.

4.     This subterfuge is poorly conceived and readily apparent, as set forth in detail below. Even the supporting affidavits, one of which was witnessed by an NLRB Board Agent, reveal their intent to be used as a basis for a claim before the NLRB, not this Court.

**Background**

5     Wild is a purveyor of food products. As stated by Mr. Borges in his affidavit, some of the food products are delivered by a crew of drivers who routinely drive across state lines (probably rendering them exempt from the application of the FLSA).

6     In or about late August of 2007, I became aware of the IWW' organizing campaign. While the presence or absence of a labor union has little bearing upon Wild, I do not believe representation by the IWW is best for Wild's employees. By way of example, Wild will be unable to reward better employees for their merit (as is currently done) and all employees will be compelled to pay dues to the IWW.

411631-1

7       I have not, however, terminated any employees due to either their concerted activity or any particular claim within the organizing campaign.  Similarly, I will not tolerate discrimination against any of Wild's employees based upon race, ethnicity, etc.

**The Plaintiffs Herein**

8.      There are 16 named Plaintiffs.  Eight remain in Wild's employ.  One, Julio Antonio, has never been in Wild's employ.  I do not know anyone by this name.  One, Raymundo Molina was discharged before I became aware of the IWW, after he was late 20 out of 30 days in one month.  Mr. Borges was not fired.  He quit.  He subsequently sought reinstatement, but I did not see the benefit in hiring him to await his next resignation.  One, Julio Cesar Moreno Gonzalez was discharged after he failed to appear for work and failed to advise us he would not be appearing for work (commonly called "no call, no show").  Messrs. Cuyate and Ferrosquilo separated from employment with Wild months or years before any organizing commenced.  Finally, Mr. Corona resigned just this past Friday, for no apparent reason.

**Conclusion**

9.      Based upon the above, I respectfully submit that Wild has not retaliated against any employee for either union sympathies or asserting a claim under the FLSA.

10.     Furthermore, I do not believe that this Court's time should be taken every time Wild needs to terminate the employment of someone who is caught stealing from the company (whether time, money or product), fighting with or

411631-1

discriminating against other employees, failing to appear for work, etc.  In

fact, should such a discharge be necessary, should the employee feel

aggrieved, he or she may then commence an action based upon retaliation, one

remedy for which may be reinstatement.

11.   In sum, the law already prohibits retaliation against someone for the filing of

an FLSA claim.  Consequently, the requested relief is unwarranted,

unnecessary and unlawful.

12.   In an abundance of caution, to assure total clarity, no employee of Wild, has

been or will be discharged or threatened with discharge due to their union

sympathies or participation in the Subject Action.

Wherefore, it is respectfully requested that the Subject Motion be denied in its

entirety, the Subject Complaint be dismissed in its entirety, or in the alternative stayed

pending the NLRB's determination, and that these Defendants be awarded such other and

further relief as this Court deems just and proper.

Richard Martin

Sworn to before me
this 20th day of September, 2007

NOTARY PUBLIC
THOMAS A. BIANCO
Wild/aff:41163 Notary Public, State of New York
No. 4894771
Qualified in Queens County
Commission Expires April 20, 2011

411631-1

Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CESAR A. BARTUREN, JASON BORGES,
RAUL LARA MOLINA, RAYMUNDO
LARA MOLINA, MIGUEL EDUARDO
TAVARA, MARCO ANTONIO CORONA,
JUAN CARLOS MOLINA, JULIO CESAR
MORENO GONZALEZ, PEDRO
HERNANDEZ HERNANDEZ, JULIO
ANTONIO, JULIO CARBONEL, EUSEBIO
SANTOS FERROSQULLO, LINO
MARTINEZ, JUAN JOSE PENA FARFAN,
JOSE FERNANDEZ, and JORGE LEGIS
CUYATE individually and on behalf of others
similarly situated,

                    Plaintiffs,

-against-

WILD EDIBLES, INC., 535 THIRD
AVENUE LLC, d/b/a/ WILD EDIBLES,
RICHARD MARTIN, and JONATHAN
MEYER,

                    Defendants.

