UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Cesar A. Barturen, Jason Borges,
Raul Lara Molina, Raymundo Lara Molina,
Miguel Eduardo Tabara, Marco Antonio
Corona, Juan Carlos Molina, Julio Cesar
Moreno Gonzalez, Pedro Hernandez
Hernandez, Julio Antonio, Julio Carbonel,
Eusebio Santos Ferrosqullo, Limo
Martinez, Juan Jose Pena Farfan,
Jose Fernandez, and Jorge Legis Cuyate
Carmona on behalf of themselves and all
other employees similarly situated as class
and collective representatives,

            Plaintiffs,

- against -

Wild Edibles, Inc., 535 Third Avenue
LLC, d/b/a Wild Edibles, Richard Martin,
and Jonathan Meyer,

            Defendants.

07-CV-8127 (LLS)

---

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONTEMPT

By: Richard M. Howard (RMH-2932)
     Attorneys for Defendants

LAW OFFICES
**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
190 WILLIS AVENUE, MINEOLA, NY 11501
(516) 747-0300
FACSIMILE: (516) 747-0653

# TABLE OF CONTENTS

**PAGE**

**TABLE OF AUTHORITIES**..................................................................i, ii

**PRELIMINARY STATEMENT**....................................................................1

**STATEMENT OF FACT**............................................................................3

**ARGUMENT**
    **PLAINTIFFS, HAVING FAILED TO SET FORTH CLEAR
    AND CONVINCING EVIDENCE OF DEFENDANTS'
    VIOLATION OF THE COURT'S ORDER FAILED TO
    MEET THEIR BURDEN OF PROOF FOR THE ISSUANCE
    OF AN ORDER FINDING THE DEFENDANTS IN CONTEMPT**............3

**CONCLUSION**.......................................................................................6

434486-1

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

Aspira of New York, Inc. v. Bd. of Educ.,
423 F.Supp. 647 (S.D.N.Y. 1976).................................................................4

Bowens v. Atlantic Maintenance Corp.,
2008 WL 1827439 (E.D.N.Y. 2008)..............................................................3

California Artificial Stone Paving Co. v. Molitor,
113 U.S. 609 (1885)........................................................................................6

Cohen v. Metropolitan Life Ins. Co.,
2008 WL 1826484 (S.D.N.Y. 2008)..............................................................3

International Controls and Measurements Corp. v. Watsco, Inc.,
853 F.Supp. 585 (N.D.N.Y. 1994).................................................................4

International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n,
389 U.S. 64 (1967)..........................................................................................5

King v. Allied Vision, Ltd.,
65 F.3d 1051 (2d Cir. 1995).......................................................................4, 5

Kozlowsky v. K-Mart Corp.
1990 WL 90537 (D.N.J 1990).......................................................................1

LaRosa v. United Parcel Service, Inc.,
23 F.Supp.2d 136 (D.Mass. 1998).................................................................1

NLRB v. Local 282,
428 F.2d 994 (2d Cir. 1970)..........................................................................4

Powell v. Ward,
643 F.2d 924 (2d Cir. 1981) .........................................................................4

S&L Vitamins, Inc. v. Designer Skin, LLC,
2008 WL 1836945 (E.D.N.Y. 2008)..............................................................6

<u>United States v. D-M Sales Corp.</u>,
903 F.Supp. 441 (E.D.N.Y. 1995).................................................................4

<u>United States v. United Mine Workers of Am.</u>,
330 U.S. 258 (1947)........................................................................................5


**Statutes**

*AMJUR CONTEMPT* § 28....................................................................................6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Cesar A. Barturen, Jason Borges,
Raul Lara Molina, Raymundo Lara Molina,
Miguel Eduardo Tabara, Marco Antonio
Corona, Juan Carlos Molina, Julio Cesar
Moreno Gonzalez, Pedro Hernandez
Hernandez, Julio Antonio, Julio Carbonel,
Eusebio Santos Ferrosqullo, Limo
Martinez, Juan Jose Pena Farfan,
Jose Fernandez, and Jorge Legis Cuyate
Carmona on behalf of themselves and all
other employees similarly situated as class
and collective representatives,

        07-CV-8127 (LLS)

        Plaintiffs,

- against -

Wild Edibles, Inc., 535 Third Avenue
LLC, d/b/a Wild Edibles, Richard Martin,
and Jonathan Meyer,

        Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONTEMPT

### PRELIMINARY STATEMENT

Plaintiffs have no basis in fact or law for the instant motion. The Defendants have not violated the Court's order concerning the actual discharge of Cesar Barturen and did not discharge Pedro Hernandez during the time in question.

