UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Cesar A. Barturen, Jason Borges,
Raul Lara Molina, Raymundo Lara Molina,
Miguel Eduardo Tabara, Marco Antonio
Corona, Juan Carlos Molina, Julio Cesar
Moreno Gonzalez, Pedro Hernandez
Hernandez, Julio Antonio, Julio Carbonel,
Eusebio Santos Ferrosqullo, Limo
Martinez, Juan Jose Pena Farfan,
Jose Fernandez, and Jorge Legis Cuyate
Carmona on behalf of themselves and all
other employees similarly situated as class
and collective representatives,

                Plaintiffs,

    - against -

Wild Edibles, Inc., 535 Third Avenue
LLC, d/b/a Wild Edibles, Richard Martin,
and Jonathan Meyer,

                Defendants.

**07-CV-8127 (LLS)**

---

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' REQUEST FOR CERTIFICATION TO PROCEED AS A COLLECTIVE ACTION

By:  Richard M. Howard (RMH-2932)
       Attorneys for Defendants

LAW OFFICES

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

190 WILLIS AVENUE, MINEOLA, NY 11501
(516) 747-0300
FACSIMILE: (516) 747-0653

# TABLE OF CONTENTS

**PAGE**

**TABLE OF AUTHORITIES**……………………………………………………….i

**PRELIMINARY STATEMENT AND
STATEMENT OF FACT**………………………………………………………… 1

**ARGUMENT**
    **THE FIRST TWO NAMED PLAINTIFFS ARE DISSIMILAR
    TO THE PROPOSED COLLECTIVE GROUP, RENDERING
    THE COLLECTIVE ACTIONIMPERMISSIBLE AND THE
    PROPOSED NOTICE IS SOMEWHAT DEFICIENT**………………………...2

**CONCLUSION**……………………………………………………………………….5

## TABLE OF AUTHORITIES

**PAGE**

**Cases**

Ayers v. SGS Control Servs., Inc.,
2007 WL 646326 (S.D.N.Y.  Feb. 27, 2007)…………………......................................4

Gjurovich v. Emmanuel's Marketplace, Inc.,
282 F.Supp.2d 101 (S.D.N.Y. 2003)…………………………………………….........4

Guzman v. VLM, Inc.
2007 WL 2994278 (E.D.N.Y. 2007)…………………………………………….................3

Iglesias-Mendoza v. La Belle Farm, Inc.,
239 F.R.D. 363 (S.D.N.Y. 2007)……………………………………………..…….3

Jacobs v. New York Foundling Hosp.,
483 F.Supp.2d 251 (E.D.N.Y. 2007)………………………………………….……….4

Lawrence v. Town of Irondequoit
246 F.Supp.2d 150 (W.D.N.Y. 2002)………………………………………………….4

Morris v. McComb
332 U.S. 422 (1947)………………………………………………………….............3

Realite v. Ark Restaurants Corp.,
7 F.Supp.2d 303 (S.D.N.Y. 1998)…………………………………………………...3

Rodolico v. Unisys Corp.,
199 F.R.D. 468 (E.D.N.Y. 2001)……………………………………………............4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Cesar A. Barturen, Jason Borges,
Raul Lara Molina, Raymundo Lara Molina,
Miguel Eduardo Tabara, Marco Antonio
Corona, Juan Carlos Molina, Julio Cesar          **07-CV-8127 (LLS)**
Moreno Gonzalez, Pedro Hernandez
Hernandez, Julio Antonio, Julio Carbonel,
Eusebio Santos Ferrosqullo, Limo
Martinez, Juan Jose Pena Farfan,
Jose Fernandez, and Jorge Legis Cuyate
Carmona on behalf of themselves and all
other employees similarly situated as class
and collective representatives,

                    Plaintiffs,

    - against-

Wild Edibles, Inc., 535 Third Avenue
LLC, d/b/a Wild Edibles, Richard Martin,
and Jonathan Meyer,

                    Defendants.

_____

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' REQUEST FOR CERTIFICATION TO PROCEED AS A COLLECTIVE ACTION

### PRELIMINARY STATEMENT AND STATEMENT OF FACT

Due to the abbreviated nature of the instant Memorandum of Law, the Defendants respectfully dispense with the Preliminary Statement and Statement of Facts although the Defendants respectfully incorporate by reference the opposing affidavits of Richard Martin to provide the salient facts.

**ARGUMENT**

**THE FIRST TWO NAMED PLAINTIFFS ARE DISSIMILAR TO THE
PROPOSED COLLECTIVE GROUP, RENDERING THE COLLECTIVE
ACTION IMPERMISSIBLE  AND THE PROPOSED
NOTICE IS SOMEWHAT DEFICIENT**

While the Defendants recognize the relatively insubstantial burden the Plaintiffs bear in seeking certification to proceed as a collective action, Defendants none the less assert that: (a) Plaintiffs fail to meet that burden; and (b) should the action be so certified, the requested notice is deficient, as it fails to provide the opportunity to speak to Defendants' counsel to prospective witnesses and/or "opt ins."

