UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Cesar A. Barturen, Jason Borges,
Raul Lara Molina, Raymundo Lara Molina,
Miguel Eduardo Tabara, Marco Antonio
Corona, Juan Carlos Molina, Julio Cesar
Moreno Gonzalez, Pedro Hernandez
Hernandez, Julio Antonio, Julio Carbonel,
Eusebio Santos Ferrosqullo, Limo
Martinez, Juan Jose Pena Farfan,
Jose Fernandez, and Jorge Legis Cuyate
Carmona on behalf of themselves and all
other employees similarly situated as class
and collective representatives,

   Plaintiffs,

Wild Edibles, Inc., 535 Third Avenue
LLC, d/b/a Wild Edibles, Richard Martin,
and Jonathan Meyer,

   Defendants.

07-CV-8127 (LLS)

---

### AFFIDAVIT IN OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY THE ACTION AS A COLLECTIVE

STATE OF NEW YORK}
       S.S.
COUNTY OF QUEENS}

Richard Martin, being duly sworn, does hereby depose and say:

**Introduction**

1.  I am a named Defendant and officer of the defendant companies named herein. I make this Affidavit in opposition to Plaintiffs' motion to certify the instant action as a collective.

434530-1

2. Collective status appears inappropriate, as the first two named Plaintiffs are not similarly situated with the group of current and former employees sought to be included for collective purposes.

3. Cesar Barturen drove a truck for a company that has not been named as a Defendant. He worked solely within New York City and rarely if ever worked over 40 hours in a week.

4. Mr. Barturen is consequently in a very different position from warehouse workers, fileters, etc. who often worked over 40 hours in a week.

5. Jason Borges was also a driver, but he worked for a named Defendant and, while he often worked over 40 hours per week, he drove between different states, rendering him exempt from overtime requirements, pursuant to the Motor Carrier Act.

6. Mr. Borges is consequently in a very different position from warehouse workers who do not appear exempt from overtime requirements.

7. Considering the dissimilar nature of the first two named Plaintiffs from the remaining members of the putative collective, collective status is inappropriate.

8. The focus of this litigation could well become the applicability of the affirmative defense to Mr. Borges and whether Mr. Barturen actually worked over 40 hours in any particular week.

9. These two individuals could not be considered part of a common plan concerning the payment of overtime (or lack thereof), as neither was entitled

434530-1

to overtime pay (one due to not working over 40 hours per week and the other being exempt.)

10. Consequently, collective status is unwarranted.

Wherefore, it is respectfully requested that Plaintiff's motion for collective certification be denied in its entirety and that Defendants be awarded such other and further relief as this Court deems just and proper.

_____
Richard Martin

Sworn to before me this
4th day of June, 2008

_____
Notary Public

MATTHEW HOVEY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01HO6174815
Qualified in Queens County
My Commission Expires September 24, 2011

434530-1