UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CESAR A. BARTUREN, JASON BORGES, RAUL LARA MOLINA, RAYMUNDO LARA MOLINA, MIGUEL EDUARDO TAVARA, MARCO ANTONIO CORONA, JUAN CARLOS MOLINA, JULIO CESAR MORENO GONZALEZ, PEDRO HERNANDEZ HERNANDEZ, JULIO ANTONIO PENA, JULIO CARBONEL, EUSEBIO SANTOS FERROSQULLO, LINO MARTINEZ, JUAN JOSE PENA FARFAN, JOSE FERNANDEZ, AND JORGE LUIS CUYATE CARMONA, individually and on behalf of others similarly situated,

Case No. 07 Civ. 8127 (LLS)

                              Plaintiffs,

           -against-

WILD EDIBLES, INC., 535 THIRD AVENUE LLC d/b/a WILD EDIBLES, LES POISSONIERS, INC., RICHARD MARTIN, and JONATHAN MEYER,

                             Defendants.
------------------------------------------------------------------X

## PLAINTIFFS' MEMORANDUM IN REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CERTIFICATION TO PROCEED AS A COLLECTIVE ACTION

Levy Ratner, P.C.
80 Eighth Avenue Floor 8
New York, NY 10011-5126
(212) 627-8100 (phone)
(212) 627-8182 (fax)

On the Brief:
    Allyson L. Belovin
    Susan J. Cameron

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ............................................................................................................................. 2

    POINT I.
    NAMED AND POTENTIAL PLAINTIFFS ARE SUFFICIENTLY
    SIMILAR FOR THE COURT TO CERTIFY THE LAWSUIT AS
    A COLLECTIVE ACTION .............................................................................................. 2

    POINT II.
    PLAINTIFFS' PROPOSED NOTICE IS APPROPRIATE ............................................. 5

CONCLUSION ......................................................................................................................... 7

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Anglada v. Linens N Things, Inc.*,
 06 Civ. 12901, 2007 U.S. Dist. LEXIS 39105 (S.D.N.Y. April 26, 2007)..........................4

*Chowdhury v. Duane Reade, Inc.*,
 06 Civ. 2295, 2007 U.S. Dist. LEXIS 73853 (S.D.N.Y. October 2, 2007) ........................3

*Fasanelli v. Heartland Brewery, Inc.*,
 516 F. Supp. 2d 317 (S.D.N.Y. 2007).........................................................................3, 4, 5

*Gjurovich v. Emmanuel's Marketplace, Inc.*,
 282 F. Supp. 2d 91 (S.D.N.Y. 2003).....................................................................................6

*Guzman v. VLM, Inc.*,
 07-CV-1126, 2007 U.S. Dist. LEXIS 75817 (E.D.N.Y. October 11, 2007).........................4

*Harrington v. Education Management Corp.*,
 02 Civ. 0787, 2002 U.S. Dist. LEXIS 8823 (S.D.N.Y. May 16, 2002)...............................2

*Jacobsen v. The Stop & Shop Supermarket Co.*,
 02 Civ. 5915, 2003 U.S. Dist. LEXIS 7988 (S.D.N.Y. May 15, 2003)...............................2

*Mentor v. Imperial Parking Systems, Inc.*,
 05 Civ. 7993, 2007 U.S. Dist. LEXIS 71523 (S.D.N.Y. September 27, 2007)...................3

*Toure v. Central Parking Systems of New York*,
 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056 (S.D.N.Y. September 28, 2007)...................3

*Zhao v. Benihana, Inc.*,
 01 Civ. 1297, 2001 U.S. Dist. LEXIS 10678 (S.D.N.Y. July 5, 2001) ...............................2

## FEDERAL STATUTES

29 C.F.R. § 782.2 ..............................................................................................................3, 4

Fair Labor Standards Act, 29 U.S.C. § 216(b)...........................................................2, 3, 4, 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CESAR A. BARTUREN, JASON BORGES, RAUL LARA MOLINA, RAYMUNDO LARA MOLINA, MIGUEL EDUARDO TAVARA, MARCO ANTONIO CORONA, JUAN CARLOS MOLINA, JULIO CESAR MORENO GONZALEZ, PEDRO HERNANDEZ HERNANDEZ, JULIO ANTONIO PENA, JULIO CARBONEL, EUSEBIO SANTOS FERROSQULLO, LINO MARTINEZ, JUAN JOSE PENA FARFAN, JOSE FERNANDEZ, AND JORGE LUIS CUYATE CARMONA, individually and on behalf of others similarly situated,

Case No. 07 Civ. 8127 (LLS)

                                              Plaintiffs,

-against-

WILD EDIBLES, INC., 535 THIRD AVENUE LLC d/b/a WILD EDIBLES, LES POISSONIERS, INC., RICHARD MARTIN, and JONATHAN MEYER,

                                              Defendants.
----------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM IN REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CERTIFICATION TO PROCEED AS A COLLECTIVE ACTION**

**INTRODUCTION**

Plaintiffs submit this Memorandum of Law in support of their Motion for Certification to Proceed As A Collective Action ("Collective Action Motion") and in reply to Defendants' opposition to that motion. No valid basis exists for refusing Plaintiffs' request that this lawsuit be conditionally certified as a collective action. Notably, Defendants do not contest Plaintiffs' main assertion: that the named and potential opt-in Plaintiffs were all subject to the same compensation scheme. Rather, Defendants seek to avoid conditional certification because of the number of hours allegedly worked by one named Plainiff and the alleged job duties of another.

