**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
CESAR A. BARTUREN, JASON BORGES, RAUL
LARA MOLINA, RAYMUNDO LARA MOLINA,
MIGUEL EDUARDO TAVARA, MARCO ANTONIO
CORONA, JUAN CARLOS MOLINA, JULIO CESAR
MORENO   GONZALEZ,   PEDRO   HERNANDEZ
HERNANDEZ, JULIO ANTONIO PENA, JULIO
CARBONEL, EUSEBIO SANTOS FERROSQULLO,
LINO MARTINEZ, JUAN JOSE PENA FARFAN, JOSE
ANTONIO FERNANDEZ TAVARA, and JORGE LUIS
CUYATE CARMONA on behalf of themselves and all
other employees similarly situated as class and collective
representatives,

                                Plaintiffs,

               -against-

WILD  EDIBLES,  INC.,  535  THIRD  AVENUE  LLC,
d/b/a  WILD  EDIBLES,  LES  POISSONIERS,  INC.,
RICHARD MARTIN, and JONATHAN MEYER,

                           Defendants.
------------------------------------------------------------------X

**FIRST AMENDED**
**COMPLAINT**

Case No. 07 CIV. 8127 (LLS)

       Plaintiffs, Cesar A. Barturen, Jason Borges, Raul Lara Molina, Raymundo Lara Molina,

Miguel Eduardo Tavara, Marco Antonio Corona, Juan Carlos Molina, Julio Cesar Moreno

Gonzalez, Pedro Hernandez Hernandez, Julio Antonio Pena, Julio Carbonel, Eusebio Santos

Ferrosqullo, Lino Martinez, Juan Jose Pena Farfan, Jose Fernandez, and Jorge Luis Cuyate

Carmona on behalf of themselves and all other employees similarly  situated as class and

collective representatives, by and through their attorneys, Allyson L. Belovin, Levy Ratner, P.C.

and David B. Rankin, allege as follows:

## NATURE OF ACTION

1)      This is an action to address widespread employment and labor law violations

perpetrated by Defendants against Plaintiffs throughout years of employment, ranging from a

failure to compensate Plaintiffs for all hours they worked to retaliatory employment actions for asserting their rights.

2)    In violation of state and federal labor laws, Defendants have failed to pay Plaintiffs for all hours they work for Defendants.  Plaintiffs now bring this action for unpaid overtime premiums and other violations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), New York Labor Law § 190 et seq. ("NYLL"), and state contract law.

3)    In addition to the numerous wage and hour violations Defendants have perpetrated against Plaintiffs, Defendants have engaged in a deliberate and discriminatory pattern of retaliation against Plaintiffs Jason Borges, Raul Lara Molina, Julio Cesar Moreno Gonzalez, Marco Antonio Corona, Raymundo Lara Molina, Lino Martinez, Jose Antonio Fernandez Tavara, Pedro Hernandez Hernandez, Cesar A. Barturen, Miguel Eduardo Tavara and Juan Carlos Molina, as a direct reaction to Plaintiffs' complaint against Defendants' unlawful employment practices.  Plaintiffs now bring this action for a violation of the retaliation provisions of the Fair Labor Standards Act, 20 U.S.C. § 215(a)(3), and New York Labor Law § 215.

4)    On June 13, 2008 Defendants consented in writing to Plaintiffs' filing this First Amended Complaint.  Attached hereto as Exhibit 1 is a Stipulation in which the parties agree to the filing of this First Amended Complaint.

### **VENUE AND JURISDICTION**

5)    This Court has subject matter jurisdiction based upon 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b).  This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

6)      Defendants maintain sufficient contacts with the Southern District of New York to make venue appropriate in this Court under 28 U.S. § 1391(c).

## PARTIES

7)      The following Plaintiffs are currently employees of Defendants: Julio Carbonel and Juan Jose Pena Farfan.

8)      The following Plaintiffs are former employees of Defendants: Cesar A. Barturen, Jason Borges, Raul Lara Molina, Raymundo Lara Molina, Miguel Eduardo Tavara, Marco Antonio Corona, Juan Carlos Molina, Julio Cesar Moreno Gonzalez, Pedro Hernandez Hernandez, Julio Antonio Pena, Eusebio Santos Ferrosquillo, Lino Martinez, Jose Antonio Fernandez Tavara and Jorge Luis Cuyate Carmona.

