UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CESAR A. BARTUREN, JASON BORGES, RAUL LARA MOLINA, RAYMUNDO LARA MOLINA, MIGUEL EDUARDO TAVARA, MARCO ANTONIO CORONA, JUAN CARLOS MOLINA, JULIO CESAR MORENO GONZALEZ, PEDRO HERNANDEZ HERNANDEZ, JULIO ANTONIO PENA, JULIO CARBONEL, EUSEBIO SANTOS FERROSQULLO, LINO MARTINEZ, JUAN JOSE PENA FARFAN, JOSE ANTONIO FERNANDEZ TAVARA, and JORGE LUIS CUYATE CARMONA on behalf of themselves and all other employees similarly situated as class and collective representatives,

Case No. 07 CIV. 8127 (LLS)

                              Plaintiffs,

                -against-

WILD EDIBLES, INC., 535 THIRD AVENUE LLC, d/b/a WILD EDIBLES, LES POISSONIERS, INC., RICHARD MARTIN, and JONATHAN MEYER,

                              Defendants.
------------------------------------------------------------------------X

**REPLY MEMORANDUM IN SUPPORT**

**OF PLAINTIFFS' MOTION FOR CONTEMPT**

      As fully set forth in Plaintiffs' moving papers the Defendants repeatedly violated the notice provisions of this court's Temporary Restraining Order ("TRO") and Preliminary Injunction.

      The TRO issued on September 20, 2007 stated that before Defendants terminate or take adverse employment action against an employee they must "give plaintiffs' lawyer notice that

such an action is contemplated and a day or so to respond if he thinks that it violates the Fair Labor Standards Act." See, Transcript of September 20, 2007 Conference before Hon. Judge Louis L. Stanton, attached to October 18, 2007 Declaration of David B. Rankin ("Rankin II") at Exhibit 6, p.20.  The Court subsequently issued a Preliminary Injunction requiring that Defendants give Plaintiffs' counsel three (3) days advance notice prior to any adverse employment action.  Defendants did not, on several occasions, comply with those notice obligations.

As an initial matter, Defendants' Memorandum of Law in Opposition and supporting affidavit fails to address the terminations of Lino Marinez and Jose Antonio Fernandez Tavara, both of which were made without the one day notice required by the TRO.  Accordingly, the Court should deem Plaintiffs' allegations regarding those terminations admitted.

Lino Martinez was terminated on September 26, 2007, a day after leaving work early due to illness.  See, Affidavit of Lino Martinez, Rankin II, Exhibit 7.  Defendant Richard Martin conceded Mr. Martinez was not permitted to return to work.  See, October 18, 2007 Affidavit of Richard Marin ¶13.  This termination was made without notice to Plaintiffs' counsel in violation of this Courts' TRO.

Jose Antonio Fernandez Tavara was terminated on Monday October 8, 2007 without any notice to Plaintiff's counsel, likewise violating the TRO. See, Affidavit of Jose Antonio Fernandez Tavara, Rankin II, Exhibit 9. In fact it was Plaintiff's Counsel who notified the Defendant' Counsel of the firing.  See, Rankin II ¶ 18.

While Defendants do contest Plaintiffs' allegations regarding the terminations of Pedro Hernandez and Cesar Barturen, their arguments are entirely unavailing.

Defendants appear to argue that Pedro Hernandez was not suspended on December 19, 2007 based on the fact that he later returned to work at Wild Edibles. While Mr. Hernandez was told he was fired on December 19, 2007 all parties appear to agree he returned to work after Christmas. On December 20, 2007 in an email to Plaintiffs' Counsel, Defendants' Counsel characterized Mr. Hernandez as being "only suspended." December 20, 2007 at 1:56 PM email from Richard M. Howard, Declaration of David B. Rankin in Support of Plaintiff's Motion for Contempt ("Rankin-Contempt Declaration") Exhibit 2. Even if this was only a suspension, this suspension came without notice and was in clear violation of this Court's Preliminary Injunction, regardless of the fact Mr. Hernandez was later able to return to his job.

