UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

CESAR A. BARTUREN, JASON BORGES, RAUL
LARA MOLINA, RAYMUNDO LARA MOLINA,
MIGUEL EDUARDO TAVARA, MARCO ANTONIO
CORONA, JUAN CARLOS MOLINA, JULIO CESAR
MORENO    GONZALEZ,    PEDRO    HERNANDEZ
HERNANDEZ, JULIO ANTONIO PENA, JULIO
CARBONEL, EUSEBIO SANTOS FERROSQULLO,
LINO MARTINEZ, JUAN JOSE PENA FARFAN, JOSE
ANTONIO FERNANDEZ TAVARA, and JORGE LUIS
CUYATE CARMONA, on behalf of themselves and all
other employees similarly situated as class and collective
representatives,

Case No. 07 Civ. 8127 (LLS)

                                          Plaintiffs,

                    -against-

WILD EDIBLES, INC., 535 THIRD AVENUE LLC d/b/a
WILD EDIBLES, LES POISSONIERS, INC., RICHARD
MARTIN, and JONATHAN MEYER,

                                          Defendants.

--------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL A DISCOVERY RESPONSE

Levy Ratner, P.C.
80 Eighth Avenue Floor 8
New York, NY 10011-5126
(212) 627-8100
(212) 627-8182 (fax)

On the Brief:
          Allyson L. Belovin
          Susan J. Cameron

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

INTRODUCTION ...................................................................................................................... 1

STATEMENT OF RELEVANT FACTS .................................................................................... 2

ARGUMENT............................................................................................................................. 4

POINT I.  THE COURT SHOULD COMPEL A DISCOVERY RESPONSE
BECAUSE DEFENDANTS GIVE NO VALID BASIS FOR THEIR
FAILURE TO COMPLY WITH DISCOVERY........................................................ 5

POINT II. DEFENDANTS' OBJECTIONS TO INTERROGATORIES AND
REQUESTS FOR PRODUCTION ARE WITHOUT MERIT.................................. 6

POINT III. THE DISCOVERY AND MOTION SCHEDULE SHOULD BE
EXTENDED .......................................................................................................... 9

CONCLUSION......................................................................................................................... 10

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Harrington v. Education Management Corp*,
    02 Civ. 0787, 2002 U.S. Dist. LEXIS 8823 (S.D.N.Y. May 17, 2002)...............................7

*Jacobson v. The Stop & Shop Supermarket Co.*,
    02 Civ. 5915, 2003 U.S. Dist. LEXIS 7988 (S.D.N.Y. May 15, 2003)...............................7

*Zhao v. Benihana, Inc.*,
    01 Civ. 1297, 2001 U.S. Dist. LEXIS 10678 (S.D.N.Y. July 5, 2004) ...............................7

### FEDERAL STATUTES

Fair Labor Standards Act, 29 U.S.C §216 (2008)............................................................7

Fed. R. Civ. P. 23.............................................................................................................7

Fed. R. Civ. P. 26(b)(1).................................................................................................8, 9

Fed. R. Civ. P. 33.....................................................................................................1, 2, 4, 6

Fed. R. Civ. P. 34.............................................................................................................5

Fed. R. Civ. P. 37(a) ........................................................................................................2

### OTHER

Local Rule 33.3.............................................................................................................6,8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CESAR A. BARTUREN, JASON BORGES, RAUL
LARA MOLINA, RAYMUNDO LARA MOLINA,
MIGUEL EDUARDO TAVARA, MARCO ANTONIO
CORONA, JUAN CARLOS MOLINA, JULIO CESAR
MORENO      GONZALEZ,      PEDRO      HERNANDEZ
HERNANDEZ, JULIO ANTONIO PENA, JULIO
CARBONEL, EUSEBIO SANTOS FERROSQULLO,
LINO MARTINEZ, JUAN JOSE PENA FARFAN, JOSE
ANTONIO FERNANDEZ TAVARA, and JORGE LUIS
CUYATE CARMONA, on behalf of themselves and all
other employees similarly situated as class and collective
representatives,

                                         Plaintiffs,

                    -against-

WILD EDIBLES, INC., 535 THIRD AVENUE LLC d/b/a
WILD EDIBLES, LES POISSONIERS, INC., RICHARD
MARTIN, and JONATHAN MEYER,

                                       Defendants.
-----------------------------------------------------------------------X

Case No. 07 Civ. 8127 (LLS)

## **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL A DISCOVERY RESPONSE**

### **INTRODUCTION**

Plaintiffs Cesar Barturen *et al.*, (collectively referred to herein as "Plaintiffs") bring this

motion to compel Defendants Wild Edibles, Inc. and 535 Third Avenue LLC, d/b/a Wild Edibles

(collectively referred to herein as "Defendants") to fully and completely respond to Plaintiffs'

First Set of Interrogatories and Plaintiffs' Request for Production of Documents pursuant to

Rules 33, 34, and 37(a) of the Federal Rules of Civil Procedure.  Defendants did not object to the

overwhelming majority of Plaintiffs' discovery demands, and accordingly, there is no basis on

which they should not respond to these discovery demands.    Moreover, the objections

1

170-000-00001 15691.doc

Defendants raise are without merit, and therefore, Defendants should be compelled to respond to those discovery demands as well. Pursuant to Fed. R. Civ. P. 37(a) Plaintiffs seek an award of costs and fees in resolving this discovery dispute, and such further relief as this court deems just and necessary.

## STATEMENT OF RELEVANT FACTS

On September 17, 2007 Plaintiffs filed suit in this Court, alleging that Defendants violated their rights under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NY Lab. L.") by failing to pay them statutorily required premium overtime compensation at the rate of one and one half pay, and by retaliating against them for complaining of Defendants' failure to pay that overtime compensation. On June 24, 2008 Plaintiffs filed a First Amended Complaint alleging additional retaliation claims and adding an additional Defendant, Les Poisonniers, Inc.

On June 9, 2008 this Court ordered a stipulated discovery and motion schedule whereby discovery is to be concluded by August 15, 2008.

On April 18, 2008, Plaintiffs served identical a First Set of Interrogatories and First Request for Production of Documents on each of the Defendants. Attached as Exhibits A and B respectively, are Plaintiffs First Set of Interrogatories and First Request for Production of Documents. Pursuant to Fed. R. Civ. P. 33 and 34, Defendants' responses to those requests were to be served by May 19, 2008. On April 24, 2008 Defendants served limited objections to several specific demands. Attached as Exhibit C is Defendants' April 24, 2008 Objections. On May 16, 2008 Plaintiffs responded to Defendants' objections. Attached as Exhibit D is Plaintiffs' May 16, 2008 letter. Defendants responded to that letter on May 20, 2008,

2

withdrawing several objections. Attached as Exhibit E is Defendants' May 20, 2008 letter and accompanying e-mail.

On May 2, 2008 Plaintiffs noticed Sidi Quattara, Richard Rice, Jonathan Meyer and Richard Martin for depositions to be held on June 9, 12, 16 and 18, 2008, respectively.[1] However, without any response to Plaintiffs' discovery demands, Plaintiffs had to postpone those depositions. Attached as Exhibit F are Plaintiffs' Notices of Deposition for Quattara, Rice, Meyer, and Martin. Plaintiffs informed Defendants of this postponement in a June 4, 2008 letter and provided Defendants' counsel with new dates for depositions. Plaintiffs also advised Defendants counsel that they would seek Court intervention in the discovery dispute if Defendants did not make a good faith effort to comply with discovery. Attached as Exhibit G is Plaintiffs' June 4, 2008 letter.

In addition to the above correspondence, Plaintiffs' counsel attempted to discuss this discovery dispute with Defendants' counsel on several occasions. Most phone calls went unreturned.

Having received no response from the June 4, 2008 letter, on June 9, 2008, Plaintiffs' counsel wrote this Court to request an informal conference to resolve the discovery dispute. Attached, for the Court's convenience, as Exhibit H, is Plaintiffs' June 9, 2008 letter. Defendants never responded to that letter. The requested conference was held on June 19, 2008. At that conference Defendants' counsel explained that Defendants failed to provide responses to discovery requests because of ongoing settlement discussions However, as Plaintiffs' counsel

---

[1] Quattara and Rice are supervisory employees of Defendants, Meyer and Martin are/were co-owners of Defendant Wild Edibles and 535 Third Ave. LLC and are individually named as Defendants themselves.

3

explained at that conference, the parties to this litigation are not in settlement discussions and never agreed nor sought the Court's permission to hold discovery in abeyance.[2] At the June 19, 2008 conference, this Court granted permission to Plaintiffs to make this motion to compel a discovery response.

On or about July 1, 2008 Defendants produced certain documents, apparently in response to some of Plaintiffs' Requests for Production. Defendants did not identify the specific Request for Production to which the documents responded, nor did they provide written responses to each Request. To date, following their April 24, 2008 objections, Defendants made no other response to Plaintiffs' Interrogatories.

## ARGUMENT

Plaintiffs seek to compel Defendants to answer Interrogatories: 1, 2, 3, 5, 6, 7, 9, 14, 16, 17, 19, 20, 21, 22, 23, and 25.[3] As Defendants do not object to Interrogatories 2, 6, 7, 9, 14, 16, 17, 20, 21, 22, 23, or 25, there is no valid basis for Defendants' failure to answer. Therefore, pursuant to Fed. R. Civ. P. 33 and 37(a) the Court should compel Defendants to answer those Interrogatories. Plaintiffs also seek to compel Defendants to produce documents in response to all Plaintiffs' Requests for Production. As Defendants do not object to Request for Production 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, or 19, there is no valid basis for which Defendants

---

[2] It is Plaintiffs' counsels' understanding that there have been negotiations between the Union seeking to represent Defendants' employees and the Defendants, and an agreement arising from those discussions may resolve some of the issues in this litigation. Neither the Union nor the Union representative involved in those discussions is a party to this litigation. Furthermore, it is Plaintiffs counsels' understanding that settlement discussions have broken down.

[3] Plaintiffs withdraw Interrogatories 4, 10, 11, 12, 13, 15, 18 and 24 at this time.

4

have not responded. Therefore, pursuant to Fed. R. Civ. P. 34 and 37(a) the Court should compel Defendants to respond to those Requests for Production. Moreover, while Defendants recently produced some documents, they failed to respond to each requested item in Plaintiffs' Request for Production, and failed to identify to which Requests the documents provided responded, as required by Fed. R. Civ. P. 34(b)(2)(B). As such, the Court should also compel Defendants to provide that information.

## POINT I.
### THE COURT SHOULD COMPEL A DISCOVERY RESPONSE BECAUSE DEFENDANTS GIVE NO VALID BASIS FOR THEIR FAILURE TO COMPLY WITH DISCOVERY

Defendants did not object to the overwhelming majority of Plaintiffs' discovery demands. Rather, Defendants cited alleged settlement discussions and the possibility of the Defendants' entering bankruptcy as the sole reasons for their non-compliance with Plaintiffs' discovery demands. Neither is a valid basis for their unresponsiveness.

While there have been ongoing negotiations between Defendant Wild Edibles, Inc. and a union seeking to represent its employees, neither that union nor the union representative with whom Defendant is negotiating is a party to this litigation. Therefore, while those negotiations may resolve some of the claims before the Court in this action, those negotiations are in no way being conducted in lieu of the litigation. Nor have Defendants sought or received a stay of discovery pending these settlement discussions. As such, Defendants are not excused from complying with the demands of this litigation -- including discovery demands.

Defendants' contention that their allegedly imminent bankruptcy excuses them from complying with discovery is an equally meritless excuse. Unless and until there is an actual bankruptcy filing, rather than the mere threat of one, this action must proceed. To that end,

Defendants should immediately be compelled to comply with all of Plaintiffs' discovery demands to which they did not object.

**POINT II.**
**DEFENDANTS' OBJECTIONS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION ARE WITHOUT MERIT**

Defendants object to Plaintiffs' Interrogatory 1 by citing Local Rule 33.3(c). Interrogatory 1 asks "[i]f you contend that some other person is, in whole or in part, liable to Plaintiffs in this matter, identify that person and describe in detail the basis of said liability." See Exh. A. Local Rule 33.3(c) limits "interrogatories seeking the claims and contentions of the opposing party" in that they are to be served "at the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date[.]" Interrogatory 1 does not seek "claims or contentions" which would be objectionable pursuant to Local Rule 33.3(c). Rather, it seeks the identity of individuals who may have critical information related to the Defendants with regard to issues in this litigation -- clearly discoverable information and a proper subject of an interrogatory. Therefore, Defendants are obligated to respond to Interrogatory 1. Moreover, even if a portion of Interrogatory 1 were construed to be seeking "claims and contentions," Fed. R. Civ. P. 33(b)(3) states that "[e]ach interrogatory must, *to the extent it is not objected to*, be answered separately and fully in writing under oath." (emphasis added)   Therefore, as Defendants articulated no valid objection to identifying the individuals requested, they should, at the very least, be compelled to respond to that aspect of Interrogatory 1.

