UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────── X
CESAR A. BARTUREN, et.al.,

                Plaintiffs,

                                                   **Docket No. 07 CV 8127 (LLS)**

       -against-

WILD EDIBLES INC., 535 THIRD AVENUE
LLC, d/b/a WILD EDIBLES, RICHARD
MARTIN, and JONATHAN MEYER,

                Defendants.
──────────────────────────────── X

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

                                                   By: RICHARD M. HOWARD, ESQ.
                                                         Attorneys for the Defendant

LAW OFFICES
**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
THE CHANCERY
190 WILLIS AVENUE, MINEOLA, NY 11501

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**..................................................................i

**PRELIMINARY STATEMENT**..............................................................1

**POINT I**
**DISCOVERY SHOULD BE BRIEFLY STAYED**
**TO PROVIDE TIME FOR THE FILING OF A PETITION**
**FOR RELIEF BY THE DEFENDANT(S) PURSUANT**
**TO THE UNITED STATES BANKRUPTCY CODE**...................................3

**THE INTERROGATORIES IN DISPUTE ARE INAPPROPRIATE**..................5

**THE DOCUMENT REQUESTS IN DISPUTE ARE INAPPROPRIATE**............5

**THE PARTIES AGREE TO THE EXTENSION OF THE DISCOVERY**
**SCHEDULE. DEFENDANTS, HOWEVER, BELIEVE THE EXTENSION**
**SHOULD ONLY COMMENCE AFTER A BRIEF STAY, SHOULD**
**THE ACTION NOT BE STAYED PURSUANT TO**
**11 USC §362 AS OF AUGUST 1, 2008**....................................................6

**CONCLUSION**..................................................................................6

# TABLE OF AUTHORITIES

Page

**Federal Cases**

Farb v. Baldwin Union Free School Dist.,
2007 WL 1300978 (E.D.N.Y. 2007) ............................................................................ 4

Landis v. North Am. Co.,
299 U.S. 248 (1936) ..................................................................................................... 3

M & T Mortg. Corp. v. White,
2007 WL 2908118 (E.D.N.Y. 2007) ............................................................................ 3

Petrus v. Bowen,
833 F.2d 581 (5th Cir.1987) ......................................................................................... 3

Scroggins v. Air Cargo, Inc.,
534 F.2d 1124 (5th Cir.1976) ....................................................................................... 3

Volmar Distributors v. New York Post Co.,
152 F.R.D. 36 (S.D.N.Y.1993) .................................................................................... 4

Will v. Amerada Hess Corp.,
379 F.2d 32 (2nd Cir. 2004) ......................................................................................... 3

**Federal Statutes**

11 USC §362 ............................................................................................................ 4, 8

**Federal Rules**

FRCP 1 .................................................................................................................... 3, 4

FRCP 33 ....................................................................................................................... 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Cesar A. Barturen, Jason Borges,
Raul Lara Molina, Raymundo Lara Molina,
Miguel Eduardo Tabara, Marco Antonio
Corona, Juan Carlos Molina, Julio Cesar
Moreno Gonzalez, Pedro Hernandez
Hernandez, Julio Antonio, Julio Carbonel,
Eusebio Santos Ferrosqullo, Limo
Martinez, Juan Jose Pena Farfan,
Jose Fernandez, and Jorge Legis Cuyate
Carmona on behalf of themselves and all
other employees similarly situated as class
and collective representatives,

     Plaintiffs,

 -against-

Wild Edibles, Inc., 535 Third Avenue
LLC, d/b/a Wild Edibles, Richard Martin,
and Jonathan Meyer,

     Defendants.

07-CV-8127 (LLS)

---

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

### PRELIMINARY STATEMENT

The Federal Rules of Civil Procedure are construed to "secure the just, speedy and inexpensive determination of every action." FRCP 1. The Defendants have sought to comply therewith by avoiding the additional time and expense that the discovery sought by the Plaintiffs will incur for all concerned. As recognized by Plaintiffs' counsel in the Subject Motion, Defendants' counsel has advised that if an amicable resolution is not reached, the corporate Defendants will be petitioning for relief pursuant to Chapter 11 of

the United States Bankruptcy Code. It is anticipated that the filing will occur by the end of this month. As previously stated by Defendants' counsel, but for the efforts of Daniel Gross (the person described by Plaintiffs' counsel as the "Union Representative") to seek an amicable resolution (which efforts I understand have proven unsuccessful) the petition would have already been filed.

Consequently, Defendants have sought to avoid burdening all concerned with unnecessary motion and discovery practice.[1] Defendants, however, recognizing the need for Plaintiffs' counsel to proceed, after the conference before the Court, provided substantial payroll records for all employees to obviate motion practice as to whether records of non-parties should be produced. Rather than continue to waste time and money, it is respectfully submitted that more sense would be made by a stay of proceedings until July 31st, by which time either the petition(s) would be filed and the automatic stay of 11 USC §362 would be in effect or the case would proceed without delay.

Absent such an interim stay, Defendants do maintain objections to certain of the Plaintiffs' discovery requests as set forth in detail below. In sum, Defendants assert that certain requests have been mooted by the aforesaid payroll record production, pre-trial discovery is not a time for a judgment debtor examination and the requests exceed the bounds of either the Local Rules or the Federal Rules of Civil Procedure.

Defendants therefore respectfully request that Plaintiffs' motion be denied to the extent that the proposed discovery schedule submitted by Plaintiffs' counsel be largely

---

[1] In addition, counsel never reached final resolution of the discovery disputes and therefore, Defendants did not respond to Plaintiffs' requests prior to the conference before the Court.

438111-1                                    2

accepted, but adjusted for a brief stay to avoid unnecessarily burdening counsel or the Court and certain discovery requests be stricken.

