UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CESAR A. BARTUREN, JASON BORGES, RAUL LARA MOLINA, RAYMUNDO LARA MOLINA, MIGUEL EDUARDO TAVARA, MARCO ANTONIO CORONA, JUAN CARLOS MOLINA, JULIO CESAR MORENO GONZALEZ, PEDRO HERNANDEZ HERNANDEZ, JULIO ANTONIO PENA, JULIO CARBONEL, EUSEBIO SANTOS FERROSQULLO, LINO MARTINEZ, JUAN JOSE PENA FARFAN, JOSE ANTONIO FERNANDEZ TAVARA, and JORGE LUIS CUYATE CARMONA on behalf of themselves and all other employees similarly situated as class and collective representatives,

Case No. 07 Civ. 8127 (LLS)

       Plaintiffs,

-against-

WILD EDIBLES, INC., 535 THIRD AVENUE LLC, d/b/a WILD EDIBLES, LES POISSONIERS, INC., RICHARD MARTIN, and JONATHAN MEYER,

       Defendants.
------------------------------------------------------------------X

## PLAINTIFFS' MEMORANDUM IN REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO COMPEL A DISCOVERY RESPONSE

       Levy Ratner, P.C.
       80 Eighth Avenue Floor 8
       New York, NY 10011-5126
       (212) 627-8100
       (212) 627-8182 (fax)

On the Brief:
 Allyson L. Belovin
 Susan J. Cameron

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION ................................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

    POINT I. THE COURT SHOULD NOT STAY THIS PROCEEDING ................................. 2

        A.    Both the interests of the Plaintiffs in proceeding expeditiously with the litigation and the prejudice to the Plaintiffs if it is delayed, favor denying Defendants' request to stay the proceeding. ........................................ 3

        B.    The burden to Defendants is minimal. ................................................................. 4

    POINT II. PLAINTIFFS' INTERROGATORIES AND REQUESTS
                FOR PRODUCTION ARE PROPER ................................................................. 5

        A.    Plaintiffs' interrogatories are appropriate. ........................................................... 5

        B.    Plaintiffs' requests for production are appropriate. ............................................. 6

CONCLUSION ........................................................................................................................ 7

# TABLE OF AUTHORITIES

## FEDERAL CASES

Am. Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc.,
   CV-05-5155, 2007 U.S. Dist. LEXIS 15160 (E.D.N.Y. February 28, 2007)..............2, 3, 4

Kappel v. Comfort,
   914 F. Supp. 1056 (S.D.N.Y. 1996)..................................................................................3, 4

## FEDERAL STATUTES

11 U.S.C. § 362..................................................................................................................1, 4

29 C.F.R. 516...........................................................................................................................4

Fed. R. Civ. P. 26(b)................................................................................................................7

Fed. R. Civ. P. 34(b)(2)(B).......................................................................................................5

Fed. R. Civ. P. 33(b)(3)............................................................................................................5

## STATE STATUTES

N.Y. Lab. Law § 195(4)...........................................................................................................4

N.Y. Labor Law § 198.............................................................................................................3

16826.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CESAR A. BARTUREN, JASON BORGES, RAUL LARA MOLINA, RAYMUNDO LARA MOLINA, MIGUEL EDUARDO TAVARA, MARCO ANTONIO CORONA, JUAN CARLOS MOLINA, JULIO CESAR MORENO GONZALEZ, PEDRO HERNANDEZ HERNANDEZ, JULIO ANTONIO PENA, JULIO CARBONEL, EUSEBIO SANTOS FERROSQULLO, LINO MARTINEZ, JUAN JOSE PENA FARFAN, JOSE ANTONIO FERNANDEZ TAVARA, and JORGE LUIS CUYATE CARMONA on behalf of themselves and all other employees similarly situated as class and collective representatives,

Case No. 07 Civ. 8127 (LLS)