**NOTICE OF PENDENCY
OF OVERTIME ACTION**

07 Civ. 8127 (LLS)

---

**FROM:**     Allyson L. Belovin, Esq. of Levy Ratner, P.C. and David B. Rankin, Esq.,

attorneys for the Plaintiffs.

**TO:**     Current and former employees of Wild Edibles, Inc. and 535 Third Avenue,

LLC d/b/a Wild Edibles ("WILD EDIBLES"). This Notice concerns you if you currently work

for WILD EDIBLES, or, if at any time from September 17, 2004 until the present, you worked

for WILD EDIBLES.

**RE:**     Fair Labor Standards Act Lawsuit filed against WILD EDIBLES.

The purpose of this Notice is to inform you of the existence of a collective lawsuit in which you potentially are "similarly situated" to the above named Plaintiffs, to advise you of how your rights may be affected by this suit, and to instruct you of the procedure for participating in this suit.

The lawsuit at issue was filed on September 17, 2007 against Defendant WILD EDIBLES, 535 Third Avenue, LLC, d/b/a Wild Edibles, Richard Martin and Jonathan Meyer, in the United States District Court for the Southern District of New York. The Plaintiffs allege that WILD EDIBLES violated the Fair Labor Standards Act by not paying wages for overtime compensation to eligible workers currently or formerly employed at WILD EDIBLES. The Plaintiffs contend that they worked, in numerous weeks, over 40 hours per week, and that they were not paid any overtime pay, at the rate of time and one-half their regular hourly rate, but were paid only for 40 hours per week. The lawsuit is seeking unpaid overtime pay from WILD EDIBLES, as well as costs and attorneys fees, to compensate eligible employees. WILD EDIBLES denies the Plaintiffs' allegation, and denies that it is liable to the Plaintiffs for any unpaid overtime pay, costs or attorneys fees sought.

## COMPOSITION OF THE OVERTIME CLASS

The named Plaintiffs seek to sue on behalf of themselves and other employees to whom they are similarly situated. Specifically, the Plaintiffs seek to sue on behalf of any and all employees who have worked at WILD EDIBLES at any time from September 17, 2004 until present.

## YOUR RIGHT TO PARTICIPATE IN THIS SUIT

If you fit the definition above, you may join this case by completing and mailing the attached form to the Plaintiffs' counsel at the following address:

170-000-00001

Allyson L. Belovin, Esq.
Levy Ratner, P.C.
80 Eighth Avenue, 8th Floor
New York, N.Y. 10011
Tel:    (212) 627-8100
Fax:    (212) 627-8182
Email: abelovin@lrbpc.com

The form must be sent to the Plaintiffs' counsel in sufficient time to have Plaintiffs'

counsel file it with the federal court on or before [60 DAYS FROM THE DATE OF THIS

NOTICE]. If you fail to return the Consent to Join as a Party Plaintiff form to the Plaintiffs'

counsel in time for it to be filed with the federal court on or before the above deadline, you may

be unable to participate in this lawsuit. If you join this case, you may also be required to provide

written answers to questions and provide documents regarding your employment and hours of

work. You must also preserve all records related to your employment and wages including

copies of your W-2s, tax returns and expenses.

## EFFECTS OF JOINING THIS SUIT

If you choose to join this case, you will be bound by the judgment, whether it is

favorable or unfavorable. You may also be held liable for costs associated with the lawsuit, and

for any potential counterclaims which could be asserted against you by the Defendant. At

present, no counterclaims have been asserted against the Plaintiffs.

The attorneys for the Plaintiffs are being paid on a contingency fee basis, which means

that if there is no recovery there will be no attorney's fee. If there is a recovery, the attorney will

receive a part of any settlement obtained or money judgment entered in favor of all members in

this action. If you sign and return the Consent to Join as a Party Plaintiff form attached to this

Notice, you are agreeing to designate the representative Plaintiffs as your agent to make

decisions on your behalf concerning the litigation, the method and manner of conducting this

170-000-00001

3

litigation, the entering of an agreement with the Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiffs will be binding on you if you join this lawsuit. However, the Court has retained jurisdiction to determine the reasonableness of any contingency agreement entered into by the Plaintiffs with counsel, and to determine the adequacy of the Plaintiffs' counsel.