As to the discharge of Mr. Barturen, it is well settled that theft of time from an employer provides just cause for the discharge of that employee, <u>Kozlowsky v. K-Mart Corp.</u> 1990 WL 90537, 3 (D.N.J.); <u>LaRosa v. United Parcel Service, Inc.</u> 23 F.Supp.2d

136, 151 (D.Mass.,1998). Mr. Barturen was not discharged for simply receiving a parking ticket (as disingenuously pled by the Plaintiffs) but for being asleep in the company truck, while double parked, on company time (resulting in the theft of time). Furthermore, he was apparently so soundly asleep that a parking ticket could be written out and placed on the vehicle, yet he knew nothing of it.[1]

As to allegations that Mr. Barturen was retaliated against by being deprived a truck loader and that the seafood warehouse was too cold, the first is a remarkable assertion considering Mr. Barturen's hours worked for the week never changed. Hence if it took longer to load, yet his weekly hours remained unchanged for the same job, his productivity must have been exceedingly poor. This is all the more remarkable in that the person currently driving Mr. Barturen's route (without benefit of a loader as the Defendants always have had the driver load the vehicle for domestic stops) completes the route in far less time than Mr. Barturen took.

The temperature of the warehouse is mandated by the Hazard Analysis and Critical Control Point ("HACCP") plan of the Food and Drug Administration to assure food safety for consumers. As Plaintiffs, their putative union and its apparent agent have called various agencies including OSHA and the New York State Department of Environmental Conservation Bureau of Fish, Wildlife and Marine Resources and no violations have been found, this allegation proves similarly baseless.

In sum, Defendants have diligently respected the Court's order. The Plaintiffs have sought to deceive this Court, providing a portion of the actual facts ignoring and

---

[1] Giving Mr. Barturen the benefit of the doubt that he did not simply discard or otherwise hide the ticket from his employer.

434486-1                                                       2

failing to advise the Court of pertinent facts. No basis exists for a finding of contempt against the Defendants.

## STATEMENT OF FACT

The salient facts have been set forth in the opposing affidavit of Richard Martin, which is respectfully referenced herein.

## ARGUMENT

## PLAINTIFFS, HAVING FAILED TO SET FORTH CLEAR AND CONVINCING EVIDENCE OF DEFENDANTS' VIOLATION OF THE COURT'S ORDER FAILED TO MEET THEIR BURDEN OF PROOF FOR THE ISSUANCE OF AN ORDER FINDING THE DEFENDANTS IN CONTEMPT

In point of fact, Plaintiffs cannot prove by clear and convincing evidence that Defendants are in contempt of the Court's order because the Defendants did not violate same vis-à-vis the discharge of Cesar Barturen and, what is no more than the Defendants viewing of the unusual behavior of Pedro Hernandez. If an issue exists as to a brief suspension of another employee, Defendants have explained the nature of the innocent mistake that resulted in said suspension.

It is well settled that in order to hold a party to be in contempt of a Court's order, the moving party must prove: (a) the clarity of the order; (b) the violation of same by clear and convincing evidence; and (c) that the alleged contemnor has not diligently tried to comply with the Court's order, _Cohen v. Metropolitan Life Ins. Co._ 2008 WL 1826484, 1 (S.D.N.Y.); _Bowens v. Atlantic Maintenance Corp._ 2008 WL 1827439, 6 (E.D.N.Y.). As stated in _Bowens_:

> There are three essential elements which must be established before a party can be held in civil contempt: 1) there must be an order that is "clear and unambiguous," *Powell v. Ward,* 643 F.2d at 931 (citing *International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n,* 389 U.S. 64, 75-76 (1967)); 2) the proof of non-compliance with that order must be " 'clear and convincing,' " *id.* (quoting *NLRB v. Local 282,* 428 F.2d 994, 1001-02 (2d Cir.1970)); and 3) it must be shown that the contemnor has not " 'been reasonably diligent and energetic in attempting to accomplish what was ordered.' " *Id.* (quoting *Aspira of New York, Inc. v. Bd. of Educ.,* 423 F.Supp. 647, 654 (S.D.N.Y.1976)). See also *King v. Allied Vision, Ltd.,* 65 F.3d 1051, 1058 (2d Cir.1995) (holding that "[a] contempt order is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict"); *United States v. D-M Sales Corp.,* 903 F.Supp. at 433.[FN4]

In the case at bar, the Plaintiff points to two (2) alleged discharges, only one of which actually occurred. Pedro Hernandez was not discharged in December of 2007. The e-mail correspondence between counsel, particularly the e-mail Plaintiffs conveniently failed to include in their submission to this Court, make this remarkably clear. The fact is Mr. Hernandez was discharged months later for threatening the life of another employee, for which discharge the requisite notice was provided and which has gone unchallenged. To say the least, clear and convincing evidence of violation of the order has not been proven. To the contrary, Defendants have provided clear and convincing evidence that Mr. Hernandez was not discharged at the time in question and consequently, no violation occurred.

434486-1                                    4

Turning to Cesar Barturen, as previously set forth, it is well settled that theft of time is ample grounds for just cause for the discharge of an employee, <u>Kozlowsky v. K-Mart Corp., Supra</u>. Mr. Barturen's acts in sleeping on company time in the company truck he left double parked and failing to notify the company of the summons resulting therefrom, in conjunction with his failure to deny that he ever slept in the truck on company time, all speak to the meritorious and good faith, non-contumacious actions of the Defendants. Even if this Court were to determine any factual issue remained open concerning Mr. Barturen, an order of contempt would be inappropriate, as: (a) there is, at the very least, strong doubt as to whether the Defendants violated the order vis-à-vis Mr. Barturen; and (b) it is doubtful that under these facts an order of contempt would assist in bringing Defendants into compliance with the Court's order. Under either of these circumstances, i.e., the doubtfulness of the violation or the doubtfulness of the effect of or need for the order, contempt is inappropriate. As stated in: <u>Bowens v. Atlantic Maintenance Corp.</u>, Supra:

> Moreover, in determining whether civil contempt sanctions should be imposed for the purpose of making a contemnor comply with an order, the Supreme Court has set forth several factors for the courts to consider: "(1) the character and magnitude of the harm threatened by continued contempt, (2) the probable effectiveness of the proposed sanction, and (3) the financial consequence of that sanction upon the contemnor." *In re Grand Jury Witness*, 835 F.2d at 443 (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947)). Since a contempt order is a "potent weapon," *International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n*, 389 U.S. at 76, courts should be cautious in imposing this sanction if " 'there is a fair ground of doubt as to the wrongfulness of the defendant's conduct.' " *King v. Allied Vision, Ltd.*, 65 F.3d at 1058 (quoting

*California Artificial Stone Paving Co. v. Molitor,* 113 U.S. 609, 618 (1885)).

*Accord,* S&L Vitamins, Inc. v. Designer Skin, LLC 2008 WL 1836945, 4 (E.D.N.Y.).

Finally, as to the brief suspension that may or may not be the subject of this motion, as previously stated, this resulted from an innocent mistake and is not therefore an appropriate premise for an order of contempt. As stated in AMJUR CONTEMPT § 28, "Accidental and unintentional violations of a mandate of the court should not be punished by the severe discipline imposed by the contempt power.[FN1] Thus, one whose offense amounts to no more than an "honest mistake" is not guilty of a civil contempt." *Accord,* International Controls and Measurements Corp. v. Watsco, Inc. 853 F.Supp. 585, 591 (N.D.N.Y.,1994).

## CONCLUSION

Based upon the above and the opposing affidavit of Richard Martin and all exhibits attached thereto, it is respectfully submitted that Plaintiffs' motion for contempt should be denied in all respects and Defendants awarded such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
       June 4, 2008

                        MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

                        By: _____
                            Richard M. Howard (RMH-2932)
                            Attorneys for Defendants
                            190 Willis Avenue
                            Mineola, New York 11501
                            (516) 747-0300