The first named Plaintiff, Cesar Barturen is vastly dissimilar from the majority of Defendants' employees.  It is neither the fact that Mr. Barturen was discharged due to sleeping in his company truck while on duty and double parked and failed to provide the citation to his employer, nor the fact that he is one of only two of the named Plaintiffs to work as a driver that renders Mr. Barturin dissimilar.  It is the fact that he rarely if ever worked overtime (i.e., more than 40 hours in any one week), while certain other named Plaintiffs frequently did work overtime.

Furthermore, while Mr. Barturen drove locally, the second named Plaintiff, Jason Borges, also drove out of state, qualifying for the "motor carrier exemption." Consequently, as the first two named plaintiffs bear little if anything in common with the bulk of Defendants' employees, they do not appear similarly situated and the Subject Action should not be certified.

It is well settled that a Plaintiff must be "similarly situated" to other employees to provide such a notice, *Guzman v. VLM, Inc.* 2007 WL 2994278, 2 (E.D.N.Y.), wherein the Court stated:

> To merit an order authorizing notice, a plaintiff must show that the potential class members are "similarly situated," *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 367 (S.D.N.Y 2007), which requires only a " 'modest factual showing that [the plaintiff] and potential plaintiffs are victims of a common policy or plan that violated the law,' " *id.* at 367-68 (quoting *Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303, 306 (S.D.N.Y.1998)).

Here, the first named Plaintiff is not similarly situated. Mr. Barturen contends that he did not receive proper remuneration for overtime hours, incurred in driving the Defendant's truck. Yet Defendants contend Mr. Barturen: (a) was not employed by any of the named Defendants (although this will may be corrected in an amended pleading); and, more importantly, (b) he rarely if ever worked over 40 hours per week. The fact that he spent a portion of those forty hours asleep only exacerbates the situation.

The second named Plaintiff, Mr. Borges, is also a driver, although for one of the named Defendants. Mr. Borges, however, routinely made deliveries and/or pickups on behalf of one of the named Defendants outside of New York State. This kind of interstate trucking is subject to the motor carrier exemption to the Fair Labor Standards Act, *See,* 29 C.F.R. § 782.2, *Morris v. McComb*, 332 U.S. 422, 68 S.Ct. 131 (1947).

Other employees who Plaintiffs assert would make up the collective were neither truckers nor typically worked 40 hours per week or less. Consequently, as the first two named Plaintiffs are in a unique situation, they are not similarly situated with other employees of the Defendants.

In *Guzman*, the Court noted three specific factors to be considered in determining whether a collective action notice is appropriate, as follows:

> While the Second Circuit has not prescribed a particular analysis for determining if plaintiffs have made the requisite showing that the putative class is similarly situated, *Torres*, 2006 WL 2819730, at *9, district courts in this circuit have looked principally to whether there are (1) "disparate factual and employment settings of the individual plaintiffs;" (2) "defenses available to defendants which appear to be individual to each plaintiff;" and (3) "fairness and procedural considerations" counseling for or against notification to the class. *Id.* at *9 (citation omitted); *accord Jacobs v. New York Foundling Hosp.*, 483 F.Supp.2d 251, 265 (E.D.N.Y.2007); *Ayers v. SGS Control Servs., Inc.*, No. 03-9077, 2007 WL 646326, at *5 (S.D.N.Y. Feb. 27, 2007); *see also Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 482 (E.D.N.Y.2001) (applying same three factors plus one ADEA-specific factor in case involving ADEA collective action under § 216(b)).

First and foremost, Plaintiff's disparate factual and employment settings have been set forth above.  Second, Defendant affirmative defenses concerning the first two named Plaintiffs will not apply to many other employees of the Defendants. Rather, these affirmative defenses appear specific to the first two named Plaintiffs.  Consequently, Plaintiff fails to satisfy two (2) of the three (3) factors in question.

> Furthermore, these affirmative defenses, which appear specific to the first two named Plaintiffs, could well become the focus of the litigation, rendering the collective form inappropriate, *See, Lawrence v. Town of Irondequoit* 246 F.Supp.2d 150, 173 (W.D.N.Y.,2002),

Finally, the proposed notice itself is unfair.  In *Gjurovich v. Emmanuel's Marketplace,* Inc., 282 F.Supp.2d 101 (S.D.N.Y.,2003), the Court specified the terms of an appropriate notice; certain of which are conspicuous in their absence from the case at

bar. The ability of a potential participant to obtain the Defendant's point of view concerning this litigation, via calling Defendant's counsel should be made available.

## CONCLUSION

Based upon the above, it is respectfully submitted that Plaintiffs' motion for collective action certification and approval of a notice of the pending action be denied in its entirety, or in the alternative that the proposed notice be amended to include providing prospective plaintiffs the ability to contact either party's counsel to learn about the action and that the Defendants be awarded such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
       June 4, 2008

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

By: _____
    Richard M. Howard (RMH-2932)
    Attorneys for Defendants
    190 Willis Avenue
    Mineola, New York 11501
    (516) 747-0300