1

These assertions, even if true, go to the merits of Plaintiffs' underlying wage and hour claims and are not proper bases for denying conditional certification as a collective action.

## ARGUMENT

### POINT I.
### NAMED AND POTENTIAL PLAINTIFFS ARE SUFFICIENTLY SIMILAR FOR THE COURT TO CERTIFY THE LAWSUIT AS A COLLECTIVE ACTION

It is well established that conditional certification of a collective action pursuant to the Fair Labor Standards Act ("FLSA") § 216(b) at the pre-discovery notice stage is appropriate where plaintiffs demonstrate that "[they] and other putative class members were victims of a common policy or plan that violated the law." Jacobsen v. The Stop & Shop Supermarket Co., 02 Civ. 5915, 2003 U.S. Dist. LEXIS 7988, at *9 (S.D.N.Y. May 15, 2003) (internal quotations omitted); Harrington v. Education Management Corp., 02 Civ. 0787, 2002 U.S. Dist. LEXIS 8823, at *304 (S.D.N.Y. May 16, 2002); Zhao v. Benihana, Inc., 01 Civ. 1297, 2001 U.S. Dist. LEXIS 10678, at *9 (S.D.N.Y. July 5, 2001). Plaintiffs' initial pleadings, and the affidavits and declaration accompanying their moving papers, amply demonstrate that Defendants subjected employees to a common unlawful compensation scheme whereby employees were consistently denied premium overtime compensation for any hours they worked in excess of forty in a week.

Defendants, in their opposition, do not contest that assertion. Indeed, it is significant that no where in their opposition do Defendants assert that they *did* pay any of their employees the requisite premium overtime compensation. Rather, Defendants attempt to avoid proceeding as a collective action by claiming that (1) one of the named plaintiffs, Cesar Barturen, rarely worked more than forty hours in a week and (2) another of the named plaintiffs, Jason Borges, qualified

2

for the "motor carrier exemption" to the FLSA. See 29 C.F.R. § 782.2. These facts, even if true, are insufficient to defeat conditional certification of this lawsuit as a collective action.

The frequency with which Barturen worked in excess of forty hours is irrelevant for the purposes of this motion. Rather than hours worked, it is the Defendants' compensation policy that is at issue. See Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007); Chowdhury v. Duane Reade, Inc., 06 Civ. 2295, 2007 U.S. Dist. LEXIS 73853, at *5 (S.D.N.Y. October 2, 2007); Toure v. Central Parking Systems of New York, 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056, at *6 (S.D.N.Y. September 28, 2007); Mentor v. Imperial Parking Systems, Inc., 05 Civ. 7993, 2007 U.S. Dist. LEXIS 71523, at *6 (S.D.N.Y. September 27, 2007). Defendants fail to demonstrate -- in fact, they do not even assert -- that Barturen was subject to some alternate payment policy that did not apply to other employees. In fact, it is clear that Barturen, like all other employees of Defendants, was subject to a common policy -- no premium overtime compensation.

It is also worth noting that even if Barturen's hours of work were relevant, Defendants fail to provide any documentary evidence to support their claim that he "rarely, if ever" worked more than forty hours in a week. See Affidavit of Richard Martin submitted in opposition to Plaintiffs' Collective Action Motion ("Martin Aff.") ¶ 3. They provide no time clock records, work schedules, pay stubs or any other documents.[1]  Similarly, Defendants claim Barturen worked for another unnamed Employer, yet provide no explanation of why Barturen's pay stubs

---

[1] In fact, Barturen did consistently work in excess of forty hours weekly. See April 29, 2008 Affidavit of Cesar Barturen, submitted in support of Plaintiffs Motion for Certification to Proceed as a Collective Action ("Barturen Aff.") ¶¶ 4-8.

3

170-000-00001 14451_2.doc

indicate that 535 Third Avenue LLC -- a named Defendant -- was his employer. See Barturen Aff. ¶ 9. Certainly at this pre-discovery stage in the litigation, where factual disputes abound, the Court should not deny conditional certification without any supporting evidence. See Guzman v. VLM, Inc., 07-CV-1126, 2007 U.S. Dist. LEXIS 75817, at *10-11 (E.D.N.Y. October 11, 2007).