9)      At all times relevant to this action, Plaintiffs handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

10)     At all times relevant to this action, Plaintiffs were Defendants' employees within the meaning of the Fair Labor Standards Act and New York Labor Law.

11)     Plaintiffs, are named parties and have consented in writing to becoming party Plaintiffs and to sue under the FLSA, on behalf of themselves and all other similarly situated Employees who file consents to be plaintiffs in this action.

12)     Plaintiffs consents were filed with this Court as Exhibit "1" of the September 17, 2007 Complaint ("Complaint").  Consents for Luis Carbonel, Jose Fernandez, William Lopez, Severo Javier Mayanga, Pablo Cortes Reyes, and Orlando Rios, additional similarly situated Employees, were filed with this Court as ECF Document Nos. 25 through 31 respectively.  As additional similarly situated Employees consent in writing to become claimants in this action, such consents will also be filed with this Court.

{08010092}

13)      On May 1, 2008 Plaintiffs sought leave of this Court for an Order permitting a formal notice be sent to potential class members and to establish the opt-in procedures by authorization of the Court.  On that date Plaintiffs also moved the Court to order Defendants to produce the names and addresses of all Wild Edibles, Inc. ("Wild Edibles") employees employed by the Defendants from September 17, 2004. three (3) years prior to the filing of the Complaint, until the present.

## DEFENDANTS

14)      Defendant, Wild Edibles, is a domestic business corporation organized under the laws of New York State.  Defendants' places of business are a warehouse located at 21 – 51 Borden Avenue, Long Island City, Queens, in the State of New York as well as retail locations at Lexington Avenue at 43rd Street, 535 Third Avenue in Manhattan, New York and 56 Adams St. in Brooklyn, New York.

15)      Defendant, 535 Third Avenue LLC, d/b/a Wild Edibles, is a domestic limited liability company organized under the laws of the State of New York.

16)      Defendant Les Poissoniers, Inc. is a domestic business corporation organized under the laws of New York State.  Defendant's place of business is 318 Grand Central Terminal, New York, New York, 10017.

17)      Defendant, Richard Martin, is the Chief Executive Officer and owner of the Defendants, Wild Edibles, Inc., 535 Third Avenue LLC and Les Poissoniers, Inc.  Mr. Martin has the power to hire and file employees, set wages and schedules, and retains their records.

18)      Defendant, Jonathan Meyer, was a co-owner Wild Edibles, Inc. with Mr. Martin and had the power to hire and file employees, set wages and schedules, and retains records.

19)      The above Defendants are collectively referred to as "Defendants."

{08010092}

20)    On information and belief, at all times relevant to this action Defendants' gross annual volume of sales made or business done was not less than $500,000.

21)    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act and New York Labor Law.

## ADMINISTRATIVE PREREQUISITES FOR RETALIATION CLAIMS UNDER NEW YORK LABOR LAW

22)    Contemporaneously with the filing of the Complaint, Plaintiffs Jason Borges, Julio Cesar Moreno Gonzalez, Raul Lara Molina, Marco Antonio Corona, and Raymundo Lara Molina served a copy of the Complaint to the Attorney General of New York, thereby satisfying the requirements of § 215 of the New York Labor Law.

23)    Contemporaneously with the filing of this First Amended Complaint, Plaintiffs Lino Martinez, Jose Antonio Fernandez Tavara, Pedro Hernandez Hernandez, Cesar A. Barturen, Miguel Eduardo Tavara and Juan Carlos Molina served a copy of the Complaint to the Attorney General of New York, thereby satisfying the requirements of § 215 of the New York Labor Law.

## THE RULE 23 CLASS

24)    The Representative Plaintiffs bring this action pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and all other persons similarly situated.

25)    With regard to the New York State Labor Law causes of action, the Representative Plaintiffs seek to represent a class consisting of all persons who were or are employed by Wild Edibles in a non-managerial capacity (hereinafter the "Rule 23 Class").

26)    As the members of the Rule 23 Class are numerous and of an unknown number, joinder of all members is impracticable.

{08010092}

27)      Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

28)      This case involves the resolution of common questions of law and fact affecting all members of the Rule 23 Class which predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a.      whether Defendants violated New York State Labor Law Article 6, §§ 190 *et seq.*,

    b.      whether Defendants correctly compensated Representative Plaintiffs and the Rule 23 Class for  hours worked in excess of 40 per week as required by the New York State Labor Law;

    c.      whether Defendants failed to comply with the posting and notice requirements of the New York State Labor Law;

    d.      whether Defendants failed to keep accurate records of the wages paid to the Representative Plaintiffs and the Rule 23 Class as required by the New York State Labor Law; and

    e.      whether Defendants' policy of failing to pay Representative Plaintiffs and the Rule 23 Class in accordance with the New York State Labor Law was instituted willfully or with reckless disregard of the law.