Cesar Barturen was fired on Thursday December 20, 2007. See, Affidavit of Cesar Barturen, Rankin-Contempt Declaration Exhibit 4. Defendants' Counsel provided "notice" of this "intended termination" in an email the next day. This court's preliminary injunction requires three day notice of intended adverse employment actions. A notice after the fact clearly fails to comply with the Injunction or serve any useful purpose. Defendant Richard Martin states of Mr. Barturen's firing "Notice to Plaintiff's counsel is undisputed and attached to Plaintiffs' moving papers." Affidavit in Opposition to Plaintiff's Motion to Hold the Defendants in Contempt, ¶ 25. While it is technically true that said notice was received, it came after Mr. Martin told Mr. Barturen directly that he was fired in no uncertain terms. Affidavit of Cesar Barturen, Rankin-Contempt Declaration, Exhibit 4, ¶17. This failure to give timely notice was in violation of this Court's Preliminary Injunction.

Defendants remain bound by the terms of this Court's Preliminary Injunction and must provide notice of any intended adverse employment action against any employee. Given the Defendants' record of late or nonexistent notice there is every reason to believe that Defendants'

do not take this ongoing obligation with the seriousness it deserves.  Plaintiffs' counsel has no way of knowing of negative employment actions against non-parties other than the required notice.  Given the Defendants' history of violating the Preliminary Injunction Plaintiffs' Counsel can not help but worry that the recent absence of notice regarding any negative employment actions is a matter of further failures to notify rather than a complete absence of negative employment actions taken by Defendants.  There is every reason to believe that holding Defendants in contempt would be quite effective in causing them to become fully aware of and in compliance with their obligations under this courts' Preliminary Injunction.

Upon a finding of contempt, the court may award compensatory damages to the applicant and fashion an equitable remedy -- which may include the imposition of fines for any future violations of the order -- in order to coerce future compliance.  <u>Vuitton v. Carousel Handbags</u>, 592 F.2d 126, 130 (2d Cir. 1979); <u>New York Times Co. v. Newspaper and Mail Deliverers' Union of New York and Vicinity</u>, 1992 WL 110721 at *3.  See also <u>Sunbeam Corp. v. Golden Rule Appliance Co.</u>, 252 F.2d 167, 470 (2d Cir. 1958); <u>Danielson v. United Seafood Workers</u>, 405 F.Supp. at 403; <u>New York Times v. Newspaper and Mail Delivers' Union of New York and Vicinity</u>, 517 F.Supp. 662, 666 (S.D.N.Y. 1981)(Grisea, J.); Local Civil Rule 83.9.

Under the instant circumstances Plaintiffs must be compensated for the lost opportunity to challenge the retaliatory nature of their terminations prior to their discharges or suspensions. Additionally this court must establish and impose a schedule of fines sufficient to force Defendants to respect their obligations under the Preliminary Injunction.  Given these considerations a fine of one thousand dollars ($1,000) per day of insufficient notice would serve to both adequately compensate the Plaintiffs and prompt future compliance with this court's Injunction.

Thus this court should order Defendants to pay Lino Martinez and Jose Antonio Fernandez Tavara each one thousand dollars ($1,000) for the one day of notice ordered under the TRO and omitted by the Defendants and order Defendants to pay Cesar Barturen and Pedro Hernandez each three thousand dollars ($3,000) for the three days of notice ordered under the Preliminary Injunction.  Additionally, this court should order Defendants to pay Plaintiffs' attorneys' fees for the cost of bringing motions for the TRO, the Preliminary Injunction, and Motion for Contempt.  A fine of one thousand dollars per day of future failure to provide notice of *any* negative employment action against *any* employee would be sufficient to compel compliance of this court's Preliminary Injunction.

Dated: New York, NY
       June 27, 2008

Respectfully Submitted,

By: _____
David B. Rankin (DR 0863)
350 Broadway, Suite 700
New York, New York 10013
(212)226-4507 (phone)
David@DBRankinLaw.com

Allyson L. Belovin (AB 3702)
80 Eighth Avenue, 8th Floor
New York, New York 10011
(212) 627-8100 (phone)
abelovin@lrbpc.com

**ATTORNEYS FOR PLAINTIFFS**