Defendants objected to Interrogatory 3 and Request for Production 1 and 2, which seek information and records regarding Defendants payroll and hours worked for all Wild Edibles, Inc. employees between September 17, 2001 to the present. See Exh. A and B. Defendants

6

claim the demands are objectionable because they "seek personal information of non-parties to this action[.]" See Exh C. That is not a valid basis for an objection. The central issue in this litigation is whether Defendants properly compensated employees for all hours worked. As such, documents regarding hours worked and compensation are critical pieces of information. Moreover, Plaintiffs bring this litigation as a collective action pursuant to FLSA 29 U.S.C. §216(b) (2008) and as a class action pursuant to Fed. R. Civ. P. 23. Plaintiffs will have to show for FLSA § 216 that named Plaintiffs are similarly situated to potential-opt in plaintiffs, i.e. all other employees. That is to say, Plaintiffs must demonstrate that they were all subject to Defendants' same unlawful compensation policies. See Jacobson v. The Stop & Shop Supermarket Co., 02 Civ. 5915, 2003 U.S. Dist. LEXIS 7988, *9 (S.D.N.Y. May 15, 2003); Harrington v. Education Management Corp, 02 Civ. 0787, 2002 U.S. Dist. LEXIS 8823, *4 (S.D.N.Y. May 17, 2002); Zhao v. Benihana, Inc., 01 Civ. 1297, 2001 U.S. Dist. LEXIS 10678, *9 (S.D.N.Y. July 5, 2004). To be certified as a class pursuant to Fed. R. Civ. P. 23 Plaintiffs must demonstrate that all members of the class have common questions of law and fact - the facts being the very information Defendants refuse to produce. See Fed. R. Civ. P. 23(a)(2).[4] Contrary to Defendants' assertion that the individuals for whom information is requested are 'non-parties,' they are all potential class members, and Plaintiffs must have the opportunity to conduct discovery on issues related to the potential class. Therefore, the Court should compel Defendants to respond to Plaintiffs' discovery demands.

---

[4] It is worth noting that in opposing Plaintiffs motion to certify this action as a collective action, Defendants claimed hours worked by a named Plaintiff were dissimilar to hours worked by other employees. Clearly, documents regarding hours worked are already a main issue at this stage of the litigation.

7

Defendants object to Plaintiffs' Interrogatory 5 and 19 by citing Local Rule 33.3(a).

Interrogatory 5 seeks

> the name, address, job title and brief job description of each and every person
> having decision-making functions of any kind concerning recruitment, hiring,
> orientation, assignment, supervision, overseeing or inspection of work, scheduling
> of work and/or payment of wages for you during the period from September 17,
> 2001 to the present.

See Exh. A. Similarly, Interrogatory 19 seeks the identity of

> each and every person with knowledge concerning your practices and procedures
> of maintaining time-clock records or other records regarding hours worked by
> employees and payment of wages to employees, including the address, job title
> and brief job description of each person so identified.

See Id. Local Rule 33.3(a) limits interrogatories served "at the commencement of discovery" to

"those seeking names of witnesses with knowledge of information relevant to the subject matter

of the action[.]" Defendants objection is baffling, as Interrogatories 5 and 19 seek precisely that

- the identity of individuals with knowledge of information regarding recruitment and hiring; and

knowledge of information regarding time keeping policies, procedures and records -- two

essential elements of Plaintiffs' claims. As such, Defendants should be compelled to respond.

Defendants object to Request for Production 3 and 15 as not relevant, yet the information

requested clearly meets the relevance standard set forth in Fed. R. Civ. P. 26(b)(1). Request for

Production 3 seeks

> All documents, including but not limited to general ledgers, cash receipts and cash
> disbursements, journals, balance sheets, cash flow statements, income statements,
> financial statements, income tax returns (including quarterly returns), franchise
> tax returns, bank statements or any other documents that concern or discuss
> defendants income or financial condition from September 17, 2001.

See Exh. B. Request for Production 15 seeks

8

170-000-00001 15691.doc

> All documents that set out the terms and conditions of the business relationship between or among any of the defendants. Please produce all versions of such agreement(s) under which you have operated at any time since September 17, 2001.

See Id. Pursuant to Fed. R. Civ. P. 26(b)(1), for the purposes of discovery, relevant information need only "appear to be reasonably calculated to lead to the discovery of admissible evidence." The information sought in Requests for Production 3 and 15 easily meet that standard. Request for Production 3 seeks Defendants' financial records. Plaintiffs have learned that Defendants have engaged in a practice of compensating Plaintiffs with cash and/or non-payroll checks. Only financial records that extend beyond payroll records would reveal such a practice, which would be clearly relevant and admissible information. Request for Production 15 seeks information regarding the business relationship between Defendants. This information may reveal the delegation of decision making authority with regard to employee compensation policies and procedures. Like the information requested in Request for Production 3, this information is clearly relevant as it may lead to the discovery of admissible evidence and as such, the Court should compel Defendants to produce the requested documents.

**POINT III.**
**THE DISCOVERY AND MOTION SCHEDULE SHOULD BE EXTENDED**

The parties agreed to a discovery schedule for this matter, pursuant to which all discovery would be completed by August 15, 2008. However, as Defendants' responses to Plaintiffs' First Interrogatories and Requests for Production were to be served on May 19, 2008, and to date, Plaintiffs have still not received Defendants' complete responses, Defendants have made it impossible to adhere to the stipulated Discovery and Motion Schedule. Already, without answers to interrogatories or complete responses to document requests, Plaintiffs have had to

9

postpone depositions from June 9, 12, 16 band 18, 2008 to June 24, 26, July 1 and 3, 2008, and

then indefinitely. Plaintiffs are unable to proceed without Defendants' responses and therefore,

to date, those depositions have not been rescheduled.

Therefore, the Plaintiffs respectfully request that the Court so order the attached revised

discovery and motion schedule which sets specific dates for the services of discovery responses,

and appearance at depositions, extends the dates on the original discovery and motion schedule.

The proposed revised discovery and motion schedule is attached as Exhibit G.

### CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that this Court issue an

Order:

1.  Compelling Defendant Wild Edibles, Inc. to respond fully to Plaintiffs First
    Interrogatories Nos. 1, 2, 3, 5, 6, 7, 9, 14, 16, 17, 19, 20, 21, 22, 23, and 25;

2.  Compelling Defendant Wild Edibles, Inc. to respond fully to Plaintiffs' First
    Request for Production;

3.  Compelling Defendant 535 Third Avenue LLC, d/b/a Wild Edibles to respond
    fully to Plaintiffs First Interrogatories Nos. 1, 2, 3, 5, 6, 7, 9, 14, 16, 17, 19, 20,
    21, 22, 23, and 25;

4.  Compelling Defendant 535 Third Avenue LLC, d/b/a Wild Edibles to respond
    fully to Plaintiffs First Request for Production;

5.  Granting an award of costs and fees incurred by Plaintiffs in resolving this
    discovery dispute;

6.  Ordering the attached proposed revised discovery and motion schedule; and

170-000-00001 15691.doc

7.    Granting such further relief as this Court decrees just and necessary.

Dated: July 8, 2008
      New York, New York

By:    Allyson L. Belovin (AB3702)
      80 Eighth Avenue Floor 8
      New York, New York 10011
      (212) 627-8100
      (212) 627-8182 (fax)

      David B. Rankin (DB0863)
      Attorney At Law
      350 Broadway, Suite 700
      New York, NY 10013
      (212) 226-4507
      (212) 658-9489 (fax)

      Attorneys for Plaintiffs

11

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Cesar A. Barturen, Jason Borges, Raul Lara
Molina, Raymundo Lara Molina, Miguel
Eduardo Tabara, Marco Antonio Corona,
Juan Carlos Molina, Julio Cesar Moreno
Gonzalez, Pedro Hernandez Hernandez,
Julio Antonio, Julio Carbonel, Eusebio
Santos Ferrosqullo, Limo Martinez, Juan
Jose Pena Farfan, Jose Fernandez, and
Jorge Legis Cuyate Carmona on behalf of
themselves and all other employees
similarly situated as class and collective
representatives,

              Plaintiffs,

-against-

Wild Edibles, Inc., 535 Third Avenue LLC,
d/b/a Wild Edibles, Richard Martin, and
Jonathan Meyer,

              Defendants.

07-CV-8127 (LLS)

---

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## TO DEFENDANT WILD EDIBLES, INC.

TO:    Wild Edibles, Inc.

       PLEASE TAKE NOTE that, pursuant to Rules 26 and 33 of the Federal Rules of

Civil Procedure, Defendant Wild Edibles, Inc.is hereby required to respond in writing

within 30 days from the date of service to the following Interrogatories.  Responses shall

{Worldox Files\NU726\001\04\08008984.DOC}

be provided by delivering them to counsel for Plaintiffs, Allyson L. Belovin, Levy Ratner P.C., 80 Eighth Avenue, Eighth Floor, New York, New York 10011.

Respectfully submitted,

Allyson L. Belovin (AB 3702)
Levy Ratner, P.C.
Attorneys for Plaintiffs
80 Eighth Avenue, 8th Floor
New York, New York 10011
(212) 627-8100 (phone)
(212) 627-8182 (fax)
abelovin@lrbpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2008, I caused the within Interrogatories of

Plaintiffs Cesar Barturen, et al., to be served via overnight mail on:

Richard Howard, Esq.
Thomas Bianco, Esq.
Meltzer, Lippe, Goldstein & Breitstone, LLP
190 Willis Avenue
Mineola, NY 11501

LEVY RATNER, P.C.

By: _Susan J. C_____

Susan J. Cameron (SC 3066)
80 Eighth Avenue, 8th Floor
New York, New York 10011
(212) 627-8100 (phone)
(212) 627-8182 (fax)
scameron@lrbpc.com

## I. INSTRUCTIONS

A.    Identify each person who assisted or participated in preparing and/or supplying any of the information given in answer to, or relied upon in preparing answers to, each interrogatory.

B.    To the extent any interrogatory is objected to, set forth all reasons therefor and supply all information sought by such interrogatory to the extent that there is no objection.

C.    If you claim any privilege as ground for not answering any interrogatory, whether in whole or in part, a description of the factual basis for your claim of privilege must be provided so that the Court has sufficient detail to adjudicate the validity of the claim.

D.    These interrogatories shall be deemed continuing, so as to require additional answers if further information is obtained between the time answers are served and the time of trial. Such additional answers shall be served from time to time, but not later than thirty (30) days after such additional information is received.

E.    If, in response to these interrogatories, any ambiguity in construing the interrogatory, a definition, or an instruction is encountered, set forth the matter deemed ambiguous and the construction chosen in responding to the interrogatory.

F.    Pursuant to the Federal Rules of Civil Procedure you are required when responding to these interrogatories to set forth the request in full followed by your response.

## II. DEFINITIONS

A.    As used herein, the word "person" shall mean a natural person, business, proprietorship, corporation, public organization, governmental body, or agency, partnership, group, association, organization or other legal entity.

B.    "Document" is used in the broadest sense and includes, but is not limited to, any and all originals, copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise) and drafts of the following items, whether printed or recorded (through a sound, video or other electronic, magnetic or digital recording system) or reproduced by hand, including but not limited to letters, correspondence, telegrams, telexes, memoranda, records, summaries of personal conversations or interviews, minutes or records or notes of meetings or conferences, job applications, note pads, notebooks, memo books, postcards, "Post-It" notes, stenographic notes, notes, opinions or reports of advisors or consultants, opinions or reports of experts, projections, financial or statistical statements of compilations, contracts, agreements, appraisals, analyses, orders (temporary, standing or otherwise), bulletins, manuals, guidebooks, policy statements, guidelines, protocols, publications, articles, books, pamphlets, circulars, microfilm, microfiche, reports, studies, logs, surveys, diaries, calendars, appointment books, maps, charts, graphs, bulletins, photostats, speeches, data sheets, pictures, photographs, illustrations, blueprints, films, drawings, plans, tape recordings, videotapes, disks, diskettes, data tapes or readable

computer-produced interpretations or transcriptions thereof, electronically transmitted messages ("E-mail"), voice mail messages, inter-office communications, and any other writings, papers and tangible things of whatever description whatsoever, including but not limited to any information contained in any computer, even if not yet printed out, within the possession, custody or control of Plaintiff. **The Word "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of a non-identical copy is a separate document within the meaning of this term.**

C.      "Identify," as used herein with reference to a natural person means the full name, present or last known address, present or last known telephone number, and present or last known place of employment (including address, telephone number and position held).

D.      "Identify," as used herein in connection with any document, including documents which reflect or refer to any oral communications, includes the following:

1.      The type of document

2.      The date of the document;

3.      The general content of the document;

4.      The author of the document;

5.      The addressee of the document;

6.      The method in which the document was sent to recipient or otherwise filed or maintained;

7.    The address to which it was sent or the fax number to which it was sent;

8.    The present location of the document and its custodian.

## INTERROGATORIES

### INTERROGATORY NO. 1

If you contend that some other person is, in whole or in part, liable to Plaintiffs in this matter, identify that person and describe in detail the basis of said liability.

### INTERROGATORY NO. 2

Identify each person who prepared or assisted in preparing your payroll records and paychecks at any time from September 17, 2001 through the present.

### INTERROGATORY NO. 3

Identify all persons (including supervisors) whom Defendant Wild Edibles, Inc. employed at any time from September 17, 2001 to the present, and the job title(s) and dates of employment of each person so identified.

### INTERROGATORY NO. 4

List all lawsuits, prosecutions, and administrative agency proceedings, investigations and/or audits to which you have been a party since September 17, 1997. To "list" for the purposes of this Interrogatory means to provide the case name, case number and court or agency in which each such proceeding was pending and to briefly describe the nature of the proceeding.

### INTERROGATORY NO. 5

State the name, address, job title and brief job description of each and every person having decision-making functions of any kind concerning recruitment, hiring, orientation, assignment, supervision, overseeing or inspection of work, scheduling of work and/or payment of wages for you during the period from September 17, 2001 to the present.