## POINT I

## DISCOVERY SHOULD BE BRIEFLY STAYED TO PROVIDE TIME FOR THE FILING OF A PETITION FOR RELIEF BY THE DEFENDANT(S) PURSUANT TO THE UNITED STATES BANKRUPTCY CODE

It is well settled that a Court has the power to issue a discretionary stay to control its docket, *M & T Mortg. Corp. v. White* 2007 WL 2908118, 3 (E.D.N.Y.,2007), "The Federal Rules of Civil Procedure afford the court wide latitude in controlling discovery, *see, e.g., Will v. Amerada Hess Corp.*, 379 F.2d 32, 41 (2nd Cir.2004), guided by the admonition that the rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1."

As stated in *Petrus v. Bowen* 833 F.2d 581, 583 (5th Cir.1987):

> A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.[FN7] Nothing that Petrus could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion. We hold that the district court properly deferred discovery while deciding whether the defendants were proper parties to the action.
> FN7. *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir.1976).

Similarly, in the case at bar, further discovery will have no effect upon the Defendants' filing of a petition for relief in the United States Bankruptcy Court, which petition will automatically stay the Subject Action. Continued discovery, however, will only serve to increase the expense for all concerned without any concomitant benefit.

438111-1                                    3

Typically, a Court controls the progress of an action (to assure said just, speedy and inexpensive resolution) via a discovery schedule. *Farb v. Baldwin Union Free School Dist.* 2007 WL 1300978, 1 (E.D.N.Y. 2007). Consequently, a Court must be able to stay such a schedule, to achieve the same result. In deciding the appropriateness of such a stay, courts are typically guided by certain specific factors, including the interests of the parties, the courts, non-parties and the public at large. As stated in *Kappel v. Comfort* 914 F.Supp. 1056, 1058 (S.D.N.Y.,1996):

> When deciding whether to grant a stay like the one sought here, which courts may issue pursuant to their inherent power to regulate their dockets, courts consider five factors, summarized as follows by Judge Conner:
>
> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. [citation of cases omitted]
>
> Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice. *Volmar Distributors v. New York Post Co.,* 152 F.R.D. 36, 39 (S.D.N.Y.1993).

In the case at bar, the requested stay is remarkably brief, a matter of weeks. The parties' interests are well served by same. While Plaintiffs wish to prosecute their action expeditiously, surely they do not wish to waste the time of all concerned. Similarly, the Court need not be burdened unnecessarily and it is respectfully submitted that this action has no bearing upon any non-parties or the public at large.[2] Consequently, considering the relevant factors, all point in favor of the brief stay requested and none point against said stay.

---

[2] The attempt to gain recognition of a labor union through the purported leverage provided by this action has already proven ineffectual.

438111-1                                        4

## THE INTERROGATORIES IN DISPUTE ARE INAPPROPRIATE

Interrogatory 3 has been answered by the documents already produced, in accordance with FRCP 33 (d).

Interrogatory 5 seeks the identification of employees of the Defendants involved in work inspection, recruitment, hiring, orientation, etc. None of these functions bear any impact upon the case at bar. This interrogatory should be limited to employees whose functions involve determining payments by the corporate defendants.

Interrogatory 19 seeks a job description of any identified individual. Local Rule 33.3 (a) does not permit same.

## THE DOCUMENT REQUESTS IN DISPUTE ARE INAPPROPRIATE

Request 3 seeks all financial records concerning all Defendants. This includes an individual Defendant. No judgment has been secured against any Defendant to justify such an examination of their assets. Plaintiffs assert that they have been paid in cash in addition to the checks they received. They do not need the Defendants's records to prove they have been paid more than the Defendants' records (i.e., their paycheck stubs) reflect. As the records are not needed and not calculated to lead to admissible evidence (Plaintiffs conclude the records will prove the cash payments, but give no indication of how this might transpire. None of Defendants' records will indicate "cash payment to employee.") there is no basis for permitting a judgment debtor examination at this juncture.

Request 15 seeks documents evidencing business relationships between any of the Defendants. Regardless of whether any such documents might exist, they are of no relevance. Plaintiffs assert it may reveal a delegation of decision making authority, then the request should be limited accordingly. If Plaintiffs seek to know the identity of the

Defendants' decision makers concerning payments and payment practices, the request should ask for same.

### THE PARTIES AGREE TO THE EXTENSION OF THE DISCOVERY SCHEDULE. DEFENDANTS, HOWEVER, BELIEVE THE EXTENSION SHOULD ONLY COMMENCE AFTER A BRIEF STAY, SHOULD THE ACTION NOT BE STAYED PURSUANT TO 11 USC §362 AS OF AUGUST 1, 2008

As previously stated, Defendants believe the interests of justice are best served by a brief stay of the Subject Action, followed by, if necessary (which is believed to be remarkably unlikely), a reset discovery schedule along the lines suggested by Plaintiffs' counsel. Should there be no stay, Defendants do not object to the schedule suggested by Plaintiffs' counsel, although August 15th would probably be a more realistic date for the production of responses to Plaintiffs' interrogatories and document requests.

### CONCLUSION

WHEREFORE, it is respectfully requested that Plaintiff's motion to compel be granted to the extent that if by August 1, 2008, this action has not been stayed or resolved, then discovery responses shall be provided in a timely manner pursuant to a schedule to be approved by the Court and that the Defendants be awarded such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
       July 10, 2008

                                MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

                                By: _____
                                   RICHARD M. HOWARD (RMH-2932)
                                   Attorneys for Defendants
                                   190 Willis Avenue
                                   Mineola, New York 11501
                                   (516) 747-0300

To: Allyson Belovin, Esq.
    Susan Cameron, Esq.
    David Ratner, Esq.
    Thomas J. Bianco, Esq.

438111-1      7