Plaintiffs,

-against-

WILD EDIBLES, INC., 535 THIRD AVENUE LLC, d/b/a WILD EDIBLES, LES POISSONIERS, INC., RICHARD MARTIN, and JONATHAN MEYER,

Defendants.
----------------------------------------------------------------X

## PLAINTIFFS' MEMORANDUM IN REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO COMPEL A DISCOVERY RESPONSE

### INTRODUCTION

Plaintiffs submit this Memorandum of Law in support of their Motion to Compel a Discovery Response ("Motion to Compel") and in reply to Defendants' opposition to that motion. Notably, Defendants do not deny that they have failed to produce the required discovery responses, and with few exceptions, do not deny that they are obligated to respond to Plaintiffs' discovery demands. Rather, Defendants attempt to avoid their obligation by seeking to stay the proceeding. They claim that as the corporate Defendants are poised to file for bankruptcy and would soon enjoy the protection of the automatic stay pursuant to 11 U.S.C. § 362, they should

1

be excused from litigating this case now. Defendants would have the Court adopt the incongruous argument that it should further delay the proceeding -- which has already been delayed by Defendants' dilatory tactics -- in the interest of "prompt, inexpensive resolution" of the matter. This argument must be rejected as there is nothing prompt or inexpensive about delay added onto delay.

As there is no valid basis for which to grant Defendants the stay they seek or otherwise excuse Defendants from responding to Plaintiffs' discovery demands, and the Plaintiffs' Interrogatories and Requests for Production are appropriate, Plaintiffs' Motion to Compel should be granted in its entirety.

## ARGUMENT

### POINT I.
### THE COURT SHOULD NOT STAY THIS PROCEEDING

Defendants have presented no valid basis on which the Court should grant their requested stay of the proceeding. Defendants mischaracterize their request as one for a "brief stay" (Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Compel ("Defendants' Opposition"), p. 6), and in doing so ask the Court to ignore the months of delay their unresponsiveness and dilatory tactics have already caused. Defendants bear the burden of establishing that their need for the requested stay of the proceeding is justified. See Am. Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc., CV-05-5155, 2007 U.S. Dist. LEXIS 15160, at *15 (E.D.N.Y. Feb. 28, 2007). Here, they simply have not done that. Therefore, the Court should not stay proceeding.

A. **Both the interests of the Plaintiffs in proceeding expeditiously with the litigation and the prejudice to the Plaintiffs if it is delayed, favor denying Defendants' request to stay the proceeding.**

Any further delay in this proceeding seriously prejudices Plaintiffs. One of the factors the court weighs in deciding whether to grant a stay is "the private interest of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed[.]" Kappel v. Comfort, 914 F.Supp. 1056, 1058 (S.D.N.Y. 1996). Moreover, "[c]ourts are generally reluctant to stay proceedings out of concern for a plaintiff's right to proceed with its case." Payton Lane Nursing Home, Inc., 2007 U.S. Dist. LEXIS at *16. Where, as here, a movant requests a stay based on the resolution of another proceeding, yet fails to show that the alternative action is actually proceeding, the court will deny the request to stay. See Id. (Stay denied where movant could not show that alternative dispute resolution was currently proceeding.)

In this case, granting Defendants' stay will certainly prejudice Plaintiffs. Already the statute of limitations under N.Y. Labor Law § 198 (2008) entitles Plaintiffs to information going back six (6) years from the date of filing. It is human nature for memories to fade with time. For that reason, there is a great interest in preserving fresh evidence, which further delay only makes more difficult. Plaintiffs request information in Interrogatories and will seek information through depositions, that require Defendants to draw on memory -- memories that fade over time. The bankruptcy proceeding will likely last many months, if not longer, which only increases the likelihood that precious information the Plaintiffs need will be lost. If in fact Defendants do file for bankruptcy, it is in the best interest of all parties to complete as much

discovery as possible prior to the imposition of the automatic stay. Any further delay prejudices Plaintiffs' ability to access the necessary information in order to make their claims.

Therefore, Defendants' stay should not be granted.