## LEGAL EFFECT OF NOT JOINING

If you choose not to join the suit, you will not be affected by the judgment. In other words, if you do not file a consent form and join in this case, you will not receive any damages or other relief if the Plaintiffs prevail here. If you choose not to join this suit, you are free to bring your own lawsuit. You could obtain any damages or other relief only if you began a timely independent legal proceeding as prescribed by the Fair Labor Standards Act and the Portal-to-Portal Act.

It is entirely your own decision whether or not to join this suit. You are not required to file your consent or to take any action unless you want to. If, however, you decide to join this case by filing your consent, you will be bound by the judgment of the Court on all issues in this case.

## PROTECTION AGAINST RETALIATION

Federal law prohibits Defendants from discharging or in any manner discriminating or retaliating against you because you join this action, or have in any other way exercised your rights under the Fair Labor Standards Act.

## YOUR LEGAL REPRESENTATIVES IF YOU JOIN

If you choose to join this suit as a party Plaintiff, and agree to be represented by the named Plaintiffs through their attorneys, your counsel in this action will be:

Allyson L. Belovin, Esq.
Levy Ratner, P.C.
80 Eighth Avenue, 8th Floor
New York, N.Y. 10011
Tel:    (212) 627-8100
Fax:    (212) 627-8182
Email: abelovin@lrbpc.com

David B. Rankin, Esq.
350 Broadway, Suite 700
New York, N.Y. 10013
Tel:    (212) 226-4507
Fax:    (212) 658-9480
Email: davidbrankin@gmail.com

Further information about this Notice, the deadline for filing a Consent to Join as a Party Plaintiff, or questions concerning this lawsuit may be obtained by writing or phoning the Plaintiffs' counsel at the telephone numbers and addresses stated above.

**THIS NOTICE AND ITS CONSENTS HAVE BEEN AUTHORIZED BY JUDGE LOUIS L. STANTON, UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK. THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF THE DEFENDANTS' DEFENSES.**

Dated:  New York, New York
        ——

# TECHNICAL LANGUAGE CONSULTANTS
### Translators - Interpreters
7004 Boulevard East, Suite 32-E
Guttenberg, N.J. 07093-5046
Telephone No.: (212) 534-6165
E-mail: bernhardt2@aol.com

Isolina Bernhardt, Owner

- - - - - - - - - - - - - - - - - - - - - - - -x

STATE OF NEW JERSEY

HUDSON COUNTY

CERTIFICATE OF ACCURACY

- - - - - - - - - - - - - - - - - - - - - - - -x


ISOLINA BERNHARDT, ss:


1. I am a federally certified Spanish-English Court Interpreter since 1980, pursuant to written and oral examinations given by the Administrative Office of the United States Courts. In such capacity, I am authorized to translate documents for judicial proceedings to be produced in Court. I have worked in such capacity in my own name and under my company's name, TECHNICAL LANGUAGE CONSULTANTS, since 1980.

2. I certify that I have translated the attached document, Notice of Pendency of Overtime Action, from English into Spanish, consisting of six (6) pages, to the best of my knowledge and ability.


_Isolina Bernhardt_
Isolina Bernhardt
Federally Certified Court
Interpreter/Translator



Sworn to before me, this
3⁰th day of  April, 2008.