Defendants' claim that named Plaintiff Jason Borges qualifies for the FLSA's motor carrier exemption is similarly insufficient to render conditional certification inappropriate. A single named plaintiff who may be exempt from the FLSA is insufficient to deny collective action status as to the rest of the proposed class. That is, where there is a single plaintiff who may be distinct due to a statutory exemption, in the face of an otherwise appropriate collective action class, courts will conditionally certify the class, exclusive of the exempt employee(s). See Anglada v. Linens 'N Things, Inc. 06 Civ. 12901, 2007 U.S. Dist. LEXIS 39105, at *19-20 (S.D.N.Y. April 26, 2007); Fasanelli, 516 F.Supp.2d at 323 (citing Hoffman-La Roche, 493 U.S. 165, 170 (1989)(finding that to deny conditional certification for the entire class based on a claim of an exemption that potentially applies to only a single employee, flies in the face of the broad remedial purpose of the FLSA, i.e. "to achieve judicial efficiency by settling the claims of similarly situated employees at the same time.").

As with their claim regarding Barturen, Defendants also fail to provide any evidence that Borges qualifies for the motor carrier exemption. See 29 C.F.R. §782.2. While Defendants state that Borges "drove between different states" (Martin Aff. ¶5), they fail to provide supporting trucking routes, Department of Transportation records, or any other documentary evidence supporting his alleged exempt status. Defendants have the ultimate burden of proving the existence of any exemption under the FLSA, and whether they ultimately satisfy that burden will

4

be based on facts revealed through the discovery process. Therefore, any determination with regard to that exemption, with respect to Borges or any other employee, cannot be made at this stage.

For all of these reasons, the Court should conditionally certify this lawsuit as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), with the class to include *all* Wild Edibles employees employed by Defendants from September 17, 2004, three (3) years prior to the filing of the Complaint, until the present.[2]

## POINT II.
## PLAINTIFFS' PROPOSED NOTICE IS APPROPRIATE

The Proposed Notice of Pendancy of Overtime Action and Consent to Join As A Party submitted with Plaintiffs' moving papers are sufficient to provide potential plaintiffs with accurate and timely notice of the pendancy of this action. Defendants object to the proposed notice on a single ground: that it is unfair due to the absence of defense counsel's contact information. However, it is neither necessary nor appropriate to include that information in this case.

The courts have not taken an official position on whether defense counsel's information should or should not be included in the notice. Indeed, "[n]either the statute, nor other courts, have specifically outlined what form court-authorized notice should take nor what provisions the notice should contain. The Supreme Court has abstained from reviewing the contents of a proposed notices under §216(b), noting that such 'details' should be left to the broad discretion of the trial court." Fasanelli, 516 F. Supp. 2d at 323. Additionally, in Anglada, 2007 U.S. Dist.

---

[2] Notably, Defendants raised no objection to the three (3) year period.

LEXIS 39105, this Court approved notice without the inclusion or mention of defense counsel's contact information.

Defendants rely upon Gjurovich v. Emmanuel's Marketplace, Inc., 282 F.Supp.2d 91 (S.D.N.Y. 2003), as support for its contention that inclusion of defense counsel's contact information is required. This case, however, does not stand for that proposition. While that information was included in the notice provided in that case, the court's decision provides no reasoning or discussion regarding that inclusion. See Gjurovich, 282 F.Supp.2d at 108. Therefore, the Court should not draw any conclusions from Gjurovich regarding the requirement that defense counsel's contact information be included. Rather, as the Supreme Court indicated, the Court should exercise its discretion with respect to the details of the notice.

In exercising that discretion here, the Court should consider the context of the case. That is, Plaintiffs have asserted a multitude of retaliation claims, alleging that Defendants have taken various adverse actions against them, up to and including discharge, for participating in this lawsuit. With that background, including defense counsel's contact information in the notice to potential plaintiffs so they can present "Defendant's point of view concerning this litigation" is inappropriate. Defendants' Memorandum of Law in Opposition to Plaintiffs' Request for Certification to Proceed as a Collective Action at 6.

Accordingly, the Court should approve Plaintiffs' proposed notice. In Addition, as requested in Plaintiffs' moving papers, the Court should order the following, none of which is opposed by Defendants: that Defendants produce the names and last known addresses of all Wild Edibles employees employed by Defendants from September 17, 2004 until the present; that Defendants post the Court approved notice and consent in a prominent location in all Wild

6

Edibles Warehouse and Retail locations and to distribute the notice and consent along with employees' paychecks within two weeks of the mailing of the Court approved notice and consent; that the statute of limitations be equitably tolled from the date the Complaint was filed, September 17, 2007, for all potential opt-in Plaintiffs; and that such other and further relief as is warranted be granted.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion for certification to proceed as a collective action should be granted in its entirety.

Dated: June 24, 2008
      New York, New York

By: *[signature]*
Allyson L. Belovin (AB3702)
LEVY RATNER, P.C.
80 Eighth Avenue Floor 8
New York, New York 10011
(212) 627-8100 (phone)
(212) 627-8182 (fax)

David B. Rankin (DR0863)
Attorney at Law
350 Broadway
Suite 700
New York, NY 10013
(212) 226-4507 (phone)
(212) 658-9480 (fax)

Attorneys for Plaintiffs