29)      Representative Plaintiffs' claims are typical of those of the members of the Rule 23 Class in that:

    a.      like all members of the Rule 23 Class, Representative Plaintiffs are employees of Defendants who were not paid overtime for hours worked in excess of 40 hours per week.

{08010092}

b.      the Defendants' conduct which Representative Plaintiffs challenge is the same conduct which has adversely affected the other members of the Rule 23 Class.

30)      Representative Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class because their claims are the same as those of the members of the Rule 23 Class, and because Representative Plaintiffs have retained counsel competent to bring this class actions employment litigation.  There is no conflict between the Representative Plaintiffs and the members of the Rule 23 Class.

31)      This action is maintainable as a class action under Fed.R.Civ.P. 23(b)(2), since the unlawful actions of the Defendants, as alleged herein, have been taken on grounds equally applicable to all members of the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

32)      Alternatively, this action is maintainable as a class action under Fed.R.Civ.P. 23(b)(1)(A), as the prosecution of separate actions by individual members of the Rule 23 Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Rule 23 Class, which would establish incompatible standards of conduct for the Defendants who oppose the Rule 23 Class.

33)      Alternatively, this action is maintainable as a class action under Fed.R.Civ.P. 23(b)(3) as common questions of law and fact described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversies  between the parties.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedure which violate the New York Labor Laws.

## COLLECTIVE ACTION ALLEGATIONS

34)      Plaintiffs bring the Causes of Action (FLSA claims) on behalf of themselves and all similarly situated persons who have worked at or for the Defendants who elect to opt-in to this action (the "FLSA Collective").

35)      Defendants are liable under FLSA for, *inter alia*, failing to properly compensate Plaintiffs. Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## INDIVIDUAL PLAINTIFFS FACTS

36)      The following table summarizes Plaintiffs' approximate length of employment, hours worked per week, weekly schedule, pay, and position:

| Last Name | First Name | Length of Employ | Hours /week | Hour Schedule | Pay | Position |
|---|---|---|---|---|---|---|
| Molina | Raul Lara | 1 yr. 3 mos. | 56 | 3am-1pm m-f, 4am-10am sat. | $450 | warehouse |
| Barturen | Cesar A. | 10 years | 50 | 3am-1pm m-f | $712 | driver |
| Molina | Raymundo Lara | 1 yr 9 mos. | 56 | 3am-1pm m-f, 4am-10am sat. | $475 | warehouse |
| Tavara | Miguel Eduardo | 4yrs 8mos. | 56 | 3am-1pm m-f, 4am-10am sat. | $475 | warehouse |
| Corona | Marco Antonio | 2yrs 6mos. | 56 | 3am-1pm m-f, 4am-10am sat. | $450 | Warehouse |
| Molina | Juan Carlos | 4 yrs | 56 | 3am-1pm m-f, 4am-10am sat. | $450 | warehouse |
| Gonzalez | Julio Cesar Moreno | 7 mos. | 56 | 3am-1pm m-f, 4am-10am sat. | $450 | warehouse |
| Hernandez | Pedro Hernandez | 10 mos. | 56 | 3am-1pm m-f, 4am-10am sat. | $450 | warehouse |
| Antonio | Julio | 3 yrs | 50 | 1pm-11pm m-sat | $515 | retail |
| Carbonel | Julio | 5 yrs | 56 | 3am-1pm m-f, 4am-10am sat. | $450 | warehouse |
| Ferrosqullo | Eusebio Santos | 1 yr 3 mos. | 56 | 3am-1pm m-f, 4am-10am sat. | $450 | warehouse |
| Borges | Jason | 1 yr | 54.5 | 5:30-3 m, th, fr., 6-3 t+w, 7-3 sat | $525 | driver |

37)     Plaintiffs are illegally paid a flat rate for work preformed in one week without regard to the hours worked above 40.

38)     At no time were any of the Plaintiffs paid overtime for hours worked over forty hours in one week.

## FACTUAL ALLEGATIONS

*F.L.S.A.*

39)     Defendants committed the following acts knowingly, intentionally, and willfully.