### INTERROGATORY NO. 6

Identify each person who served as your accountant or tax preparer at any time from September 17, 2001 to the present.

### INTERROGATORY NO. 7

Identify all software programs and other electronic systems used at any time from September 17, 2001 to the present, to prepare payroll checks and/or other checks to persons who were employed by you or who performed services for you, records of hours worked by persons who were employed by you or who performed services for you, and/or federal and state income tax returns.

## INTERROGATORY NO. 8

As to each of Plaintiffs' requests for admissions you do not admit, please state each and every fact upon which you rely in failing to admit such request for admission.

## INTERROGATORY NO. 9

Identify any and all Plaintiffs or Wild Edibles, Inc. employees employed from September 17, 2001 to the present, who qualify for a Motor Carrier exemption, Administrative exemption, and/or an Executive exemption; the particular exemption or exemptions applicable to each individual so identified, and state all facts supporting your contention that the individual(s) identified qualify for the exemption or exemptions.

## INTERROGATORY NO. 10

State all facts supporting your contention that Plaintiffs have been properly paid.

## INTERROGATORY NO. 11

State all facts supporting your contention that the complaint fails to set forth a claim for which relief may be granted.

## INTERROGATORY NO. 12

State all facts supporting your contention that plaintiffs' claims are barred by the statute of limitations.

## INTERROGATORY NO. 13

State all facts supporting your contention that defendants have acted in good faith in reliance on applicable regulations, interpretations and/or opinion letters with regard to the acts or omissions alleged in the complaint.

## INTERROGATORY NO. 14

If you have made any settlement, deal, agreement or arrangement of any kind with any other person or party or their attorney with respect to this case, identify each person or attorney with whom such settlement, deal, agreement or arrangement has been made and the nature of the settlement, deal, agreement or arrangement. This interrogatory includes, but is not limited to, any arrangement to indemnify any other party or to pay any attorneys fees or expenses of any other party and any arrangement for another person to indemnify your or pay any of your attorneys fees or expenses.

## INTERROGATORY NO. 15

Set forth all facts concerning your policy (or policies if they have changed over time) with respect to the payment of overtime compensation.

## INTERROGATORY NO. 16

Identify each person with knowledge of the facts set forth in your response to the previous interrogatory

## INTERROGATORY NO. 17

Identify each person with knowledge of the facts surrounding the demonstration on or about August 20, 2007 at which certain individuals employed by Wild Edibles, Inc. demanded overtime compensation.

## INTERROGATORY NO. 18

Describe in detail your method or methods of maintaining records for hours worked and moneys paid to all employees for the period from September 17, 2001 to the present.

## INTERROGATORY NO. 19

Identify each and every person with knowledge concerning your practices and procedures of maintaining time-clock records or other records regarding hours worked by employees and payment of wages to employees, including the address, job title and brief job description of each person so identified.

## INTERROGATORY NO. 20

Identify all supervisors, agents or other individuals with decision-making functions of any kind relating to the discipline of employees (including but not limited to verbal warnings, written warnings, suspensions, demotions, transfers and/or terminations) for the period from August 20, 2001 until the present.

## INTERROGATORY NO. 21

Identify all employees who have been disciplined by Wild Edibles, Inc. during the period from August 20, 2001 until the present and, for each such employee, identify the date(s) of the discipline, the infraction(s) for which he/she was disciplined, and the nature of the discipline(s) imposed.

## INTERROGATORY NO. 22

Identify all employees who Wild Edibles, Inc. asserts have voluntarily resigned during the period from August 20, 2001 until the present and, for each such employee, identify the date of such voluntary resignation.

## INTERROGATORY NO. 23

Identify each person with knowledge of the facts surrounding each discipline and/or voluntary resignation identified in response to Interrogatories 21 and 22.

## INTERROGATORY NO. 24

Identify all locations owned and or operated by Wild Edibles, Inc., including but not limited to retail, warehouse and restaurant locations, describing the business operation that take place at each location, as well as the number of employees who regularly work at each location.

## INTERROGATORY NO. 25

Identify all locations where notice was posted informing employees of their rights under FLSA and/or NYS Labor Law, including but not limited to notices posted pursuant to 29 CFR 516.4, and the dates on which each such notice was posted.


Dated:      New York, New York
            April 18, 2008

LEVY RATNER, P.C.

By: _____
Allyson L. Belovin (AB 3702)
80 Eighth Avenue, 8th Floor
New York, New York 10011
(212) 627-8100 - phone
(212) 627-8182 - fax
abelovin @lrbpc.com

DAVID B. RANKIN, ESQ.
David B. Rankin (DR 0863)
Attorney At Law
350 Broadway, Suite 700
New York, NY  10013
(212) 226-4507 phone
(212) 658-9489 fax
DavidBRankin@gmail.com

**ATTORNEYS FOR PLAINTIFFS**

TO:     Richard Howard, Esq.
        Thomas Bianco, Esq.
        Meltzer, Lippe, Goldstein & Breitstone, LLP
        190 Willis Avenue
        Mineola, NY  11501

07-CV-8127 (LLS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CESAR A. BARTUREN, JASON BORGES, RAUL LARA
MOLINA, RAYMUNDO LARA MOLINA, MIGUEL
EDUARDO TABARA, MARCO ANTONIO CORONA, JUAN
CARLOS MOLINA, JULIO CESAR MORENO GONZALEZ,
PEDRO HERNANDEZ HERNANDEZ, JULIO ANTONIO,
JULIO CARBONEL, EUSEBIO SANTOS FERROSQULLO,
LIMO MARTINEZ, JUAN JOSE PENA FARFAN, JOSE
FERNANDEZ, AND JORGE LEGIS CUYATE CARMONA ON
BEHALF OF THEMSELVES AND ALL OTHER EMPLOYEES
SIMILARLY SITUATED AS CLASS AND COLLECTIVE
REPRESENTATIVES,

Plaintiffs,

-against-

WILD EDIBLES, INC., 535 THIRD AVENUE LLC, D/B/A
WILD EDIBLES, RICHARD MARTIN, AND JONATHAN
MEYER,

Defendants.

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO
DEFENDANT WILD EDIBLES, INC.**

**LEVY RATNER, P.C.**
*Attorneys for Plaintiffs*
*80 Eighth Avenue, 8th Floor*
*New York, N.Y. 10011-5126*
*(212) 627-8100*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................, 20. . .*

*.................................................................... Esq.*

*Attorney for .......................................................*

{Worldox Files\NU726\001\04\08009040.DOC}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Cesar A. Barturen, Jason Borges, Raul Lara Molina,
Raymundo Lara Molina, Miguel Eduardo Tabara,
Marco Antonio Corona, Juan Carlos Molina, Julio
Cesar Moreno Gonzalez, Pedro Hernandez
Hernandez, Julio Antonio, Julio Carbonel, Eusebio
Santos Ferrosqullo, Limo Martinez, Juan Jose Pena
Farfan, Jose Fernandez, and Jorge Legis Cuyate
Carmona on behalf of themselves and all other
employees similarly situated as class and collective
representatives,

           Plaintiffs,

-against-

Wild Edibles, Inc., 535 Third Avenue LLC, d/b/a
Wild Edibles, Richard Martin, and Jonathan Meyer,

           Defendants.

07-CV-8127 (LLS)

---

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## TO DEFENDANT 535 THIRD AVENUE LLC, d/b/a WILD EDIBLES

TO:    535 Third Avenue LLC, d/b/a Wild Edibles

       PLEASE TAKE NOTE that, pursuant to Rules 26 and 33 of the Federal Rules of Civil

Procedure, Defendant 535 Third Avenue LLC, d/b/a Wild Edibles, is hereby required to respond

in writing within 30 days from the date of service to the following Interrogatories. Responses

shall be provided by delivering them to counsel for Plaintiffs, Allyson L. Belovin, Levy Ratner

P.C., 80 Eighth Avenue, Eighth Floor, New York, New York 10011.

           Respectfully submitted,

           Allyson L. Belovin (AB 3702)
           Levy Ratner, P.C.
           Attorneys for Plaintiffs
           80 Eighth Avenue, 8th Floor
           New York, New York 10011
           (212) 627-8100 (phone)
           (212) 627-8182 (fax)
           abelovin@lrbpc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2008, I caused the within Interrogatories of Plaintiffs Cesar Barturen, et al., to be served via overnight mail on:

Richard Howard, Esq.
Thomas Bianco, Esq.
Meltzer, Lippe, Goldstein & Breitstone, LLP
190 Willis Avenue
Mineola, NY 11501

LEVY RATNER, P.C.

By: _____
Susan J. Cameron (SC 3066)
80 Eighth Avenue, 8th Floor
New York, New York 10011
(212) 627-8100 (phone)
(212) 627-8182 (fax)
scameron @lrbpc.com

## I. INSTRUCTIONS

A.     Identify each person who assisted or participated in preparing and/or supplying any of the information given in answer to, or relied upon in preparing answers to, each interrogatory.

B.     To the extent any interrogatory is objected to, set forth all reasons therefor and supply all information sought by such interrogatory to the extent that there is no objection.

C.     If you claim any privilege as ground for not answering any interrogatory, whether in whole or in part, a description of the factual basis for your claim of privilege must be provided so that the Court has sufficient detail to adjudicate the validity of the claim.

D.     These interrogatories shall be deemed continuing, so as to require additional answers if further information is obtained between the time answers are served and the time of trial.  Such additional answers shall be served from time to time, but not later than thirty (30) days after such additional information is received.

E.     If, in response to these interrogatories, any ambiguity in construing the interrogatory, a definition, or an instruction is encountered, set forth the matter deemed ambiguous and the construction chosen in responding to the interrogatory.

F.     Pursuant to the Federal Rules of Civil Procedure you are required when responding to these interrogatories to set forth the request in full followed by your response.

## II. DEFINITIONS

A.     As used herein, the word "person" shall mean a natural person, business, proprietorship, corporation, public organization, governmental body, or agency, partnership, group, association, organization or other legal entity.

B.    "Document" is used in the broadest sense and includes, but is not limited to, any and all originals, copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise) and drafts of the following items, whether printed or recorded (through a sound, video or other electronic, magnetic or digital recording system) or reproduced by hand, including but not limited to letters, correspondence, telegrams, telexes, memoranda, records, summaries of personal conversations or interviews, minutes or records or notes of meetings or conferences, job applications, note pads, notebooks, memo books, postcards, "Post-It" notes, stenographic notes, notes, opinions or reports of advisors or consultants, opinions or reports of experts, projections, financial or statistical statements of compilations, contracts, agreements, appraisals, analyses, orders (temporary, standing or otherwise), bulletins, manuals, guidebooks, policy statements, guidelines, protocols, publications, articles, books, pamphlets, circulars, microfilm, microfiche, reports, studies, logs, surveys, diaries, calendars, appointment books, maps, charts, graphs, bulletins, photostats, speeches, data sheets, pictures, photographs, illustrations, blueprints, films, drawings, plans, tape recordings, videotapes, disks, diskettes, data tapes or readable computer-produced interpretations or transcriptions thereof, electronically transmitted messages ("E-mail"), voice mail messages, inter-office communications, and any other writings, papers and tangible things of whatever description whatsoever, including but not limited to any information contained in any computer, even if not yet printed out, within the possession, custody or control of Plaintiff.  **The Word "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).  A draft of a non-identical copy is a separate document within the meaning of this term.**

C.      "Identify," as used herein with reference to a natural person means the full name, present or last known address, present or last known telephone number, and present or last known place of employment (including address, telephone number and position held).

D.      "Identify," as used herein in connection with any document, including documents which reflect or refer to any oral communications, includes the following:

1.      The type of document

2.      The date of the document;

3.      The general content of the document;

4.      The author of the document;

5.      The addressee of the document;

6.      The method in which the document was sent to recipient or otherwise filed or maintained;

7.      The address to which it was sent or the fax number to which it was sent;

8.      The present location of the document and its custodian.

## INTERROGATORIES

### INTERROGATORY NO. 1

If you contend that some other person is, in whole or in part, liable to Plaintiffs in this matter, identify that person and describe in detail the basis of said liability.

### INTERROGATORY NO. 2

Identify each person who prepared or assisted in preparing your payroll records and paychecks at any time from September 17, 2001 through the present.

### INTERROGATORY NO. 3

Identify all persons (including supervisors) whom Defendant 535 Third Avenue LLC, d/b/a Wild Edibles, employed at any time from September 17, 2001 to the present, and the job title(s) and dates of employment of each person so identified.

### INTERROGATORY NO. 4

List all lawsuits, prosecutions, and administrative agency proceedings, investigations and/or audits to which you have been a party since September 17, 1997. To "list" for the purposes of this Interrogatory means to provide the case name, case number and court or agency in which each such proceeding was pending and to briefly describe the nature of the proceeding.

### INTERROGATORY NO. 5

State the name, address, job title and brief job description of each and every person having decision-making functions of any kind concerning recruitment, hiring, orientation, assignment, supervision, overseeing or inspection of work, scheduling of work and/or payment of wages for you during the period from September 17, 2001 to the present.

### INTERROGATORY NO. 6

Identify each person who served as your accountant or tax preparer at any time from September 17, 2001 to the present.

### INTERROGATORY NO. 7

Identify all software programs and other electronic systems used at any time from September 17, 2001 to the present, to prepare payroll checks and/or other checks to persons who were employed by you or who performed services for you, records of hours worked by persons who were employed by you or who performed services for you, and/or federal and state income tax returns.