B.     **The burden to Defendants is minimal.**

Another factor the courts consider in determining whether to grant a stay of the proceeding is "the private interest of and the burden on the defendants[.]" Kappel, 914 F.Supp. at 1058. In this case, this factor also favors denying Defendants their requested stay.

Defendants do not bear any additional burden by being compelled to produce discovery responses now. Seemingly in an attempt to mislead the Court, Defendants suggest that their filing for bankruptcy and seeking the protections of the automatic stay pursuant to the bankruptcy code's automatic stay, 11 U.S.C. § 362, relieves Defendants of their obligation to answer to the claims brought by Plaintiff. Quite simply, the automatic stay is a *stay, not a dismissal.* Eventually, Defendants will have to produce the requested information and documents, whether it is adjudicated in the bankruptcy court or this Court after the automatic stay has been lifted or now. Moreover, pursuant to state and federal wage and hour law, Defendants are required to maintain many of the documents requested by Plaintiffs. See 29 C.F.R. 516 et seq.; N.Y. Lab. Law § 195(4). Therefore, since bankruptcy only postpones, rather than relieves Defendants of their obligation, the burden on Defendants is minimal. Therefore, Defendants' requested stay should not be granted.

The other factors the court considers in determining whether to grant a requested stay are "the interest of the courts; [] the interest of persons not parties to the civil litigation; and [] the public interest." Kappel, 914 F.Supp. at 1058. These factors do not favor Defendants' request

4

for a stay. Therefore, since the requested stay would cause prejudice to the Plaintiffs and would not substantially burden the Defendants, Defendants have not satisfied their burden of establishing the need for a stay of this action. As such, their stay should not be granted.

### POINT II.
### PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION ARE PROPER

A.  **Plaintiffs' interrogatories are appropriate.**

Plaintiffs' Interrogatories are proper and Defendants should be compelled to respond to them completely.

Defendants claim to have answered Plaintiffs' Interrogatory 3 through the production of documents, pursuant to Fed. R. Civ. P. 33(d).[1] Defendants' response is deficient for two reasons. First, Interrogatory 3 requests documents from September 17, 2001 to the present and Defendants produced documents spanning the period from approximately 2005 to 2007. Second, Fed. R. Civ. P. 33(b)(3) obligates Defendants to answer each interrogatory individually and under oath. Defendants did not answer Interrogatory 3 individually by reference to documents or otherwise.[2] Therefore, Defendants should be compelled to provide a complete response to Plaintiffs' Interrogatory 3.

---

[1] Interrogatory 3 demanded that Defendants "[i]dentify all persons (including supervisors) whom Defendant Wild Edibles, Inc. employed at any time from September 17, 2001 to the present, and the job title(s) and dates of employment of each person so identified." See Memorandum of Law in Support of Plaintiffs' Motion to Compel a Discovery Response ("Plaintiffs' Moving Papers"), Exh. A.

[2] Fed. R. Civ. P. 34(b)(2)(B) also requires Defendants to respond to each document request individually. To the extent that Defendants did provide documents, they failed to respond to each request individually.

Defendants claim that Interrogatory 5 is improper because issues regarding "work inspection, hiring and orientation...bear [no] impact upon the case at bar" (Defendants' Opposition, p. 5) is unfounded.[3] These issues are central to many of the Plaintiffs' retaliation claims. For instance, the Employer's orientation with regard to its policies and procedures, as well as information conveyed during work inspection activities may indicate whether Employees have been disciplined in retaliation for bringing this action or for violation of the Defendants' policies. As such, Defendants should be compelled to respond to Plaintiffs' Interrogatory 5 in its entirety.

**B.     Plaintiffs' requests for production are appropriate.**

Like the Interrogatories, Plaintiffs' Requests for Production are proper and Defendants should be compelled to respond to them completely.