_Sh Steiner_
NOTARY PUBLIC

SHERRI LOU STEINER
NOTARY PUBLIC OF NEW JERSEY
My Commission Exp. June 14 2009
ID No. 2224136

# TRADUCCIÓN

NOTICE/AVISO

TRIBUNAL FEDERAL DE PRIMERA
INSTANCIA
DISTRITO SUR DE NUEVA YORK

César A. Barturén, Jason Borges, Raúl Lara
Molina, Raymundo Lara Molina, Miguel
Eduardo Tabara, Marco Antonio Corona, Juan
Carlos Molina, Julio César Moreno González,
Pedro Hernández Hernández, Julio Antonio,
Julio Carbonel, Eusebio Santos Ferrosquillo,
Limo Martínez, Juan José Pena Farfán, José
Fernández, y Jorge Legis Cuyate Carmona,
a título individual y a nombre de otras personas
en situación semejante,

**AVISO DE LITISPENDENCIA
DE LA ACCIÓN POR HORAS
EXTRAORDINARIAS**

07-Civ-8127 (LLS)

las Partes Demandantes,

-contra-

Wild Edibles, Inc., 535 Third Avenue, LLC,
realizando operaciones como Wild Edibles,
Richard Martin, y Jonathan Meyer,

las Partes Demandadas.

**DE:**   La Lic. Allyson L. Belovin, del estudio jurídico Levy Ratner, P.C., y el Lic.

David B. Rankin, abogados de las Partes Demandantes.

**A:**   Los empleados actuales y ex-empleados de Wild Edibles, Inc. y de 535

Third Avenue, LLC, realizando operaciones como Wild Edibles ("WILD

EDIBLES"). El presente Aviso le atañe si trabaja actualmente para WILD

EDIBLES, o si, en algún momento en el periodo comprendido entre el 17

de septiembre, 2004 hasta el presente, ha trabajado para WILD EDIBLES.

**ASUNTO:** Acción judicial entablada contra WILD EDIBLES, en virtud de la *Fair Labor Standards Act* (Ley sobre normas laborales ecuánimes).

El propósito del presente Aviso es informarle de la existencia de una acción judicial colectiva en la que posiblemente Ud. se hallaría en "situación semejante" a la de las Partes Demandantes arriba mencionadas, informarle de cómo sus derechos podrían verse afectados por esta acción judicial, y darle instrucciones sobre el procedimiento para participar en esta acción judicial.

La acción judicial en lititgio se entabló el 17 de septiembre, 2007, en contra de las Partes Demandadas WILD EDIBLES, 535 Third Avenue, LLC, realizando operaciones como Wild Edibles, Richard Martin y Jonathan Meyer, en el Tribunal Federal de Primera Instancia del Distrito Sur de Nueva York. Las Partes Demandantes alegan que WILD EDIBLES violó la Ley sobre normas laborales ecuánimes al no pagar salarios por concepto de horas extraordinarias a los empleados con derecho percibirlos que trabajen actualmente o que hayan trabajado en el pasado en WILD EDIBLES. Las Partes Demandantes sostienen que trabajaron, durante numerosas semanas, más de 40 horas a la semana, y que no se les pagó ninguna hora extraordinaria a razón de tiempo y medio de su hora ordinaria de trabajo, sino que sólo se les pagaba a razón de 40 horas por semana. En la acción judicial se solicita a WILD EDIBLES el pago de horas extraordinarias no pagadas para remunerar a los empleados que tengan derecho a percibirlo, así como el pago de costas y honorarios de abogados. WILD EDIBLES niega las alegaciones de las Partes Demandantes, y niega ser responsable ante las Partes Demandantes de todo pago por concepto de horas extraordinarias no pagadas, costas u honorarios de abogados que se han solicitado.

## COMPOSICIÓN DE LA CATEGORÍA DE HORAS EXTRAORDINARIAS

Las Partes Demandantes mencionadas solicitan demandar a nombre propio y a nombre de otros empleados con respecto a los cuales se hallan en situación semejante.   Concretamente, las Partes Demandantes solicitan demandar a nombre de todos y cada uno de los empleados que hayan trabajado en cualquier momento o que trabajen en WILD EDIBLES desde el 17 de septiembre, 2004 hasta la fecha actual.