40)     Defendants knew the nonpayment of overtime and spread of hours would economically damage injury Plaintiffs and violated federal and New York State labor laws.

41)      As a matter of practice and policy, Defendants did not maintain accurate records of the amount of wages paid to the Representative Plaintiffs, the FLSA Group and the Rule 23 Class.

42)      As a matter of practice and policy, Defendants did not post notice to inform employees of their rights under the FLSA and the New York State Labor Law.

### Unpaid Regular and Overtime Hours

43)      Throughout Plaintiffs' employment, Defendants regularly have failed to pay Plaintiffs for all hours worked per week.

44)      Throughout Plaintiffs' employment with Defendants, Defendant failed to pay Plaintiffs an extra hour of pay at the minimum wage for each day that they worked in excess of ten hours, in violation of New York State labor law.

### Retaliation

45)      On August 20, 2007, a group of workers including Jason Borges, Julio Cesar Moreno Gonzalez, Marco Antonio Corona, and Raul Lara Molina engaged in protected activity by demanding Defendants pay overtime compensation.

46)      Defendants discriminated against the complaining workers, upon information and belief, in an effort to dissuade the complaining workers and other workers from asserting their rights.

47)      Marco Antonio Corona was constructively discharged from his employment with the defendant because of the abusive conditions and retaliation for asserting his labor rights.

48)      Defendants fired Raymundo Lara Molina shortly before the August 20, 2007 action upon learning of his leadership role organizing workers to demand union and overtime rights.

{08010092}

49)    On August 20, 2007, Defendants fired Borges just a few hours after he asserted his rights under FLSA and the New York State Labor Law in retaliation for his protected activity.

50)    On August 24, 2007, Defendants fired Raul Molina in retaliation for asserting rights under FLSA.

51)    On information and belief in or around the last week of August or the first week of September Defendants fired Julio Cesar Moreno Gonzalez.

52)    Defendants would not have taken disciplinary action or fired Plaintiffs if they had not asserted their labor rights.

53)    On September 17, 2007, Plaintiffs filed the Complaint initiating this action.

54)    On or about September 26, 2007, Plaintiff Lino Martinez was discharged from his employment at Defendant Wild Edibles.

55)    Upon information and belief, Lino Martinez's termination was in retaliation for asserting his rights under FLSA and NYSLL.

56)    On or about October 8, 2007, Plaintiff Jose Antonio Fernandez Tavara was discharged from his employment at Defendant Wild Edibles.

57)    Upon information and belief, Jose Antonio Fernandez Tavara's termination was in retaliation for asserting his rights under FLSA and NYSLL.

58)    On or about December 19, 2007, Plaintiff Pedro Hernandez Hernandez was discharged from his employment at Defendant Wild Edibles.

59)    While Pedro Hernandez Hernandez was reinstated several weeks later, upon information and belief, his termination was in retaliation for asserting his rights under FLSA and NYSLL.

60)      On or about December 20, 2007, Defendant Richard Martin fired lead Plaintiff Cesar A. Barturen from his employment at Defendant Wild Edibles.

61)      Upon information and belief, Cesar A. Barturen's termination was in retaliation for asserting his rights under the FLSA and NYSLL.

62)      On or about March 11, 2008, Plaintiff Pedro Hernandez Hernandez was again discharged from his employment at Defendant Wild Edibles.

63)      Upon information and belief, Pedro Hernandez Hernandez's termination was in retaliation for asserting his rights under FLSA and NYSLL.

64)      In or about March of 2008 Miguel Eduardo Tavara was constructively discharged from his employment at Defendant Wild Edibles.

65)      Upon information and belief, Miguel Eduardo Tavara's constructive discharge was in retaliation for asserting his rights under FLSA and NYSLL.

66)      In or about March of 2008 Plaintiff Juan Carlos Molina was fired from his employment at Defendants Wild Edibles.

67)      Upon information and belief, Juan Carlos Molina's termination was in retaliation for asserting his rights under FLSA and NYSLL.

## FIRST CAUSE OF ACTION

### F.L.S.A.

68)      Representative Plaintiffs and other similarly situated Employees who may opt-in repeat all of the foregoing allegations as if fully set forth herein.

69)      At all relevant times, Plaintiffs, and other similarly situated Employees who may opt-in, were entitled to the rights, protections and benefits provided under the FLSA and the Portal-to-Portal Act.