## INTERROGATORY NO. 8

As to each of Plaintiffs' requests for admissions you do not admit, please state each and every fact upon which you rely in failing to admit such request for admission.

## INTERROGATORY NO. 9

Identify any and all Plaintiffs or 535 Third Avenue LLC, d/b/a Wild Edibles, employees employed from September 17, 2001 to the present, who qualify for a Motor Carrier exemption, Administrative exemption, and/or an Executive exemption; the particular exemption or exemptions applicable to each individual so identified, and state all facts supporting your contention that the individual(s) identified qualify for the exemption or exemptions.

## INTERROGATORY NO. 10

State all facts supporting your contention that Plaintiffs have been properly paid.

## INTERROGATORY NO. 11

State all facts supporting your contention that the complaint fails to set forth a claim for which relief may be granted.

## INTERROGATORY NO. 12

State all facts supporting your contention that plaintiffs' claims are barred by the statute of limitations.

## INTERROGATORY NO. 13

State all facts supporting your contention that defendants have acted in good faith in reliance on applicable regulations, interpretations and/or opinion letters with regard to the acts or omissions alleged in the complaint.

## INTERROGATORY NO. 14

If you have made any settlement, deal, agreement or arrangement of any kind with any other person or party or their attorney with respect to this case, identify each person or attorney with whom such settlement, deal, agreement or arrangement has been made and the nature of the settlement, deal, agreement or arrangement. This interrogatory includes, but is not limited to, any arrangement to indemnify any other party or to pay any attorneys fees or expenses of any other party and any arrangement for another person to indemnify your or pay any of your attorneys fees or expenses.

**INTERROGATORY NO. 22**

Identify all employees who 535 Third Avenue LLC, d/b/a Wild Edibles, asserts have voluntarily resigned during the period from August 20, 2001 until the present and, for each such employee, identify the date of such voluntary resignation.

**INTERROGATORY NO. 23**

Identify each person with knowledge of the facts surrounding each discipline and/or voluntary resignation identified in response to Interrogatories 21 and 22.

**INTERROGATORY NO. 24**

Identify all locations owned and or operated by 535 Third Avenue LLC, d/b/a Wild Edibles, including but not limited to retail, warehouse and restaurant locations, describing the business operation that take place at each location, as well as the number of employees who regularly work at each location.

**INTERROGATORY NO. 25**

Identify all locations where notice was posted informing employees of their rights under FLSA and/or NYS Labor Law, including but not limited to notices posted pursuant to 29 CFR 516.4, and the dates on which each such notice was posted.

Dated:      New York, New York
            April 18, 2008

LEVY RATNER, P.C.

By: _____

Allyson L. Belovin (AB 3702)
80 Eighth Avenue, 8th Floor
New York, New York 10011
(212) 627-8100 - phone
(212) 627-8182 - fax
abelovin @lrbpc.com

DAVID B. RANKIN, ESQ.
David B. Rankin (DR 0863)
Attorney At Law
350 Broadway, Suite 700
New York, NY 10013
(212) 226-4507 phone
(212) 658-9489 fax
DavidBRankin@gmail.com

**ATTORNEYS FOR PLAINTIFFS**

TO:    Richard Howard, Esq.
Thomas Bianco, Esq.
Meltzer, Lippe, Goldstein & Breitstone, LLP
190 Willis Avenue
Mineola, NY 11501

07-CV-8127 (LLS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CESAR A. BARTUREN, JASON BORGES, RAUL LARA
MOLINA, RAYMUNDO LARA MOLINA, MIGUEL
EDUARDO TABARA, MARCO ANTONIO CORONA, JUAN
CARLOS MOLINA, JULIO CESAR MORENO GONZALEZ,
PEDRO HERNANDEZ HERNANDEZ, JULIO ANTONIO,
JULIO CARBONEL, EUSEBIO SANTOS FERROSQULLO,
LIMO MARTINEZ, JUAN JOSE PENA FARFAN, JOSE
FERNANDEZ, AND JORGE LEGIS CUYATE CARMONA ON
BEHALF OF THEMSELVES AND ALL OTHER EMPLOYEES
SIMILARLY SITUATED AS CLASS AND COLLECTIVE
REPRESENTATIVES,

Plaintiffs,

-against-

WILD EDIBLES, INC., 535 THIRD AVENUE LLC, D/B/A
WILD EDIBLES, RICHARD MARTIN, AND JONATHAN
MEYER,

Defendants.

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT 535 THIRD AVENUE LLC, d/b/a WILD EDIBLES

### LEVY RATNER, P.C.
*Attorneys for Plaintiffs*
*80 Eighth Avenue, 8th Floor*
*New York, N.Y. 10011-5126*
*(212) 627-8100*

*Due and timely service is hereby admitted.*

*New York, N.Y. ......................................, 20. . .*

*.................................................................. Esq.*

*Attorney for .................................................*

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Cesar A. Barturen, Jason Borges,
Raul Lara Molina, Raymundo Lara Molina,
Miguel Eduardo Tabara, Marco Antonio
Corona, Juan Carlos Molina, Julio Cesar          07-CV-8127 (LLS)
Moreno Gonzalez, Pedro Hernandez
Hernandez, Julio Antonio, Julio Carbonel,
Eusebio Santos Ferrosqullo, Limo
Martinez, Juan Jose Pena Farfan,
Jose Fernandez, and Jorge Legis Cuyate
Carmona on behalf of themselves and all
other employees similarly situated as class
and collective representatives,

              Plaintiffs,

- against -

Wild Edibles, Inc., 535 Third Avenue
LLC, d/b/a Wild Edibles, Richard Martin,
and Jonathan Meyer,

              Defendants.

---

## PLAINTIFFS' FIRST REQUEST TO DEFENDANT WILD EDIBLES, INC. FOR PRODUCTION OF DOCUMENTS

TO:    Wild Edibles, Inc.

        PLEASE TAKE NOTE that, pursuant to Rule 34 of the Federal

Rules of Civil Procedure, Plaintiffs Cesar A. Barturen, et al. hereby request that

Defendant Wild Edibles, Inc. serve a written response to these requests within thirty

days of service hereof, and produce for inspection and copying all of the documents

and other tangible things described below within 30 days of service hereof at the office

of counsel for Plaintiffs, Levy Ratner, P.C. 80 Eighth Avenue, 8th Floor, New York, New

York 10011 at 10:00 am or at such other place as agreed by counsel.

LEVY RATNER, P.C.

By: _____

Allyson L. Belovin (AB 3702)
80 Eighth Avenue, 8th Floor
New York, New York 10011
(212) 627-8100 - phone
(212) 627-8182 - fax
abelovin @lrbpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2008, I caused the within Request for Production

of Documents of Plaintiffs Cesar Barturen, et al., to be served via overnight mail on:

Richard Howard, Esq.
Thomas Bianco, Esq.
Meltzer, Lippe, Goldstein & Breitstone, LLP
190 Willis Avenue
Mineola, NY 11501

LEVY RATNER, P.C.

By: _____
Susan J. Cameron (SC 3066)
80 Eighth Avenue, 8th Floor
New York, New York 10011
(212) 627-8100 – (phone)
(212) 627-8182 – (fax)
scameron @lrbpc.com

## DEFINITIONS

1.     Unless otherwise stated, the definitions under Local Civil Rule 26.3 apply and are hereby incorporated as though fully set forth herein.

2.     "You" or "Your" as used herein refers to the individual on whom this First Request for the Production of Documents has been served and/or anyone acting or purporting to act on their behalf, including, without limitation, current and former attorneys, agents, employees, servants, investigators and representatives.

3.     "Person" means any natural person, any government agency, entity or department (local, state or federal), any business firm, partnership, association, joint venture, corporation or any other form of organization or arrangement, however constituted.

3.     "Documents" as used herein is synonymous with and equal in scope to the meaning and usage of that term within Rule 34(a) of the Federal Rules of Civil Procedure.

## INSTRUCTIONS

1.     In responding to this request for production, you are to produce all responsive documents in your custody, possession or control.

2.     If you object to the production of any document on the basis of privilege or work product protection, submit a list:

(a) stating the nature of any privilege or protection claimed as to each responsive document;

(b) identifying each document as to :

    1.      form (i.e., letter, memorandum, etc.) including the title of the document, if any;

    2.      date;

    3.      author;

    4.      signatory or signatories;

    5.      recipient or recipients; and

    6      general subject matter.

In addition, please provide sufficient detail to explain the claim of privilege or protection and to allow the Court to adjudicate the propriety of the claim. If you contend that a claimed privilege or work product protection applies only to a particular phrase, sentence paragraph or section of a responsive document, produce the entire document with the portion to which you claim a privilege or protection redacted, and specify the claimed privilege or protection which you contend is applicable to the redacted portion.

    3.      If responsive information appears on one or more pages of a multi-page document, you are directed to produce the entire document.

## DOCUMENT REQUEST

### REQUEST FOR PRODUCTION NO. 1

All documents concerning payment or payroll records, including but not limited to time cards, time records, employee rosters, IRS Form 1099's, W-4's and W-2's and delivery sheets or delivery slips for all employees (including management) of Defendant Wild Edibles, Inc. for the period September 17, 2001 until the present.

### REQUEST FOR PRODUCTION NO. 2

All documents concerning hours worked by all employees employed during the period September 17, 2001 until the present including, time cards, daily schedules or sheets, time sheets, time clock entries, and/or wage and hour records.

### REQUEST FOR PRODUCTION NO. 3

All documents, including but not limited to general ledgers, cash receipts and cash disbursements, journals, balance sheets, cash flow statements, income statements, financial statements, income tax returns (including quarterly returns), franchise tax returns, bank statements or any other documents that concern or discuss defendants income or financial condition from September 17, 2001.

### REQUEST FOR PRODUCTION NO. 4

All documents concerning lawsuits, prosecutions or administrative agency proceedings to which you have been a party alleging failure to properly pay overtime premiums to employees, failure to pay minimum wage to employees, or failure to maintain adequate records of hours worked by and/or wages paid to employees.

**REQUEST FOR PRODUCTION NO. 5**

All documents that concerning any Department of Labor investigation or audit regarding wage and hour issues.

**REQUEST FOR PRODUCTION NO. 6**

All documents that describe or set forth any policies, practices or guidelines followed during the period September 17, 2001 until the present with respect to wages paid to employees.

**REQUEST FOR PRODUCTION NO. 7**

All documents showing your policies, practices or guidelines during the period September 17, 2001 until the present with respect to creating and maintaining records of hours worked and/or monies paid to employees.

**REQUEST FOR PRODUCTION NO. 8**

All documents including personnel policies, memoranda, job descriptions, job postings, advertisements or any other documents which describe or relate to job categories, employees' duties or responsibilities, and/or employees' skills or qualifications.

**REQUEST FOR PRODUCTION NO. 9**

All documents concerning your contention that any Plaintiff(s) or Wild Edibles, Inc. employee(s) qualify for any statutory exemption to the FLSA and/or the NYS Labor Law claimed by Wild Edibles, Inc.

**REQUEST FOR PRODUCTION NO. 10**

All documents concerning discipline imposed upon any and all employees during the period August 20, 2004 until the present, including but not limited to verbal warnings, written warnings, suspensions, demotions, transfers, and/or termination.

## REQUEST FOR PRODUCTION NO. 11

All documents concerning the voluntary resignation of any and all employees during the period August 20, 2004 until the present.

## REQUEST FOR PRODUCTION NO. 12

The personnel and/or departmental files of Wild Edibles, Inc. employees Marco Antonio Corona, Reymundo Lara Molina, Jason Borges, Raul Molina and Julio Cesar Moreno Gonzalez, and any employee(s) for whom documents were provided in response to Request for Production Nos. 10 and 11.

## REQUEST FOR PRODUCTION NO. 13

All regulations, interpretations and/or opinion letters relied upon by Wild Edibles, Inc. with regard to payment practices, record keeping practices, and/or the acts/omissions alleged in the complaint.

## REQUEST FOR PRODUCTION NO. 14

All notices posted by you informing employees of their rights under FLSA and/or NYS Labor Law, including but not limited to notices posted pursuant to 29 CFR 516.4, and all documents that demonstrate the location(s) at which any and all such notices were posted and/or the dates on which any and all such notices were posted.

## REQUEST FOR PRODUCTION NO. 15

All documents that set out the terms and conditions of the business relationship between or among any of the defendants.    Please produce all versions of such agreement(s) under which you have operated at any time since September 17, 2001.

## REQUEST FOR PRODUCTION NO. 16

All correspondence, memoranda, or other documents between you and any other party to this lawsuit that relate to the subject matter of this lawsuit.

## REQUEST FOR PRODUCTION NO. 17

A copy of each insurance policy through which you are or might be insured in any manner for the damages and/or claims that are alleged in this lawsuit.

## REQUEST FOR PRODUCTION NO. 18

Any and all documents that have been made or prepared by an expert who may be called to testify as a witness in this case.

## REQUEST FOR PRODUCTION NO. 19

Any and all documents consulted or referred to in responding to Plaintiffs' First Set of Interrogatories or Requests for Admissions.

Dated:    New York, New York
          April 18, 2008

                              LEVY RATNER, P.C.