Defendants protest Plaintiffs' Request for Production 3 because they assert that Plaintiffs do not need them, since they will not reflect what Plaintiffs claim they may reflect.[4] Defendants' assessment of whether Plaintiffs need the document is not a basis for which to deny production. Moreover, without assigning any nefarious motives to Defendants, Plaintiffs simply cannot

---

[3] Interrogatory 5 demanded that Defendants "[s]tate the name, address, job title and brief job description of each and every person having decision-making functions of any kind concerning recruitment, hiring, orientation, assignment, supervision, overseeing or inspection of work, scheduling of work and/or payment of wages for you during the period from September 17, 2001 to the present." See Plaintiffs' Moving Papers, Exh. A.

[4] Request for Production 3 demanded that Defendants produce "[a]ll documents, including but not limited to general ledgers, cash receipts and cash disbursements, journals, balance sheets, cash flow statements, income statements, financial statements, income tax returns (including quarterly returns), franchise tax returns, bank statements or any other documents that concern or discuss defendants income or financial condition from September 17, 2001." See Plaintiffs' Moving Papers, Exh. B.

accept their bald assertion that the documents will not indicate "cash payment to employee." Defendants' Opposition, p. 5. Rather, Defendants must produce the documents for Plaintiffs to inspect and decide whether they are necessary to make their claims. That is the course contemplated in Fed. R. Civ. P. 26(b)'s broad definition of relevant for the purposes of discovery -- that it merely "appears reasonably calculated to lead to the discovery of admissive evidence." Clearly, the requested information meets that standard. As such, Defendants should be compelled to respond in full to Plaintiffs' Request for Production 3.

Defendants' objection to Plaintiffs' Request for Production 15 does not relieve them from producing documents pursuant to that Request.[5] By Defendants' own admission, they are obligated to provide documents that "reveal a delegation of decision making authority" (Defendants' Opposition, p. 5), and accordingly, they should produce same. While Plaintiffs maintain, as asserted in their moving papers, that Defendants should be compelled to respond to Request for Production 15 in its entirety, at the very least, they should be compelled to produce documents which "reveal a delegation of decision making authority."

## CONCLUSION

For the reasons set forth above, and in Plaintiffs' Moving Papers, Plaintiffs respectfully request that this Court issue an Order:

---

[5] Request for Production 15 demanded that Defendants produce "[a]ll documents that set out the terms and conditions of the business relationship between or among any of the defendants. Please produce all versions of such agreement(s) under which you have operated at any time since September 17, 2001." See Plaintiffs' Moving Papers, Exh. B.

1. Compelling Defendant Wild Edibles, Inc. to respond fully to Plaintiffs' First Interrogatories Nos. 1, 2, 3, 5, 6, 7, 9, 14, 16, 17, 19, 20, 21, 22, 23, and 25;

2. Compelling Defendant Wild Edibles, Inc. to respond fully to Plaintiffs' First Request for Production;

3. Compelling Defendant 535 Third Avenue LLC, d/b/a Wild Edibles to respond fully to Plaintiffs' First Interrogatories Nos. 1, 2, 3, 5, 6, 7, 9, 14, 16, 17, 19, 20, 21, 22, 23, and 25;

4. Compelling Defendant 535 Third Avenue LLC, d/b/a Wild Edibles to respond fully to Plaintiffs' First Request for Production;

5. Granting an award of costs and fees incurred by Plaintiffs in resolving this discovery dispute;

6. Ordering the attached proposed revised discovery and motion schedule; and

7. Granting such further relief as this Court decrees just and necessary.

Dated: July 16, 2008
New York, New York

By: /s/ Allyson L. Belovin (AB3702)
Levy Ratner, P.C.
80 Eighth Avenue Floor 8
New York, New York 10011
(212) 627-8100
(212) 627-8182 (fax)
abelovin@lrbpc.com

David B. Rankin (DB0863)
Attorney At Law
350 Broadway, Suite 700
New York, NY 10013
(212) 226-4507
(212) 658-9489 (fax)
david@dbrankinlaw.com

Attorneys for Plaintiffs