## SU DERECHO A PARTICIPAR EN LA PRESENTE ACCIÓN JUDICIAL

Si está comprendido dentro la definición arriba mencionada, puede asociarse a esta acción judicial llenando y enviando por correo el formulario que se adjunta a la asesora jurídica de la Parte Demandada a la dirección siguiente:

Allyson L. Belovin, Esq.
Levy Ratner, P.C.
80 Eighth Avenue, 8th Floor
New York, N.Y. 10011
Tel:    (212) 627-8100
Fax:    (212) 627-8182
Correo electrónico:  abelovin@lrbpc.com

El formulario debe enviarse a la asesora jurídica de las Partes Demandantes con suficiente tiempo para que la asesora jurídica de las Partes Demandantes lo presente ante el tribunal federal el día [60 DÍAS A PARTIR DE LA FECHA DEL PRESENTE AVISO] o antes de esa fecha. Si no envía el Consentimiento para asociarse a la acción judicial como Parte Demandante a la asesora jurídica de las Partes Demandantes a tiempo para presentarlo ante el tribunal federal en la fecha o antes de la fecha mencionada más arriba, es posible que no pueda participar en la presente acción judicial.  Si se asocia a esta acción, podría exigírsele que diera respuestas por escrito a preguntas y que proporcionara documentos relacionados con su empleo y las horas de trabajo.  Asimismo, tiene que conservar todos los documentos relacionados con su

empleo y salario, incluidos copias de los formularios W-2, las declaraciones del impuesto sobre la renta y gastos.

### EFECTOS DE ASOCIARSE A LA PRESENTE ACCIÓN JUDICIAL

Si opta por asociarse a esta causa, la sentencia será vinculante en lo que a Ud. respecta, independientemente de que la sentencia sea favorable o desfavorable. Asimismo, podría ser declarado responsable del pago de las costas relacionadas con la acción judicial, y de toda posible reconvención que la Parte Demandada pudiera hacer valer en su contra.  En la actualidad, no se ha  hecho valer ninguna reconvención en contra de las Parte Demandantes.

El pago de los honorarios a los abogados de las Partes Demandantes será condicional, lo que significa que si no hay sentencia favorable en la que se ordene el pago de sumas de dinero no se incurrirán honorarios de abogado. Si la sentencia es favorable, el(la) abogado(a) recibirá una porción de cualquier transacción obtenida o del fallo registrado que disponga el pago de sumas de dinero. Si firma y devuelve el formulario de Consentimiento para asociarse a la acción judicial como Parte Demandante  que se adjunta al presente Aviso, conviene en designar como su apoderado(a) al(a la) representante de las Partes Demandantes para tomar decisiones a nombre suyo en lo concerniente al pleito, al método y la manera de seguir el presente pleito, la celebración de un acuerdo con los asesores jurídicos de las Partes Demandantes en relación con honorarios de abogado y costas, y con todos los demás asuntos con relacionados con la presente acción judicial.  Si se asocia a la presente acción judicial, las decisiones tomadas y los acuerdos celebrados por el(la) representante de las Partes Demandantes serán vinculantes en lo que a Ud. respecta.  No obstante, el Tribunal ha mantenido la competencia para determinar la razonabilidad de cualquier acuerdo de cuota litis celebrado entre las las Partes Demandantes y los asesores jurídicos, así como la idoneidad de los asesores jurídicos de las Partes Demandantes.

## EFECTOS JURÍDICOS DE NO ASOCIARSE A LA ACCIÓN JUDICIAL

Si opta por no asociarse a la acción judicial, no se verá afectado por la sentencia. En otras palabras, si no presenta el formulario de consentimiento y se asocia a esta causa, no recibirá ninguna indemnización ni ninguna otra reparación judicial si las Partes Demandantes vencen en su demanda. Si opta por no asociarse a esta acción judicial, Ud. está en libertad de entablar su propia demanda. Sólo podría obtener alguna indemnización u otra reparación judicial si ha comenzado un procedimiento jurídico independiente y oportuno, según lo dispuesto por la Ley sobre normas laborales ecuánimes y la Ley Portal-a-Portal.

La decisión de asociarse o no a esta acción judicial es suya. No está en la obligación de presentar su consentimiento ni de tomar ningua medida a menos que desee hacerlo. Sin embargo, si decide asociarse a esta acción judicial presentando su consentimiento, la sentencia del Tribunal en relación con todas las cuestiones de esta causa será vinculante en lo que a Ud. respecta.