70)      The FLSA requires overtime pay at a rate of not less than one and one-half (1½) times an employee's regular rate of pay after forty hours of work in a work week.

71)      An employee's regular rate is the basis for calculating any overtime pay due to the employee.

72)      Plaintiffs, and other similarly situated Employees who may opt-in are entitled to damages equaling the difference between what they were entitled to receive under the FLSA and the amount that he was actually paid.

73)      During the Litigation Period, Plaintiffs, as well as other similarly situated Employees who may opt-in, has on numerous occasions worked in excess of the hours specified in the Act. 29 U.S.C. § 207.

74)      As a result, Plaintiffs, and other similarly situated Employees who may opt-in,  are entitled to receive overtime compensation, equaling the difference between what they were entitled to receive under the FLSA and the amount that they were actually paid.

75)      At all relevant times, Defendants knew its calculation of Plaintiffs', as well as other similarly situated Employees who may opt-in, overtime rate were in clear violation of the FLSA and the regulations of the U.S. Department of Labor.

76)      At all relevant times, Defendants acted in reckless disregard of the applicable provisions of the FLSA and the regulations of the U.S. Department of Labor.

77)      Because of Defendants' willful violation, Plaintiffs, as well as other similarly situated Employees who may opt-in, are entitled to overtime compensation and liquidated damages for the period beginning three years prior to the filing of this complaint pursuant to 29 U.S.C. § 255(a).

78)     Because of Defendants' willful violation, similarly situated Employees who may opt-in, are entitled to overtime compensation and liquidated damages for the period beginning three years prior to the time that they opt-in to this civil action, pursuant to 29 U.S.C. § 255(a).

79)     By virtue of Defendants' willful violation of section 7 of the Act, Defendant is liable to Plaintiffs, and all other similarly situated Employees who may opt-in, for all unpaid overtime compensation for three years prior to the filing of this complaint and/or the time that other similarly situated employees opt-in, and liquidated damages together with attorneys fees, costs, disbursements and interest.

## SECOND CAUSE OF ACTION

### New York State Labor Law Article 19 – Overtime

80)     Representative Plaintiffs and the Rule 23 Class repeat all of the foregoing allegations as if fully set forth herein.

81)     At all times that Representative Plaintiffs and the Rule 23 Class were employed by Defendants, Plaintiffs were entitled to the rights, protections and benefits provided under the New York State Labor Law and its applicable regulations.

82)     At all times that Representative Plaintiffs and the Rule 23 Class were employed by Defendant, Defendant was required to pay Plaintiffs, overtime compensation at a rate of one and one-half (1½) times their regular rate of pay for hours worked in excess of forty in any work week.

83)     Defendants acted with reckless disregard to the provisions of the New York State Labor Law and its regulations, willfully failing to pay Representative Plaintiffs and the Rule 23 Class overtime compensation, without any basis in fact to support such conduct and with full knowledge that such conduct violated the New York State Labor Law.

{08010092}

84)     Defendants are therefore liable for all overtime compensation owed to Representative Plaintiffs and the Rule 23 Class, in an amount to be determined in this action, going back six years from the filing of this action, together with reasonable attorneys' fees, costs and interest.

85)     By virtue of Defendants' willful violation of the State Labor Law, Defendants are liable to Representative Plaintiffs and the Rule 23 Class, for liquidated damages, equal to twenty-five percent (25%) of the overtime compensation due, during that part of the Litigation Period not covered by the FLSA.

## THIRD CAUSE OF ACTION

### New York Labor Law - Spread-of-Hours Pay

86)     Representative Plaintiffs and the Rule 23 Class repeat all of the foregoing allegations as if fully set forth herein.

87)     By their actions, Defendants have violated the New York State Labor Law and New York Compilation of Codes, Rules, and Regulations, Title 12, Section 142-2.4, by failing to pay Representative Plaintiffs and the Rule 23 Class the required additional hour of minimum wage for shifts in excess of 10 hours.

## FOURTH CAUSE OF ACTION

### Retaliation

88)     Plaintiffs repeat all of the foregoing allegations as if fully set forth herein.

89)     Plaintiffs Jason Borges, Julio Cesar Moreno Gonzalez, Marco Antonio Corona, Raul Lara Molina, Raymundo Lara Molina, Lino Martinez, Jose Antonio Fernadnez Tavara, Pedro Hernandez Hernandez, Cesar A. Barturen, Miguel Eduardo Tavara, and Juan Carlos Molina demanded that the Defendants cease to violate their rights under the FLSA and NYS Labor Law.