                              By: _____
                                 Allyson L. Belovin (AB 3702)
                                 80 Eighth Avenue, 8th Floor
                                 New York, New York 10011
                                 (212) 627-8100 - phone
                                 (212) 627-8182 - fax
                                 abelovin @lrbpc.com

DAVID B. RANKIN, ESQ.
David B. Rankin (DB 0863)
350 Broadway, Suite 700
New York, NY 10013
(212) 226-4507 (phone)
(212) 658-9480 (fax)
David@DBRankinLaw.com

**ATTORNEYS FOR PLAINTIFFS**

TO:   Richard Howard, Esq.
      Thomas Bianco, Esq.
      Meltzer, Lippe, Goldstein & Breitstone, LLP
      190 Willis Avenue
      Mineola, NY  11501

07 Civ. 8127 (LIS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CESAR A. BARTUREN, JASON BORGES, RAUL
LARA MOLINA, RAYMUNDO LARA MOLINA,
MIGUEL EDUARDO TAVARA, MARCO ANTONIO
CORONA, JUAN CARLOS MOLINA, JULIO CESAR
MORENO GONZALEZ, PEDRO HERNANDEZ
HERNANDEZ, JULIO ANTONIO, JULIO CARBONEL,
EUSEBIO SANTOS FERROSQULLO, LINO
MARTINEZ, JUAN JOSE PENA FARFAN, JOSE
FERNANDEZ, AND JORGE LEGIS CUYATE, on
behalf of themselves and all other employees
similarly situated as class and collective
representatives,

Plaintiffs,

-against-

WILD EDIBLES, INC., 535 THIRD AVENUE LLC
d/b/a/ WILD EDIBLES, RICHARD MARTIN, and
JONATHAN MEYER,

Defendants.

## PLAINTIFFS' FIRST REQUEST TO DEFENDANT WILD EDIBLES, INC. FOR PRODUCTION OF DOCUMENTS

**LEVY RATNER, P.C.**
*Attorneys for Plaintiffs*
*80 Eighth Avenue, 8th Floor*
*New York, N.Y. 10011-5126*
*(212) 627-8100*

*Due and timely service is hereby admitted.*

*New York, N.Y. ...................................................... , 20. . .*

*................................................................................ Esq.*

*Attorney for ......................................................................*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Cesar A. Barturen, Jason Borges,
Raul Lara Molina, Raymundo Lara Molina,
Miguel Eduardo Tabara, Marco Antonio
Corona, Juan Carlos Molina, Julio Cesar          07-CV-8127 (LLS)
Moreno Gonzalez, Pedro Hernandez
Hernandez, Julio Antonio, Julio Carbonel,
Eusebio Santos Ferrosqullo, Limo
Martinez, Juan Jose Pena Farfan,
Jose Fernandez, and Jorge Legis Cuyate
Carmona on behalf of themselves and all
other employees similarly situated as class
and collective representatives,

           Plaintiffs,

- against -

Wild Edibles, Inc., 535 Third Avenue
LLC, d/b/a Wild Edibles, Richard Martin,
and Jonathan Meyer,

           Defendants.

---

### PLAINTIFFS' FIRST REQUEST TO DEFENDANT
### 535 THIRD AVENUE LLC, d/b/a WILD EDIBLES
### FOR PRODUCTION OF DOCUMENTS

TO:    535 Third Avenue LLC, d/b/a Wild Edibles

        PLEASE TAKE NOTE that, pursuant to Rule 34 of the Federal
Rules of Civil Procedure, Plaintiffs Cesar A. Barturen, et al. hereby request that
Defendant 535 Third Avenue LLC, d/b/a Wild Edibles, serve a written response to
these requests within thirty days of service hereof, and produce for inspection and

{Worldox Files\NU726\001\04\08009023.DOC}

copying all of the documents and other tangible things described below within 30 days

of service hereof at the office of counsel for Plaintiffs, Levy Ratner, P.C. 80 Eighth

Avenue, 8th Floor, New York, New York 10011 at 10:00 am or at such other place as

agreed by counsel.

LEVY RATNER, P.C.

By: _____

Allyson L. Belovin (AB 3702)
80 Eighth Avenue, 8th Floor
New York, New York 10011
(212) 627-8100 - phone
(212) 627-8182 - fax
abelovin@lrbpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2008, I caused the within Request for Production

of Documents of Plaintiffs Cesar Barturen, et al., to be served via overnight mail on:

Richard Howard, Esq.
Thomas Bianco, Esq.
Meltzer, Lippe, Goldstein & Breitstone, LLP
190 Willis Avenue
Mineola, NY 11501

LEVY RATNER, P.C.

By: _____
Susan J. Cameron (SC3066)
80 Eighth Avenue, 8th Floor
New York, New York 10011
(212) 627-8100 (phone)
(212) 627-8182 (fax)
scameron@lrbpc.com

## DEFINITIONS

1.      Unless otherwise stated, the definitions under Local Civil Rule 26.3 apply and are hereby incorporated as though fully set forth herein.

2.      "You" or "Your" as used herein refers to the individual on whom this First Request for the Production of Documents has been served and/or anyone acting or purporting to act on their behalf, including, without limitation, current and former attorneys, agents, employees, servants, investigators and representatives.

3.      "Person" means any natural person, any government agency, entity or department (local, state or federal), any business firm, partnership, association, joint venture, corporation or any other form of organization or arrangement, however constituted.

3.      "Documents" as used herein is synonymous with and equal in scope to the meaning and usage of that term within Rule 34(a) of the Federal Rules of Civil Procedure.

## INSTRUCTIONS

1.      In responding to this request for production, you are to produce all responsive documents in your custody, possession or control.

2.      If you object to the production of any document on the basis of privilege or work product protection, submit a list:

(a) stating the nature of any privilege or protection claimed as to each responsive document;

(b) identifying each document as to :

    1.     form (i.e., letter, memorandum, etc.) including the title of the document, if any;

    2.     date;

    3.     author;

    4.     signatory or signatories;

    5.     recipient or recipients; and

    6     general subject matter.

In addition, please provide sufficient detail to explain the claim of privilege or protection and to allow the Court to adjudicate the propriety of the claim. If you contend that a claimed privilege or work product protection applies only to a particular phrase, sentence paragraph or section of a responsive document, produce the entire document with the portion to which you claim a privilege or protection redacted, and specify the claimed privilege or protection which you contend is applicable to the redacted portion.

    3.     If responsive information appears on one or more pages of a multi-page document, you are directed to produce the entire document.

## DOCUMENT REQUEST

### REQUEST FOR PRODUCTION NO. 1

All documents concerning payment or payroll records, including but not limited to time cards, time records, employee rosters, IRS Form 1099's, W-4's and W-2's and delivery sheets or delivery slips for all employees (including management) of Defendant 535 Third Avenue LLC, d/b/a Wild Edibles, for the period September 17, 2001 until the present.

### REQUEST FOR PRODUCTION NO. 2

All documents concerning hours worked by all employees employed during the period September 17, 2001 until the present including, time cards, daily schedules or sheets, time sheets, time clock entries, and/or wage and hour records.

### REQUEST FOR PRODUCTION NO. 3

All documents, including but not limited to general ledgers, cash receipts and cash disbursements, journals, balance sheets, cash flow statements, income statements, financial statements, income tax returns (including quarterly returns), franchise tax returns, bank statements or any other documents that concern or discuss defendants income or financial condition from September 17, 2001.

### REQUEST FOR PRODUCTION NO. 4

All documents concerning lawsuits, prosecutions or administrative agency proceedings to which you have been a party alleging failure to properly pay overtime premiums to

employees, failure to pay minimum wage to employees, or failure to maintain adequate records of hours worked by and/or wages paid to employees.

## REQUEST FOR PRODUCTION NO. 5

All documents that concerning any Department of Labor investigation or audit regarding wage and hour issues.

## REQUEST FOR PRODUCTION NO. 6

All documents that describe or set forth any policies, practices or guidelines followed during the period September 17, 2001 until the present with respect to wages paid to employees.

## REQUEST FOR PRODUCTION NO. 7

All documents showing your policies, practices or guidelines during the period September 17, 2001 until the present with respect to creating and maintaining records of hours worked and/or monies paid to employees.

## REQUEST FOR PRODUCTION NO. 8

All documents including personnel policies, memoranda, job descriptions, job postings, advertisements or any other documents which describe or relate to job categories, employees' duties or responsibilities, and/or employees' skills or qualifications.

## REQUEST FOR PRODUCTION NO. 9

All documents concerning your contention that any Plaintiff(s) or 535 Third Avenue LLC, d/b/a Wild Edibles, employee(s) qualify for any statutory exemption to the FLSA and/or the NYS Labor Law claimed by 535 Third Avenue LLC, d/b/a Wild Edibles.

**REQUEST FOR PRODUCTION NO. 10**

All documents concerning discipline imposed upon any and all employees during the period August 20, 2004 until the present, including but not limited to verbal warnings, written warnings, suspensions, demotions, transfers, and/or termination.

**REQUEST FOR PRODUCTION NO. 11**

All documents concerning the voluntary resignation of any and all employees during the period August 20, 2004 until the present.

**REQUEST FOR PRODUCTION NO. 12**

The personnel and/or departmental files of 535 Third Avenue LLC, d/b/a Wild Edibles, employees Marco Antonio Corona, Reymundo Lara Molina, Jason Borges, Raul Molina and Julio Cesar Moreno Gonzalez, and any employee(s) for whom documents were provided in response to Request for Production Nos. 10 and 11.

**REQUEST FOR PRODUCTION NO. 13**

All regulations, interpretations and/or opinion letters relied upon by 535 Third Avenue LLC, d/b/a Wild Edibles, with regard to payment practices, record keeping practices, and/or the acts/omissions alleged in the complaint.

**REQUEST FOR PRODUCTION NO. 14**

All notices posted by you informing employees of their rights under FLSA and/or NYS Labor Law, including but not limited to notices posted pursuant to 29 CFR 516.4, and all

documents that demonstrate the location(s) at which any and all such notices were posted and/or the dates on which any and all such notices were posted.

**REQUEST FOR PRODUCTION NO. 15**

All documents that set out the terms and conditions of the business relationship between or among any of the defendants. Please produce all versions of such agreement(s) under which you have operated at any time since September 17, 2001.

**REQUEST FOR PRODUCTION NO. 16**

All correspondence, memoranda, or other documents between you and any other party to this lawsuit that relate to the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 17**

A copy of each insurance policy through which you are or might be insured in any manner for the damages and/or claims that are alleged in this lawsuit.

**REQUEST FOR PRODUCTION NO. 18**

Any and all documents that have been made or prepared by an expert who may be called to testify as a witness in this case.

**REQUEST FOR PRODUCTION NO. 19**

Any and all documents consulted or referred to in responding to Plaintiffs' First Set of Interrogatories or Requests for Admissions.

Dated:        New York, New York
              April 18, 2008

LEVY RATNER, P.C.

By: _____

Allyson L. Belovin (AB 3702)
80 Eighth Avenue, 8th Floor
New York, New York 10011
(212) 627-8100 - phone
(212) 627-8182 - fax
abelovin@lrbpc.com

DAVID B. RANKIN, ESQ.
David B. Rankin (DB 0863)
350 Broadway, Suite 700
New York, NY 10013
(212) 226-4507 (phone)
(212) 658-9480 (fax)
David@DBRankinLaw.com

**ATTORNEYS FOR PLAINTIFFS**

TO:    Richard Howard, Esq.
       Thomas Bianco, Esq.
       Meltzer, Lippe, Goldstein & Breitstone, LLP
       190 Willis Avenue
       Mineola, NY  11501

07-CV-8127 (LLS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CESAR A. BARTUREN, JASON BORGES, RAUL LARA
MOLINA, RAYMUNDO LARA MOLINA, MIGUEL
EDUARDO TABARA, MARCO ANTONIO CORONA, JUAN
CARLOS MOLINA, JULIO CESAR MORENO GONZALEZ,
PEDRO HERNANDEZ HERNANDEZ, JULIO ANTONIO,
JULIO CARBONEL, EUSEBIO SANTOS FERROSQULLO,
LIMO MARTINEZ, JUAN JOSE PENA FARFAN, JOSE
FERNANDEZ, AND JORGE LEGIS CUYATE CARMONA ON
BEHALF OF THEMSELVES AND ALL OTHER EMPLOYEES
SIMILARLY SITUATED AS CLASS AND COLLECTIVE
REPRESENTATIVES,

                                                    Plaintiffs,

                        -against-

WILD EDIBLES, INC., 535 THIRD AVENUE LLC, D/B/A
WILD EDIBLES, RICHARD MARTIN, AND JONATHAN
MEYER,

                                                    Defendants.

**PLAINTIFFS' FIRST REQUEST TO DEFENDANT
535 THIRD AVENUE LLC, d/b/a WILD EDIBLES
FOR PRODUCTION OF DOCUMENTS**

**LEVY RATNER, P.C.**
*Attorneys for Plaintiffs*
*80 Eighth Avenue, 8th Floor*
*New York, N.Y. 10011-5126*
*(212) 627-8100*

*Due and timely service is hereby admitted.*

*New York, N.Y. ......................................., 20. . .*

*................................................................. Esq.*

*Attorney for .....................................................*

{Worldox Files\NU726\001\04\08009040.DOC}

**EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Cesar A. Barturen, Jason Borges,
Raul Lara Molina, Raymundo Lara Molina,
Miguel Eduardo Tabara, Marco Antonio
Corona, Juan Carlos Molina, Julio Cesar
Moreno Gonzalez, Pedro Hernandez
Hernandez, Julio Antonio, Julio Carbonel,
Eusebio Santos Ferrosqullo, Limo
Martinez, Juan Jose Pena Farfan,
Jose Fernandez, and Jorge Legis Cuyate
Carmona on behalf of themselves and all
other employees similarly situated as class
and collective representatives,

07-CV-8127 (LLS)

Plaintiffs,

Wild Edibles, Inc., 535 Third Avenue
LLC, d/b/a Wild Edibles, Richard Martin,
and Jonathan Meyer,

Defendants.