## PROTECCIÓN CONTRA REPRESALIAS

La ley federal prohíbe que las Partes Demandadas despidan o discriminen en contra suya de cualquier manera que fuere o que tomen represalias en contra suya por haberse asociado a esta acción judicial, o por haber ejercido sus derechos de alguna otra manera en virtud de la Ley sobre normas laborales ecuánimes.

## SUS REPRESENTANTES LEGALES SI SE ASOCIA A LA ACCIÓN JUDICIAL

Si opta por asociarse a esta acción judicial como Parte Demandante , y si conviene en ser representado por las Partes Demandantes mencionadas por intermedio de sus abogados, sus asesores jurídicos en esta acción serán los siguientes:

Allyson L. Belovin, Esq.
Levy Ratner, P.C.
80 Eighth Avenue, 8th Floor
New York, N.Y. 10011
Tel:    (212) 627-8100
Fax:    (212) 627-8182
Email: abelovin@lrbpc.com

David B. Rankin, Esq.
350 Broadway, Suite 700
New York, N.Y. 10013
Tel:    (212) 226-4507
Fax:    (212) 658-9480
Email: davidbrankin@gmail.com

Podrá obtener más información sobre el presente Aviso, sobre la fecha límite para presentar el Consentimiento para asociarse a la acción judicial como Parte Demandante , o sobre dudas relacionadas con  esta acción judicial si escribe o llama por teléfono a los asesores jurídicos de la Parte Demandante  a los números de teléfono y a las direcciones mencionados más arriba.

**EL PRESENTE AVISO Y SUS CONSENTIMIENTOS HAN SIDO AUTORIZADOS POR EL ILMO. SR. JUEZ LOUIS L. STANTON, TRIBUNAL FEDERAL DE PRIMERA INSTANCIA DEL DISTRITO SUR DE NUEVA YORK. EL JUEZ NO HA TOMADO NINGUNA POSICIÓN CON RESPECTO A LAS CUESTIONES DE FONDO CORRESPONDIENTES A LAS PRETENSIONES DE LAS PARTES DEMANDANTES O LAS DEFENSAS DE LAS PARTES DEMANDADAS.**

Fechado en:
Nueva York, Nueva York,

_____

Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

CESAR A. BARTUREN, JASON BORGES,
RAUL LARA MOLINA, RAYMUNDO
LARA MOLINA, MIGUEL EDUARDO
TAVARA, MARCO ANTONIO CORONA,
JUAN CARLOS MOLINA, JULIO CESAR
MORENO GONZALEZ, PEDRO
HERNANDEZ HERNANDEZ, JULIO
ANTONIO, JULIO CARBONEL, EUSEBIO
SANTOS FERROSQULLO, LINO
MARTINEZ, JUAN JOSE PENA FARFAN,
JOSE FERNANDEZ, and JORGE LEGIS
CUYATE individually and on behalf of others
similarly situated,

**CONSENT TO JOIN AS A
PARTY PLAINTIFF**

07 Civ. 8127 (LLS)

                    Plaintiffs,

-against-

WILD EDIBLES, INC., 535 THIRD
AVENUE LLC, d/b/a WILD EDIBLES,
RICHARD MARTIN, and JONATHAN
MEYER,

                    Defendants.

_____

    Pursuant to §216(b) of the Fair Labor Standards Act, I hereby give my consent to be a

party Plaintiff in the above-captioned civil action to recover unpaid overtime compensation and

minimum wages, and agree to be bound by any settlement or judgment of the court in such

action.  I authorize my attorneys, Allyson L. Belovin, Esq. of Levy Ratner, P.C. and David B.