{08010092}

90)      Defendants discharged Jason Borges, Julio Cesar Moreno Gonzalez, Raul Lara Molina, Raymundo Lara Molina, Lino Martinez, Jose Antonio Fernandez Tavara, Pedro Hernandez Hernandez, Cesar A. Barturen, and Juan Carlos Molina with discriminatory intent and in retaliation for their complaints against Defendants.

91)      Defendants would not have fired Jason Borges, Julio Cesar Moreno Gonzalez, Raul Lara Molina, Raymundo Lara Molina, Lino Martinez, Jose Antonio Fernandez Tavara, Pedro Hernandez Hernandez, Cesar A. Barturen, and Juan Carlos Molina if they had not asserted their rights under the FLSA and NYS Labor Law.

92)      Defendants constructively discharged Marco Antonio Corona and Miguel Eduardo Tavara with discriminatory intent and in retaliation for their complaints against Defendants.

93)      Defendants would not have constructively discharged Marco Antonio Corona and Miguel Eduardo Tavara had they not asserted their rights under the FLSA and NYS Labor Law.

94)      Defendants' retaliation against Plaintiffs Jason Borges, Julio Cesar Moreno Gonzalez, Marco Antonio Corona, Raul Lara Molina, Raymundo Lara Molina, Lino Martinez, Jose Antonio Fernandez Tavara, Pedro Hernandez Hernandez, Cesar A. Barturen, Miguel Eduardo Tavara, and Juan Carlos Molina is a violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3) and of New York Labor Law § 215.2.

95)      As a result of Defendants' willful and unlawful conduct, Plaintiffs Jason Borges and Cesar A. Barturen seek reinstatement and compensatory and punitive damages, in an amount to be determined at trial.

96)      As a result of Defendants' willful and unlawful conduct, Plaintiffs Julio Cesar Moreno Gonzalez, Marco Antonio Corona, Raul Lara Molina, Raymundo Lara Molina, Lino Martinez, Jose Antonio Fernadnez Tavara, Pedro Hernandez Hernandez, Miguel Eduardo

Tavara, and Juan Carlos Molina seek compensatory damages, exclusive of lost wages, and punitive damages in an amount to be determined at trial.

97)        As a result of Defendants' willful and unlawful conduct Plaintiffs Jason Borges, Julio Cesar Moreno Gonzalez, Marco Antonio Corona, Raul Lara Molina, Raymundo Lara Molina, Lino Martinez, Jose Antonio Fernadnez Tavara, Pedro Hernandez Hernandez, Cesar A. Barturen, Miguel Eduardo Tavara, and Juan Carlos Molina seek other equitable relief as the Court deems proper.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

98)        Representative Plaintiffs and the Rule 23 Class repeat all of the foregoing allegations as if fully set forth herein.

99)        Defendants have enriched themselves as a result of withholding money owed to Representative Plaintiffs and the Rule 23 Class.

100)        The enrichment was at Representative Plaintiffs and the Rule 23 Class expense because Plaintiffs would have received the money owed had the Defendants not intentionally and willfully violated federal and state labor laws.

101)        The circumstances are such that equity and good conscience require Defendants to Pay Representative Plaintiffs and the Rule 23 Class for all the time they worked but were not paid according to the federal and State labor laws.

## JURY DEMAND

102)        All Plaintiffs demand trial by jury of all issues in this action.

WHEREFORE, Plaintiffs, on their own behalf, on behalf of others similarly situated, and the Rule 23 Class, prays:

{08010092}

a.    that this Court assume jurisdiction over this action;

b.    that this Court enters judgment in favor of Plaintiffs, and all other similarly situated Employees, monetary damages in the form of back pay for overtime compensation owed during the applicable period of limitations as may be found by a jury and the Court;

c.    that this Court enter judgment in favor of Plaintiffs, and all other similarly situated employees who may opt-in, for such amount as may be awarded by a jury and the Court for liquidated and punitive damages as well as for Defendant's willful violation of the FLSA and the New York State Labor Law;

d.    that this Court award Plaintiffs, and all other similarly situated Employees who may opt-in, all costs, expenses, and reasonable attorneys' fees associated with the prosecution of this civil action;

e.    that this court order the reinstatement of Jason Borges and Cesar A. Barturen, employees who have been retaliated against and award compensatory and punitive damages to these employees;

f.    that this court order Julio Cesar Moreno Gonzalez, Marco Antonio Corona, Raul Lara Molina, Raymundo Lara Molina, Lino Martinez, Jose Antonio Fernandez Tavara, Pedro Hernandez Hernandez, Miguel Eduardo Tavara, and Juan Carlos Molina, employees who have been retaliated against, compensatory damages, exclusive of lost wages, and punitive damages; and

{08010092}

g.    that this Court grant such additional or alternative relief as may appear to the Court to be

just and proper.