---

## DEFENDANTS' OBJECTIONS TO PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO WILD EDIBLES, INC. AND 535 THIRD AVENUE LLC

Pursuant to Rules 33 and 34 Federal Rules of Civil Procedure and the Local Rules of the

United States District Court for the Southern District of New York (including, but not

limited to Local Rule 33.3), the Defendants, Wild Edibles, Inc. and 535 Third Avenue,

LLC, d/b/a Wild Edibles (hereinafter referred to as the "Defendants") by their attorneys

Meltzer, Lippe, Goldstein & Breitstone, LLP, object to Plaintiffs' Interrogatories and

Requests for the Production of Documents as follows:

## GENERAL OBJECTIONS TO PLAINTIFFS' INTERROGATORIES AND DOCUMENT REQUESTS

1.    Defendants object to each interrogatory and document request to the extent that it is overly broad, irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

2.    Defendants further object to each interrogatory and Document Request to the extent that it seeks information and documents protected by the attorney-client privilege, work product privilege, material prepared for litigation privilege, or any other privilege or immunity from discovery.

3.    Defendants further object to each interrogatory and Document Request to the extent that it is duplicative, unreasonably cumulative, unduly burdensome, oppressive, or unduly expensive to answer.

4.    Defendants further object to each interrogatory and Document Request to the extent that the information sought is not in Defendants' possession or control and/or is already in the possession or control of Plaintiff, or is readily obtainable from a source other than Defendants in a more convenient, less burdensome and less expensive manner.

5.    Defendants further objects to each interrogatory and Document Request to the extent that it is vague, ambiguous, overly broad or otherwise lacks sufficient precision or particularity to permit formulation of a responsive answer.

6.     Defendants further object to each interrogatory and Document Request to the extent that it imposes upon Defendants obligations beyond those imposed by the Federal Rules of Civil Procedure and/or the Local Rules applicable to this Court.

7.     Defendants further object to each interrogatory and Document Request to the extent that it seeks to impose upon Defendants an obligation to review documents that are in the possession of others.

8.     Defendants reserve the right to challenge the competency, relevancy, materiality and applicability of the information set forth in their Interrogatory and Document Responses in any subsequent proceeding or trial of this or any other action and objects to the use of these documents in any subsequent proceeding or trial of this or any other action.

9.     Defendants reserve the right to supplement, amend or correct their objections should the need arise.

## SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

1.     Defendants object to document requests 1 and 2 from the Requests for Production of Documents to both Wild Edibles, Inc.("Wild") and 535 Third Avenue, LLC, d/b/a Wild Edibles ("535"), as the identical requests seek personal information of non-parties to this action.  Absent the consent of said non-parties, these requests constitute unwarranted invasions of the personal privacy of such non-parties.

2.      Defendants object to document request 3 from the Requests for Production of Documents to both Wild and 535 as Defendants' financial condition is not currently a subject of relevant inquiry.

3.      Defendants object to document request 15 from the Requests for Production of Documents to both Wild and 535 as the relationship, if any, between these two Defendants is not a subject of relevant inquiry.

## SPECIFIC OBJECTIONS TO INTERROGATORIES

1.      Defendants object to interrogatories 1 and 10 through 13 from the Interrogatories to both Wild and 535 as premature, in violation of Local Rule 33.3 (c).

2.      Defendants object to interrogatory 3 from the Interrogatories to both Wild and 535 as seeking personal information of non-parties to this action.  Absent the consent of said non-parties, these requests constitute unwarranted invasions of the personal privacy of such non-parties.

3.      Defendants object to interrogatory 4 from the Interrogatories to both Wild and 535 as in violation of Local Rule 33.3 (a).

4.      Defendants object to interrogatory 5 from the Interrogatories to both Wild and 535 as it violates Local Rule 33.3 (a).  Defendants will, however, identify the described individual(s) in a separate response.

5      Defendants object to interrogatory 8 from the Interrogatories to both Wild and 535 as no Requests for Admissions have been received.

6.      Defendants object to interrogatory 9 from the Interrogatories to both Wild and 535 as calling for a legal conclusion.

7.    Defendants object to interrogatories 14, 15, 18 and 19 from the Interrogatories to both Wild and 535 as in violation of Local Rule 33.3 (a).

8.    Defendants object to interrogatory 24 from the Interrogatories to both Wild and 535 as in violation of Local Rule 33.3 (a) and not addressing a subject of relevant inquiry.

Dated: Mineola, New York
        April 24, 2008

Meltzer, Lippe, Goldstein & Breitstone, LLP

By _____
        Richard M. Howard (RMH-2932)
        Attorneys for Defendants
        190 Willis Avenue
        Mineola, New York 11501
        (516) 747-0300

429868-1

**EXHIBIT D**

# LEVY RATNER, P.C.
### Attorneys at Law
### 80 Eighth Avenue
### New York, New York 10011-5126

Telephone (212) 627-8100
Telecopier (212) 627-8182

Richard A. Levy
Daniel J. Ratner
Daniel Engelstein°
Gwynne A. Wilcox*
Pamela Jeffrey
Owen M. Rumelt*
Kevin Finnegan
Carl J. Levine
David Slutsky△
Allyson L. Belovin
Suzanne Hepner*

Ezekiel D. Carder◇
Dana E. Lossia▽
Sara D. Newman*
Susan J. Cameron△
Micah Wissinger*

Senior Counsel:
Richard Dorn
Jennifer J. Middleton▲
Paul Schachter□
Denise Reinhardt■

Counsel:
Anthony DiCaprio
Michael Steven Smith
David P. Horowitz†

May 16, 2008

**BY E-MAIL AND**
**FIRST-CLASS MAIL**

Richard M. Howard, Esq.
Meltzer, Lippe, Goldstein & Breitstone,
    LLP
190 Willis Avenue
Mineola, NY 11501

Re:      <u>Barturen, et al. v. Wild Edibles, Inc., et al., 07 Civ. 8127 (LLS)</u>

Dear Mr. Howard:

I write in response to your April 24, 2008 Objections to Plaintiffs' Interrogatories and Requests for the Production of Documents to Wild Edibles, Inc. and 535 Third Avenue, LLC. Without waiving any objections to any of Defendants' discovery responses, the following are Plaintiffs' initial responses to Defendants' objections.

### <u>Plaintiffs' Response to Defendants' General Objections to</u><br><u>Plaintiffs' Interrogatories and Document Requests</u>

As an initial matter, Fed. R. Civ. P. 33(b) and 34(b)(2), require respectively that Defendants respond to each Interrogatory and Request for Production individually, and that objections be stated with specificity. Defendants' General Objections neither respond to each of Plaintiffs' requests, nor give any evidentiary support for its objections. Therefore, all the general objections fall short of this standards established in the Federal Rules of Civil Procedure.

Defendants' claims of attorney-client privilege, work product privilege, material prepared for litigation privilege are also inadequate. In addition to being unresponsive to the Plaintiffs' specific Interrogatories and Requests for Production, Defendants boilerplate assertion of privilege lacks the information required by Fed. R. Civ. P. 26(b)(5): Defendants fail to "describe the nature of the documents, communication, or tangible things not produced or disclosed" and to be sure they fail to "do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Plaintiffs expect that Defendants will produce a privilege log with the information delineated in the Instructions for Plaintiffs' First

170-000-00001 12509_2.doc

°Admitted in NY, MA and DC   *Admitted in NY, NJ and PA   *Admitted in NY and DC   △Admitted in NY and NJ   *Admitted in NY and CT
◇Admitted in NY and CA   ▽Admitted in NY, NJ and CA   ▲Admitted in NY, CA and OR   □Admitted in NY, NJ and PR   ■Admitted in NJ only   †Admitted in NY and MA

LEVY RATNER, P.C.

Request to Defendant Wild Edibles and 535 for Production of Documents.

## Specific Objections to Document Requests

Defendants object to Document Requests 1 and 2 from the Requests for Production of Documents to both Wild Edibles, Inc. and 535 Third Avenue, LLC, d/b/a Wild Edibles (hereinafter referred to as "Plaintiffs' Request for Production of Documents"), as the requests seek personal information of non-parties and constitute unwarranted invasions of the personal privacy of such non-parties. To the extent that Plaintiffs' Request for Production of Documents seeks personal information, that is not a proper basis for objecting to the production of documents. The Employer is required to preserve most of the requested information for at least three (3) years pursuant to 29 C.F.R. §516.5 and N.Y. Lab. Law §195(4). The information requested is central to the issue of the Employer's payment scheme, which, in addition to demonstrating liability, demonstrates common issues of law and fact, thus going directly to Plaintiffs' allegations that this action is appropriate for certification as a class under Fed. R. Civ. P. 23. Accordingly, such records should be produced.

Defendants also object to Document Request 15 of Plaintiffs' Request for Production of Documents, asserting that the relationship, between Defendants Wild Edibles, Inc. and 535 Third Avenue LLC is not a subject of relevant inquiry. The relationship between two defendants is a proper discovery request as the information may reasonably lead to the discovery of admissible evidence, including but not limited to the decision-making powers possessed by different parties or additional witnesses. Accordingly, these documents should be produced.

## Specific Objections to Interrogatories

Defendants object to Interrogatory 3 from the Interrogatories to both Wild Edibles, Inc. and 535 Third Avenue, LLC, d/b/a Wild Edibles ("Interrogatories") as seeking personal information of non-parties that constitute unwarranted invasions of the personal privacy of such non-parties. As discussed above, the personal nature of the information sought is not a proper basis for objection. Interrogatory 3 seeks names of witnesses with knowledge and information relevant to the subject matter of the action and is therefore, entirely proper. Accordingly, Defendants must respond to Plaintiffs' Interrogatory 3.

Defendants also object to Interrogatory 9 as calling for a legal conclusion. However, rather than calling for a legal conclusion, Interrogatory 9 seeks the identity of witnesses with knowledge of information relevant to the subject matter of the action. Accordingly, Defendants should respond to Interrogatory 9.

Defendants object to Interrogatories 14 and 19, contending that they violate Local Rule 33.3(a). With respect to Defendants' objection to Interrogatory 14, Plaintiffs seek the identity of individuals with whom Defendants have entered into settlement agreements or arrangements, i.e., witnesses with knowledge of information relevant to the subject matter of the action. Similarly, Interrogatory 19 seeks names of witnesses with knowledge of information relevant to the subject matter of the action. Therefore Defendants should respond to Interrogatory 14 and 19.

170-000-00001 12509_2.doc

LEVY RATNER, P.C.

We write in an effort to resolve these discovery disputes without the Court's intervention. However, if we are unable to do so, Plaintiffs will have no other choice but to move the Court to compel discovery on the above issues. Please respond on or before May 21, 2008.

Very truly yours,

*Allyson L. Belovin*

Allyson L. Belovin

cc:    Thomas Bianco, Esq.

David B. Rankin, Esq.

170-000-00001 12509_2.doc

# Susan Cameron

| | |
|---|---|
| **From:** | Susan Cameron |
| **Sent:** | Friday, May 16, 2008 2:09 PM |
| **To:** | 'Richard M. Howard' |
| **Cc:** | Thomas J. Bianco; 'David B. Rankin'; Allyson Belovin |
| **Subject:** | Barturen et al. v. Wild Edibles et al. |



May 16  2008
Ltr.pdf (142 KB)

Rich,

Please see the attached letter.

Very truly yours,

Susan

--------------------------------

Susan Cameron
Levy Ratner, P.C.
80 8th Avenue
New York, NY  10011
(212) 627-8100
(212) 627-8182
--------------------------------

The information in this e-mail message and any attachment(s) hereto is intended for the confidential use of the addressee (s) only. The information is subject to all applicable rights of privilege and confidentiality including the attorney-client privilege and/or attorney work-product. Recipients should not file copies of this e-mail with publicly accessible records. If you are not an addressee or an authorized agent responsible for delivering this e-mail to a designated addressee, you have received this e-mail in error, and any further review, dissemination, distribution, copying or forwarding of this e-mail and/or attachment(s) is strictly prohibited. If you received this e-mail in error, please notify us at (212) 627-8100 and permanently delete the e-mail and any attachment(s) immediately.  You should not retain, copy or use this e-mail or any attachment(s) for any purpose, nor disclose all or any part of the contents hereof to any other person.  Thank you.

Circular 230 Disclosure Notice:  To ensure compliance with Treasury Department rules governing tax practice, we inform you that any advice contained herein (including in any attachment) (1) was not written and is not intended to be used, and cannot be used, for the purpose of avoiding any federal tax penalty that may be imposed on the taxpayer, and (2) may not be used in connection with the promoting, marketing or recommending to another person any transaction or matter addressed herein.

**EXHIBIT E**

LAW OFFICES

# MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

190 WILLIS AVENUE, MINEOLA, NY 11501

TELEPHONE: (516) 747-0300

FACSIMILE: (516) 747-2956

INTERNET: www.meltzerlippe.com

April 22, 2008

**VIA E-MAIL, AND REGULAR MAIL**

Allyson L. Belovin, Esq.
Levy Ratner, P.C.
80 Eighth Avenue, Eighth Floor
New York, New York 10011

**Re:**    **Wild Edibles, Inc. v.**
**Brandworkers, International, et al.**
**Docket No. 07-CV-9225**

Dear Allyson:

I write in response to your letter of May 16th concerning the Defendants' objections to Plaintiffs' discovery requests.