Rankin, Esq., to act on my behalf in all matters relating to this action, including the settlement of

the Plaintiffs' claims.  By my signature below, I hereby designate the above named class

170-000-00001

representatives as my agents to make decisions on my behalf concerning the litigation, the

method and manner of conducting this litigation, the entering of an agreement with the Plaintiffs'

counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____          _____
SIGNATURE                                 Telephone Number
(sign your name)

_____          _____
(print your name)                         (Street Address)

_____          _____
(e-mail address)                          (City, State, Zip)

170-000-00001

# TECHNICAL LANGUAGE CONSULTANTS

**Translators - Interpreters**
7004 Boulevard East, Suite 32-E
Guttenberg, N.J. 07093-5046
Telephone No.: (212) 534-6165
E-mail: bernhardt2@aol.com

Isolina Bernhardt, Owner

- - - - - - - - - - - - - - - - - - - - - - - -x

STATE OF NEW JERSEY

HUDSON COUNTY

**CERTIFICATE OF ACCURACY**

- - - - - - - - - - - - - - - - - - - - - - - -x

ISOLINA BERNHARDT, ss:

1. I am a federally certified Spanish-English Court Interpreter since 1980,
pursuant to written and oral examinations given by the Administrative Office of the
United States Courts. In such capacity, I am authorized to translate documents for judicial
proceedings to be produced in Court. I have worked in such capacity in my own name
and under my company's name, TECHNICAL LANGUAGE CONSULTANTS, since
1980.

2. I certify that I have translated the attached document, Consent to Joint
as a Party Plaintiff, from English into Spanish, consisting of two (2) pages, to the best of
my knowledge and ability.

*Isolina Bernhardt*

Isolina Bernhardt
Federally Certified Court
Interpreter/Translator

Sworn to before me, this
3o th day of April, 2008.

NOTARY PUBLIC

SHERRI LOU STEINER
NOTARY PUBLIC OF NEW JERSEY
My Commission Exp. June 14 2009
ID No. 2224136

**TRADUCCIÓN**

CONSENT/CONSENTIMIENTO

TRIBUNAL FEDERAL DE PRIMERA INSTANCIA
DISTRITO SUR DE NUEVA YORK

_____

César A. Barturén, Jason Borges, Raúl Lara Molina, Raymundo Lara Molina, Miguel Eduardo Tabara, Marco Antonio Corona, Juan Carlos Molina, Julio César Moreno González, Pedro Hernández Hernández, Julio Antonio, Julio Carbonel, Eusebio Santos Ferrosquillo, Limo Martínez, Juan José Pena Farfán, José Fernández, y Jorge Legis Cuyate, a título individual y a nombre de otras personas en situación semejante,

**CONSENTIMIENTO PARA ASOCIARSE A LA ACCIÓN JUDICIAL COMO PARTE DEMANDANTE**

07 Civ. 8127 (LLS)

las Partes Demandantes,

-contra-

Wild Edibles, Inc., 535 Third Avenue, LLC, realizando operaciones como Wild Edibles, Richard Martin, y Jonathan Meyer,

las Partes Demandadas.

_____

De conformidad con el inciso (b), §216, de la *Fair Labor Standards Act* (Ley sobre normas laborales ecuánimes), por medio del presente doy mi consentimiento para ser Parte Demandante en la acción judicial civil que se menciona en el epígrafe para recuperar remuneración por concepto de horas extraordinarias y salarios mínimos no pagados, y convengo en que cualquier transacción o sentencia del tribunal en la mencionada acción judicial será vinculante en lo que a mí respecta. Autorizo a mis abogados, la Lic. Allyson L. Belovin, del

estudio jurídico Levy Ratner, P.C., y el Lic. David B. Rankin, a que actúen a nombre mío en todos los asuntos relacionados con esta acción judicial, incluida la transacción en virtud de las pretensiones de las Partes Demandantes. Al firmar más abajo, por medio del presente designo como apoderados a los representantes en la acción colectiva mencionados más arriba para que tomen decisiones a nombre mío en lo concerniente al pleito, al método y la manera de seguir este pleito, la celebración de un acuerdo con los asesores jurídicos de las Partes Demandantes en relación con honorarios de abogado y costas, y con todos los demás asuntos con relacionados con esta acción judicial.

_____  
FIRMA  
(Firme su nombre)

_____  
Número de teléfono

_____  
(Escriba su nombre con letra de molde)

_____  
(Dirección: Calle y número)

_____  
(Dirección electrónica)

_____  
(Ciudad, estado, código postal)