Dated: New York, New York
       June 17, 2008

                                        Respectfully Submitted

                                        By: _Allyson L. Bel_

                                        Allyson L. Belovin (AB 3702)
                                        80 Eighth Avenue, 8th Floor
                                        New York, New York 10011
                                        (212) 627-8100 (phone)
                                        abelovin @lrbpc.com

                                        David B. Rankin, Esq. (DR 0863)
                                        Attorney At Law
                                        350 Broadway, Suite 700
                                        New York, New York 10013
                                        (212)226-4507 (phone)


                                        **ATTORNEYS FOR PLAINTIFFS**

{08010092}

Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CESAR A. BARTUREN, JASON BORGES, RAUL
LARA MOLINA, RAYMUNDO LARA MOLINA,
MIGUEL EDUARDO TAVARA, MARCO ANTONIO
CORONA, JUAN CARLOS MOLINA, JULIO CESAR
MORENO GONZALEZ, PEDRO HERNANDEZ
HERNANDEZ, JULIO ANTONIO, JULIO CARBONEL,
EUSEBIO SANTOS FERROSQULLO, LINO
MARTINEZ, JUAN JOSE PENA FARFAN, JOSE
FERNANDEZ, AND JORGE LEGIS CUYATE,
individually and on behalf of others similarly situated,

**STIPULATION TO AMEND
COMPLAINT**

Case No. 07 Civ. 8127 (LLS)

Plaintiffs,

-against-

WILD EDIBLES, INC., 535 THIRD AVENUE LLC
d/b/a/ WILD EDIBLES, RICHARD MARTIN, and
JONATHAN MEYER,

Defendants.
-------------------------------------------------------------X

IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned, counsel

for Plaintiffs Cesar A. Barturen, et al., individually and on behalf of others similarly situated, and

Defendants Wild Edibles, Inc., 535 Third Avenue LLC d/b/a Wild Edibles, Richard Martin, and

Jonathan Meyer, that Plaintiffs will file a First Amended Complaint in the above matter.

Dated: June 13, 2008
       New York, New York

By: _____

Allyson L. Belovin  (AB3707)
Levy Ratner, P.C.
80 Eighth Avenue
New York, New York 10011
(212) 627-8100

Attorneys for Plaintiffs

By: _____

Richard Howard (RMH2932)
Meltzer, Lippe, Goldstein & Breistone, LLP
190 Willis Avenue
Jericho, NY  11753
(516) 681-1100

Attorneys for Defendants

{08012700}

07 Civ. 8127 (LIS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CESAR A. BARTUREN, JASON BORGES, RAUL
LARA MOLINA, RAYMUNDO LARA MOLINA,
MIGUEL EDUARDO TAVARA, MARCO
ANTONIO CORONA, JUAN CARLOS MOLINA,
JULIO CESAR MORENO GONZALEZ, PEDRO
HERNANDEZ HERNANDEZ, JULIO ANTONIO,
JULIO CARBONEL, EUSEBIO SANTOS
FERROSQULLO, LINO MARTINEZ, JUAN JOSE
PENA FARFAN, JOSE FERNANDEZ, AND JORGE
LEGIS CUYATE, individually and on behalf of
others similarly situated,

                                        Plaintiffs,

                    -against-

WILD EDIBLES, INC., 535 THIRD AVENUE LLC
d/b/a/ WILD EDIBLES, RICHARD MARTIN, and
JONATHAN MEYER,

                                        Defendants.

## FIRST AMENDED COMPLAINT

### LEVY RATNER, P.C.
*Attorneys for Plaintiffs*
*80 Eighth Avenue, 8th Floor*
*New York, N.Y. 10011-5126*
*(212) 627-8100*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................, 20. . .*

*.....................................................................Esq.*

*Attorney for ...........................................................*