## General Objections

Until these are the actual basis of a refusal to respond, I see no reason to debate same. Should privilege be raised as a basis for a failure to respond, a privilege log will be produced.

## Document Requests

Requests 1 and 2 seek the identity of persons who are not party to this action. Request 1 includes requests for such persons w-2s, w-4s, etc. and includes management level personnel. I see no reason why these records cannot be redacted to exclude personal data such as names, addresses and social security numbers. Similarly, I see no reason to include any data for exempt management personnel.

Request 15 seeks the business relationship between any of the Defendants. Aside from the possibility that this discovery may somehow lead to information concerning who possesses decision making authority at the different companies, no basis for this request is provided. Any question could conceivably lead to admissible evidence, but

432765-1

any random question, like Request 15 is not reasonably calculated to do so. This fishing expedition appears to go too far, absent some additional basis.

## Interrogatories

Interrogatory 3 fits into the same issues as Requests 1 and 2. I believe the data, without identifying characteristics is sufficient at this point in time.

Interrogatory 9 asks the Defendants to identify each employee (whether party to this action or not) who qualifies for certain exemptions under the FLSA. Responding requires legal interpretation (interpretation of the statute and regulations), thereby calling for a legal conclusion. Should the Plaintiffs revise this interrogatory to ask whether any employees meet certain factual criteria and, if so, how many, Defendants would respond without objection.

Defendants withdraw their objection to Interrogatories 9 and 14, based upon the assertions set forth in your letter.

Your continued courtesies are appreciated. As always, please feel free to call with any questions.

Sincerely yours,
Meltzer, Lippe, Goldstein & Breitstone, LLP

*Richard M. Howard*

Richard M. Howard

P.S.    Susan called me concerning the Amended Complaint and one individual seeking to avail himself of the settlement. I am a bit swamped today and haven't heard back from bankruptcy counsel concerning the amendment, but I am sure my client will want to proceed with the settlement. Can we discuss this tomorrow?

Cc: Richard Martin
     Thomas J. Bianco, Esq.

432765-1

## Susan Cameron

**From:**   Richard M. Howard [rhoward@meltzerlippe.com]

**Sent:**   Tuesday, May 20, 2008 7:04 PM

**To:**   Allyson Belovin

**Subject:** 10325-00010 Wild Edibles, Inc. - Wage & Hour:

Allyson:  Please see the attached.  Crazy day.

**EXHIBIT F**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CESAR A. BARTUREN, JASON BORGES, RAUL
LARA MOLINA, RAYMUNDO LARA MOLINA,
MIGUEL EDUARDO TAVARA, MARCO ANTONIO
CORONA, JUAN CARLOS MOLINA, JULIO CESAR
MORENO    GONZALEZ,    PEDRO    HERNANDEZ
HERNANDEZ, JULIO ANTONIO, JULIO CARBONEL,
EUSEBIO    SANTOS    FERROSQULLO,    LINO
MARTINEZ,  JUAN  JOSE  PENA  FARFAN,  JOSE
FERNANDEZ,  AND  JORGE  LEGIS  CUYATE,
individually and on behalf of others similarly situated,

07 Civ. 8127 (LLS)

**NOTICE OF DEPOSITION**

                                               Plaintiffs,


                     -against-

WILD  EDIBLES,  INC.,  535  THIRD  AVENUE  LLC
d/b/a/  WILD  EDIBLES,  RICHARD  MARTIN,  and
JONATHAN MEYER,

                                               Defendants.
------------------------------------------------------------------X


        PLEASE TAKE NOTICE, that pursuant to Rules 26, 28 and 30 of the Federal Rules of

Civil Procedure, Plaintiffs will take the deposition upon oral examination of party witness Sidi

Quattara.  The deposition will be taken at the offices of Levy Ratner, P.C., 80 Eighth Avenue,

8th Floor, New York, New York 10011, on June 9, 2008, commencing at 10:00 a.m.    Such

examination will be conducted before a notary public or other officer authorized to administer

oaths, and will continue from day-to-day until completed.

PLEASE TAKE FURTHER NOTICE that the witness is requested to bring to the deposition for inspection and copying any and all documents related to the Plaintiffs in the above-captioned case.

Dated: May 2, 2008
      New York, New York

By: _____

    Allyson L. Belovin (AB3707)
    Levy Ratner, P.C.
    80 Eighth Avenue, 8th Floor
    New York, New York 10011
    (212) 627-8100
    (212) 627-8182 (fax)

    David B. Rankin (DB0863)
    Attorney At Law
    350 Broadway, Suite 700
    New York, NY 10013
    (212) 226-4507
    (212) 658-9489 (fax)

    Attorneys for Plaintiffs

TO:    Richard M. Howard, Esq.
       Meltzer, Lippe, Goldstein & Breitstone, LLP
       190 Willis Avenue
       Mineola, NY 11501

       Thomas Bianco, Esq.
       Meltzer, Lippe, Goldstein & Breitstone, LLP
       190 Willis Avenue
       Mineola, NY 11501

       Attorneys for Defendants

07 Civ. 8127 (LLS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CESAR A. BARTUREN, JASON BORGES, RAUL
LARA MOLINA, RAYMUNDO LARA MOLINA,
MIGUEL EDUARDO TAVARA, MARCO ANTONIO
CORONA, JUAN CARLOS MOLINA, JULIO CESAR
MORENO GONZALEZ, PEDRO HERNANDEZ
HERNANDEZ, JULIO ANTONIO, JULIO CARBONEL,
EUSEBIO SANTOS FERROSQULLO, LINO
MARTINEZ, JUAN JOSE PENA FARFAN, JOSE
FERNANDEZ, AND JORGE LEGIS CUYATE,
individually and on behalf of others similarly
situated,

Plaintiffs,

-against-

WILD EDIBLES, INC., 535 THIRD AVENUE LLC
d/b/a/ WILD EDIBLES, RICHARD MARTIN, and
JONATHAN MEYER,

Defendants.

## NOTICE OF DEPOSITION

**LEVY RATNER, P.C.**
*Attorneys for Plaintiffs*
*80 Eighth Avenue, 8th Floor*
*New York, N.Y. 10011-5126*
*(212) 627-8100*

*Due and timely service is hereby admitted.*

*New York, N.Y. ..................................................... , 20. . .*

*................................................................................ Esq.*

*Attorney for .........................................................................*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CESAR A. BARTUREN, JASON BORGES, RAUL
LARA MOLINA, RAYMUNDO LARA MOLINA,
MIGUEL EDUARDO TAVARA, MARCO ANTONIO
CORONA, JUAN CARLOS MOLINA, JULIO CESAR
MORENO    GONZALEZ,    PEDRO    HERNANDEZ
HERNANDEZ, JULIO ANTONIO, JULIO CARBONEL,
EUSEBIO    SANTOS    FERROSQULLO,    LINO
MARTINEZ, JUAN JOSE PENA FARFAN, JOSE
FERNANDEZ,    AND    JORGE    LEGIS    CUYATE,
individually and on behalf of others similarly situated,

                                 Plaintiffs,

           -against-

WILD EDIBLES, INC., 535 THIRD AVENUE LLC
d/b/a/ WILD EDIBLES, RICHARD MARTIN, and
JONATHAN MEYER,

                               Defendants.
-------------------------------------------------------------------X

07 Civ. 8127 (LLS)

**NOTICE OF DEPOSITION**

      PLEASE TAKE NOTICE, that pursuant to Rules 26, 28 and 30 of the Federal Rules of

Civil Procedure, Plaintiffs will take the deposition upon oral examination of party witness

Richard Rice.  The deposition will be taken at the offices of Levy Ratner, P.C., 80 Eighth

Avenue, 8th Floor, New York, New York 10011, on June 12, 2008, commencing at 10:00 a.m.

Such examination will be conducted before a notary public or other officer authorized to

administer oaths, and will continue from day-to-day until completed.

PLEASE TAKE FURTHER NOTICE that the witness is requested to bring to the deposition for inspection and copying any and all documents related to the Plaintiffs in the above-captioned case.

Dated: May 2, 2008
       New York, New York

By: _____
       Allyson L. Belovin (AB3707)
       Levy Ratner, P.C.
       80 Eighth Avenue, 8th Floor
       New York, New York 10011
       (212) 627-8100
       (212) 627-8182 (fax)

       David B. Rankin (DB0863)
       Attorney At Law
       350 Broadway, Suite 700
       New York, NY  10013
       (212) 226-4507
       (212) 658-9489 (fax)

       Attorneys for Plaintiffs

TO:    Richard M. Howard, Esq.
       Meltzer, Lippe, Goldstein & Breitstone, LLP
       190 Willis Avenue
       Mineola, NY  11501

       Thomas Bianco, Esq.
       Meltzer, Lippe, Goldstein & Breitstone, LLP
       190 Willis Avenue
       Mineola, NY  11501

       Attorneys for Defendants

07 Civ. 8127 (LLS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CESAR A. BARTUREN, JASON BORGES, RAUL
LARA MOLINA, RAYMUNDO LARA MOLINA,
MIGUEL EDUARDO TAVARA, MARCO ANTONIO
CORONA, JUAN CARLOS MOLINA, JULIO CESAR
MORENO    GONZALEZ,    PEDRO    HERNANDEZ
HERNANDEZ, JULIO ANTONIO, JULIO CARBONEL,
EUSEBIO    SANTOS    FERROSQULLO,    LINO
MARTINEZ, JUAN JOSE PENA FARFAN, JOSE
FERNANDEZ,    AND    JORGE    LEGIS    CUYATE,
individually and on behalf of others similarly
situated,

Plaintiffs,

-against-

WILD EDIBLES, INC., 535 THIRD AVENUE LLC
d/b/a/ WILD EDIBLES, RICHARD MARTIN, and
JONATHAN MEYER,

Defendants.

## NOTICE OF DEPOSITION

**LEVY RATNER, P.C.**
*Attorneys for Plaintiffs*
*80 Eighth Avenue, 8th Floor*
*New York, N.Y. 10011-5126*
*(212) 627-8100*

*Due and timely service is hereby admitted.*

*New York, N.Y. ...................................................... , 20. . .*

*.................................................................................. Esq.*

*Attorney for ........................................................................*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CESAR A. BARTUREN, JASON BORGES, RAUL
LARA MOLINA, RAYMUNDO LARA MOLINA,
MIGUEL EDUARDO TAVARA, MARCO ANTONIO
CORONA, JUAN CARLOS MOLINA, JULIO CESAR         07 Civ. 8127 (LLS)
MORENO    GONZALEZ,    PEDRO    HERNANDEZ
HERNANDEZ, JULIO ANTONIO, JULIO CARBONEL,        **NOTICE OF DEPOSITION**
EUSEBIO    SANTOS    FERROSQULLO,    LINO
MARTINEZ, JUAN JOSE PENA FARFAN, JOSE
FERNANDEZ,    AND    JORGE    LEGIS    CUYATE,
individually and on behalf of others similarly situated,

                                        Plaintiffs,

        -against-

WILD EDIBLES, INC., 535 THIRD AVENUE LLC
d/b/a/ WILD EDIBLES, RICHARD MARTIN, and
JONATHAN MEYER,

                                        Defendants.
-----------------------------------------------------------------------X


        PLEASE TAKE NOTICE, that pursuant to Rules 26, 28 and 30 of the Federal Rules of

Civil Procedure, Plaintiffs will take the deposition upon oral examination of party witness

Jonathan Meyer.  The deposition will be taken at the offices of Levy Ratner, P.C., 80 Eighth

Avenue, 8th Floor, New York, New York 10011, on June 16, 2008, commencing at 10:00 a.m.

Such examination will be conducted before a notary public or other officer authorized to

administer oaths, and will continue from day-to-day until completed.

PLEASE TAKE FURTHER NOTICE that the witness is requested to bring to the deposition for inspection and copying any and all documents related to the Plaintiffs in the above-captioned case.

Dated: May 2, 2008
      New York, New York

By: _____
    Allyson J. Belovin (AB3707)
    Levy Ratner, P.C.
    80 Eighth Avenue, 8th Floor
    New York, New York 10011
    (212) 627-8100
    (212) 627-8182 (fax)

    David B. Rankin (DB0863)
    Attorney At Law
    350 Broadway, Suite 700
    New York, NY 10013
    (212) 226-4507
    (212) 658-9489 (fax)

    Attorneys for Plaintiffs

TO:    Richard M. Howard, Esq.
       Meltzer, Lippe, Goldstein & Breitstone, LLP
       190 Willis Avenue
       Mineola, NY 11501

       Thomas Bianco, Esq.
       Meltzer, Lippe, Goldstein & Breitstone, LLP
       190 Willis Avenue
       Mineola, NY 11501

       Attorneys for Defendants

07 Civ. 8127 (LLS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CESAR A. BARTUREN, JASON BORGES, RAUL
LARA MOLINA, RAYMUNDO LARA MOLINA,
MIGUEL EDUARDO TAVARA, MARCO ANTONIO
CORONA, JUAN CARLOS MOLINA, JULIO CESAR
MORENO    GONZALEZ,    PEDRO    HERNANDEZ
HERNANDEZ, JULIO ANTONIO, JULIO CARBONEL,
EUSEBIO    SANTOS    FERROSQULLO,    LINO
MARTINEZ, JUAN JOSE PENA FARFAN, JOSE
FERNANDEZ,    AND    JORGE    LEGIS    CUYATE,
individually and on behalf of others similarly
situated,

Plaintiffs,

-against-

WILD EDIBLES, INC., 535 THIRD AVENUE LLC
d/b/a/ WILD EDIBLES, RICHARD MARTIN, and
JONATHAN MEYER,

Defendants.

## NOTICE OF DEPOSITION

**LEVY RATNER, P.C.**
*Attorneys for Plaintiffs*
*80 Eighth Avenue, 8th Floor*
*New York, N.Y. 10011-5126*
*(212) 627-8100*

*Due and timely service is hereby admitted.*

*New York, N.Y. ....................................................... , 20. . .*

*.......................................................................... Esq.*

*Attorney for ......................................................*

170-000-00001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

CESAR A. BARTUREN, JASON BORGES, RAUL
LARA MOLINA, RAYMUNDO LARA MOLINA,
MIGUEL EDUARDO TAVARA, MARCO ANTONIO
CORONA, JUAN CARLOS MOLINA, JULIO CESAR
MORENO    GONZALEZ,    PEDRO    HERNANDEZ
HERNANDEZ, JULIO ANTONIO, JULIO CARBONEL,
EUSEBIO    SANTOS    FERROSQULLO,    LINO
MARTINEZ, JUAN JOSE PENA FARFAN, JOSE
FERNANDEZ,    AND    JORGE    LEGIS    CUYATE,
individually and on behalf of others similarly situated,

07 Civ. 8127 (LLS)

**NOTICE OF DEPOSITION**

Plaintiffs,

-against-

WILD EDIBLES, INC., 535 THIRD AVENUE LLC
d/b/a/ WILD EDIBLES, RICHARD MARTIN, and
JONATHAN MEYER,

Defendants.

-----------------------------------------------------------------------X

PLEASE TAKE NOTICE, that pursuant to Rules 26, 28 and 30 of the Federal Rules of

Civil Procedure, Plaintiffs will take the deposition upon oral examination of party witness

Richard Martin.  The deposition will be taken at the offices of Levy Ratner, P.C., 80 Eighth

Avenue, 8th Floor, New York, New York 10011, on June 18, 2008, commencing at 10:00 a.m.

Such examination will be conducted before a notary public or other officer authorized to

administer oaths, and will continue from day-to-day until completed.

{08009855}

PLEASE TAKE FURTHER NOTICE that the witness is requested to bring to the deposition for inspection and copying any and all documents related to the Plaintiffs in the above-captioned case.

Dated: May 2, 2008
      New York, New York

By: _Allyson L. Bel_____

Allyson L. Belovin (AB3707)
Levy Ratner, P.C.
80 Eighth Avenue, 8th Floor
New York, New York 10011
(212) 627-8100
(212) 627-8182 (fax)

David B. Rankin (DB0863)
Attorney At Law
350 Broadway, Suite 700
New York, NY 10013
(212) 226-4507
(212) 658-9489 (fax)

Attorneys for Plaintiffs

TO:    Richard M. Howard, Esq.
      Meltzer, Lippe, Goldstein & Breitstone, LLP
      190 Willis Avenue
      Mineola, NY 11501

      Thomas Bianco, Esq.
      Meltzer, Lippe, Goldstein & Breitstone, LLP
      190 Willis Avenue
      Mineola, NY 11501

      Attorneys for Defendants

07 Civ. 8127 (LLS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CESAR A. BARTUREN, JASON BORGES, RAUL
LARA MOLINA, RAYMUNDO LARA MOLINA,
MIGUEL EDUARDO TAVARA, MARCO ANTONIO
CORONA, JUAN CARLOS MOLINA, JULIO CESAR
MORENO GONZALEZ, PEDRO HERNANDEZ
HERNANDEZ, JULIO ANTONIO, JULIO CARBONEL,
EUSEBIO SANTOS FERROSQULLO, LINO
MARTINEZ, JUAN JOSE PENA FARFAN, JOSE
FERNANDEZ, AND JORGE LEGIS CUYATE,
individually and on behalf of others similarly
situated,

Plaintiffs,

-against-

WILD EDIBLES, INC., 535 THIRD AVENUE LLC
d/b/a/ WILD EDIBLES, RICHARD MARTIN, and
JONATHAN MEYER,

Defendants.

## NOTICE OF DEPOSITION

**LEVY RATNER, P.C.**
*Attorneys for Plaintiffs*
*80 Eighth Avenue, 8th Floor*
*New York, N.Y. 10011-5126*
*(212) 627-8100*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ....................................................... *, 20. . .*

.................................................................................. *Esq.*

*Attorney for* .......................................................................

**EXHIBIT G**

# LEVY RATNER, P.C.

**Attorneys at Law**
**80 Eighth Avenue**
New York, New York 10011-5126

COPY

Richard A. Levy
Daniel J. Ratner
Daniel Engelstein"
Gwynne A. Wilcox*
Pamela Jeffrey
Owen M. Rumelt*
Kevin Finnegan
Carl J. Levine
David Slutsky⁵
Allyson L. Belovin
Suzanne Hepner*

**Telephone (212) 627-8100**
**Telecopier (212) 627-8182**

Ezekiel D. Carder⁵
Dana E. Lossia*
Sara D. Newman*
Susan J. Cameron⁶
Micah Wissinger*

<u>Senior Counsel:</u>
Richard Dorn
Jennifer J. Middleton⁴
Paul Schachter°
Denise Reinhardt*

<u>Counsel:</u>
Anthony DiCaprio
Michael Steven Smith
David P. Horowitz*

June 4, 2008



## <u>BY FACSIMILE AND</u>
## <u>FIRST-CLASS MAIL</u>

Richard M. Howard, Esq.
Meltzer, Lippe, Goldstein & Breitstone,
    LLP
190 Willis Avenue
Mineola, NY 11501

Re:        **Barturen, et al. v. Wild Edibles, Inc., et al., United States District Court,**
           **S.D.N.Y., 07 Civ. 8127 (LLS)**

Dear Rich:

   As you know, this firm represents Plaintiffs in the above-referenced matter. On April 18, 2008 we served on Defendants Wild Edibles, Inc. and 535 Third Avenue LLC d/b/a Wild Edibles a First Request for Production of Documents and a First Set of Interrogatories. While we received objections to certain Interrogatories and Requests on April 24, 2008, some of which were subsequently withdrawn, to date, Defendants have not otherwise responded.

   We expect that by Friday, June 6, 2008, you will provide us with either complete responses to the discovery demands or a date certain, no later than June 16, 2008, on which the responses will be provided. Given the short discovery schedule the parties have agreed to in this matter, your failure to comply with this request will leave us no choice but to seek the assistance of the Court.

   Of course, Defendants' current failure to respond to the discovery demands requires the rescheduling of the depositions noticed for June 9, 12, 16 and 18, 2008. Accordingly, depositions are rescheduled as follows:

|  |  |
|---|---|
| June 24, 2008 | Sidi Quattara |
| June 26, 2008 | Richard Rice |
| July 1, 2008 | Jonathan Meyer |
| July 3, 2008 | Richard Martin |

170-000-00001 13922.doc

° Admitted in NY, MA and DC   * Admitted in NY, NJ and PA   ⁵ Admitted in NY and DC   ⁶ Admitted in NY and NJ   * Admitted in NY and CT

LEVY RATNER, P.C.

Richard M. Howard, Esq.
June 4, 2008
Page 2

If you would like to discuss this matter, please contact me.

Very truly yours,

Allyson L. Belovin

cc:     David B. Rankin, Esq.

**EXHIBIT H**

# LEVY  RATNER, P.C.
**Attorneys at Law**
**80 Eighth Avenue**
**New York, New York  10011-5126**

**Telephone (212) 627-8100**
**Telecopier (212) 627-8182**

Richard A. Levy
Daniel J. Ratner
Daniel Engelstein°
Gwynne A. Wilcox*
Pamela Jeffrey
Owen M. Rumelt*
Kevin Finnegan
Carl J. Levine°
David Slutsky°
Allyson L. Belovin
Suzanne Hepner*

Ezekiel D. Carder°
Dana E. Lossia*
Sara D. Newman*
Susan J. Cameron°
Micah Wissinger*

<u>Senior Counsel:</u>
Richard Dorn
Jennifer J. Middleton*
Paul Schachter□
Denise Reinhardt■

<u>Counsel:</u>
Anthony DiCaprio
Michael Steven Smith
David P. Horowitz†

June 9, 2008



**BY OVERNIGHT MAIL**

Hon. Louis L. Stanton, USDJ
US District Court, SDNY
500 Pearl Street
Room 2250
New York, NY  10007-1312

Re:    **Barturen, et al. v. Wild Edibles, Inc., et al., United States District Court,**
       **S.D.N.Y., 07 Civ. 8127 (LLS)**

Dear Hon. Stanton:

This firm represents Plaintiffs in the above-referenced matter.  I write pursuant to Local Civil Rule 37.2, and Your Honor's individual rules, to request an informal conference to resolve a discovery dispute.

On April 18, 2008, Plaintiffs served a First Set of Interrogatories and a First Request for Production of Documents on Defendants.  Pursuant to Fed. R. Civ. P. 33 and 34, Defendants' responses to those requests were to be served by May 19, 2008.  While Defendants did serve objections to several demands, some of which were subsequently withdrawn, to date, Defendants have not otherwise responded to the Interrogatories or the Request for Production of Documents.

In an effort to resolve this matter, we wrote to Defendants' counsel on June 4, 2008 and requested that by June 6, 2008 Defendants either serve complete responses to the discovery demands or provide a date certain on which such responses will be served.  Additionally, while Plaintiffs had noticed Defendants for depositions on June 9, 12, 16, and 18, 2008, we advised Defendants' counsel that we would postpone those depositions for approximately two (2) weeks in order to give Defendants the opportunity to provide the requisite discovery responses.  As of today, June 9, 2008, Defendants have neither served responses to the Interrogatories or Request for Production of Documents, nor provided Plaintiffs counsel with a date certain on which such responses will be served.

170-000-00001 14055.doc

LEVY RATNER, P.C.

Hon. Louis L. Stanton
June 9, 2008
Page 2

As you know, the parties have agreed to a short discovery schedule in this matter pursuant to which all discovery must be concluded by August 15, 2008. Further delay in the production of discovery responses, and the corresponding delay in conducing depositions, will interfere with the parties' ability to maintain that discovery schedule.

Therefore, we respectfully request that the court order Defendants to respond to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents on or before June 16, 2008 and to appear for depositions on June 24, 26, July 1 and 3. We are available for a conference on this issue, in person or by telephone, at the Court's convenience.

Respectfully,

Allyson L. Belovin

cc:     Richard Howard, Esq., via facsimile

170-000-00001 14055.doc

**EXHIBIT I**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CESAR A. BARTUREN, JASON BORGES, RAUL
LARA MOLINA, RAYMUNDO LARA MOLINA,
MIGUEL EDUARDO TAVARA, MARCO ANTONIO
CORONA, JUAN CARLOS MOLINA, JULIO CESAR          Case No. 07 Civ. 8127 (LLS)
MORENO    GONZALEZ,    PEDRO    HERNANDEZ
HERNANDEZ,  JULIO  ANTONIO  PENA,  JULIO
CARBONEL, EUSEBIO SANTOS FERROSQULLO,
LINO MARTINEZ, JUAN JOSE PENA FARFAN, JOSE
ANTONIO FERNANDEZ TAVARA, and JORGE LUIS
CUYATE CARMONA, on behalf of themselves and all
other employees similarly situated as class and collective
representatives,

                                        Plaintiffs,

        -against-

WILD EDIBLES, INC., 535 THIRD AVENUE LLC d/b/a
WILD EDIBLES, LES POISSONIERS, INC., RICHARD
MARTIN, and JONATHAN MEYER,

                                        Defendants.
-------------------------------------------------------------------X

        IT IS HEREBY ORDERED, that the following is the discovery and motion

schedule for the above-captioned matter:

| Event | Date Completed |
|---|---|
| Defendants Wild Edibles, Inc. and 535 Third Avenue LLC d/b/a Wild Edibles respond to Plaintiffs First set of Interrogatories and Request for Production of Documents. | July 30, 2008 |
| Plaintiffs Deposition of Sidi Quattara | August 26, 2008 |
| Plaintiffs Deposition of Richard Rice | August 28, 2008 |
| Plaintiffs Deposition of Jonathan Meyer | September 2, 2008 |
| Plaintiffs Deposition of Richard Martin | September 4, 2008 |

Page 1 of 2

{08013776}

| | |
|---|---|
| Status and Pre-motion conference re: FRCP 23 class motion. | September 26, 2008 |
| Discovery completed | October 6, 2008 |
| Plaintiffs' Motion for Class Certification pursuant to Fed. R. Civ. P. 23 | November 3, 2008 |
| Defendants' Opposition to Plaintiffs' Motion for Class Certification pursuant to Fed. R. Civ. P. 23 | November 17, 2008 |
| Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Class Certification pursuant to Fed. R. Civ. P. 23 | December 1, 2008 |
| Dispositive Motion conference | December 5, 2008 |
| Dispositive Motions | 30 days after Court's ruling on Plaintiffs' Motion for Class Certification pursuant to Fed. R. Civ. P. 23 |
| Dispositive Motion Oppositions | 45 days after Court's ruling on Plaintiffs' Motion for Class Certification pursuant to Fed. R. Civ. P. 23 |
| Dispositive Motion Replies | 60 days after Court's ruling on Plaintiffs' Motion for Class Certification pursuant to Fed. R. Civ. P. 23 |

Dated: New York, New York
        July _____, 2008

        So Ordered:

        _____
        U.S.D.J.

{08013776}